

JUDGE COTE

OCT 2 5 2004

U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| JEFFREY S. VAUGHN, individually and on behalf of those Class Members similarly situated, | : UNITED STATES DISTRICT COURT<br>: SOUTHERN DISTRICT OF NEW YORK<br>: |
| Plaintiffs, | : CIVIL CASE NO. **04 CV 08391**<br>: COMPLAINT |
| vs. | : |
| | : |
| LEEDS, MORELLI & BROWN, P.C., LEEDS, MORELLI & BROWN, L.L.P., LEEDS & MORELLI, LEEDS, MORELLI & BROWN, PRUDENTIAL SECURITIES, INC., Successor PRUDENTIAL FINANCIAL, INC., WACHOVIA CORPORATION, WACHOVIA SECURITIES, LLC, LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN, and JOHN DOES, JAMES VAGNINI, FREDERIC DAVID OSTROVE, ROBERT JOHN VALLI, JR., DISCRIMINATION ON WALL STREET, INC. and DISCRIMINATION ON WALL STREET MANHATTAN, INC.. AND JOHN DOES, ESQS, 1-10 and JANE DOES, ESQS., 1-10 a fictitious designation for presently unknown licensed attorneys, professionals and/or unknown persons or entities, | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |
| Defendants. | : |

Plaintiff, Jeffrey S. Vaughn, individually and on behalf of those Class Members similarly situated, as and for their Complaint against the Defendants, allege and state as follows:

## PARTIES

1. Plaintiff, Jeffrey S. Vaughn, (hereinafter "Vaughn"), is an individual residing at 475 Carlton Avenue, Apartment 5H, Brooklyn, New York 11328.  Mr. Vaughn brings these claims

individually and on behalf of all Class Members.

2.  At all relevant times, Defendant, Prudential Securities Incorporated (hereinafter "PSI"), was a corporation with offices at One Seaport Plaza, New York, New York 10292. Prudential Financial Inc. is the successor in interest to PSI. Prudential Financial Inc. has an executive office address of 751 Broad Street, Newark, New Jersey. Prudential Financial Inc. merged with Defendant, Wachovia Corporation, a/k/a Wachovia Securities, LLC, in 2003.

3.  At all relevant times, Defendant, Leeds, Morelli & Brown, P.C., Leeds, Morelli & Brown, L.L.P., Leeds & Morelli, and Leeds, Morelli & Brown, (hereinafter collectively "Leeds-Morelli"), was either a professional corporation, a partnership, L.L.C. or other entity practicing law in the State of New York with its principal place of business at One Old Country Road, Suite 282, Carle Place, Nassau County, New York.

4.  At all relevant times, Defendant, Lenard Leeds (hereinafter "Leeds"), was a lawyer licensed to practice law in the State of New York and a partner of Leeds-Morelli.

5.  At all relevant times, Defendant, Steven A. Morelli (hereinafter "Morelli"), was a lawyer licensed to practice law in the State of New York and a partner of Leeds-Morelli.

6.  At all relevant times, Defendant, Jeffrey K. Brown (hereinafter "Brown"), was a lawyer licensed to practice law in the State of New York and a partner of Leeds-Morelli.

7.  At all relevant times, Defendant, James Vagnini (hereinafter "Vagnini"), was a lawyer licensed to practice law in the State of New York and a partner or employee of Leeds-Morelli.

8.  At all relevant times, Defendant, Frederic David Ostrove (hereinafter "Ostrove"), was a lawyer licensed to practice law in the State of New Jersey and a partner or employee of Leeds-Morelli.

2

9. At all relevant times, Defendant, Robert John Valli, Jr. (hereinafter "Valli"), was a lawyer licensed to practice law in the State of New Jersey and a partner or employee of Leeds-Morelli. Leeds-Morelli, Valli, Ostrove, Vagnini, Leeds, Morelli and Brown are hereafter collectively referred to as "the Lawyer Defendants".

10. At all relevant times, Defendants Discrimination on Wall Street, Inc. and Discrimination on Wall Street, Manhattan, Inc., held itself out as a charitable, non-profit institution dedicated to eradicating racial bias in employment in the financial district. Instead, this institution was a business corporation which was the alter ego of the Leeds-Morelli Defendants and functioned solely to solicit business for Leeds-Morelli. These two Defendants are hereinafter collectively referred to as D.O.W.S.. D.O.W.S has an address of One Old Country Road, Carle Place, New York.

11. At all times hereinafter mentioned John Does, Esqs. 1-10 and Jane Does, Esqs. 1-10 (hereinafter collectively referred to as "Does" ), are attorneys, professionals, corporations, and/or unknown persons or entities who are associated with Defendants or conspired with Defendants and/or whose identity and/or tortious acts have not been identified or revealed.

## A. OVERVIEW

12. This action involved the Lawyer Defendants, the former lawyers for the Plaintiff and other Class Members, conspiring and entering into a secret agreement or agreements with PSI. The content of this secret agreement or agreements is not known. The parties known that there is at least one such agreement dated February 13, 1998. The parties also know that this or another agreement provided for the cap on certain client's claims and provided for the payment of fees by PSI directly to Leeds-Morelli without disclosure to Plaintiff or other Class Members. Plaintiff first learned of the existence of this agreement within the last two months.

3

13.  While, upon information and belief, PSI paid monies to Leeds-Morelli pursuant to agreements in exchange for consideration such as the capping of claims and preventing Plaintiffs from suing in court, PSI entered into this agreement in such a manner that it knew it would be shielded from Plaintiffs and would cause Leeds-Morelli to engage in unethical conflicts of interest which would benefit PSI and be to the detriment of Leeds-Morelli's clients.

14.≾  Upon information and belief, Defendants, without Plaintiff's and the Class Members' knowledge, agreed to cap certain claims under their agreement with PSI and refused to press Plaintiff's and the other Class Member's claims until it received payment from PSI, which payments were concealed from Plaintiff and the other Class Members.

15.  In addition to failing to disclose that they were compensated by a third party for representing Vaughn and the other Class Members, Leeds-Morelli charged Vaughn a full one-third contingency fee.  In addition to charging this contingency fee, Leeds-Morelli deducted one percent of Plaintiff and the other subclass members net recovery for payment to D.O.W.S., which was categorized as a "donation".

JURISDICTION

16. This Court has federal question jurisdiction over Counts Nine and Ten of this Complaint pursuant to 28 U.S.C. §1331 and pendant and supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. §1367 and applicable law.

VENUE

17. Venue is proper in this district under 28 U.S.C. §1391(a) because: (a) a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred here, and/or (b) the Defendants are subject to personal jurisdiction within this district.

4

18.  Venue is also proper in this district under 28 U.S.C. §1391(b) because: (a) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here, and/or (b) one or more of the Defendants may be found within this district, as defined.

## FACTS COMMON TO ALL COUNTS

19.  Vaughn and the other Class Members retained the law firm of Leeds-Morelli on or about 1998 to assert their claims for racial harassment against PSI.

20.  Vaughn and the other Class Members resolved their claims against PSI in accordance with the advice rendered to them by Leeds-Morelli.

21.  Vaughn and the other Class Members had one-third of their recovery deducted as attorney's fees in accordance with their contingency fee with Leeds-Morelli.

22.  At no time did Leeds-Morelli advise Plaintiff and the other Class Members in writing or otherwise that they had any conflict of interest or that they entered into a contract with PSI which Plaintiff and the other Class Members had never seen and the nature and existence of which was concealed from Plaintiff and the other Class Members.  Upon information and belief, Leeds-Morelli was required to disclose the nature and existence of this contract to Plaintiff and the other Class Members and obtain their consent to the conflict of interest in writing in accordance with New York's Code of Professional Responsibility.

23.  Upon information and belief, this contract and other dealings between Leeds-Morelli and PSI constituted an irreconcilable conflict of interest, constituted an illegal aggregate settlement, provided compensation to Leeds-Morelli for representing the Plaintiff and the other Class Members which was not disclosed to Plaintiff and the other Class Members, allowed PSI to interfere with the independent professional judgement of Leeds-Morelli in exchange for compensation, and was the

5

result of Leeds-Morelli engaging in deceit and collusion with the intent to deceive the Plaintiff and the other Class Members within the meaning of New Jersey Judiciary Law §487, Misconduct by Attorneys.

24.  Plaintiff brings this case on his own behalf and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a plaintiff class consisting of all persons who were represented by Leeds-Morelli with claims against PSI and whose rights were affected by undisclosed agreements between Leeds-Morelli and PSI, including the agreement dated February 13, 1998 ? by the Defendants.  It is further divided into a subclass of those individuals who donated money D.O.W.S.

25.  Members of the Class are so numerous that joinder of all members is impracticable. The Class exceeds 500 persons.  The exact number of member in the Class and in the Subclass is not known to Plaintiff but can be ascertained from the record of the Defendants.

26.  Plaintiff's claims are typical of the claims of the Class and the Subclass.  Plaintiff and all Class Members and Subclass Members sustained damages as a result of Defendants' wrongful conduct complained of herein.  Plaintiff and all Class Members are entitled to return of the improper and illegal payment made to the Lawyer Defendants by PSI.

27.  Plaintiff will fairly and adequately protect the interest of the Class Members and have retained counsel competent to prosecute this class litigation.  Plaintiff has no interests that are adverse or antagonistic to those of the Class.

28.  A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy.  At the center of this action is agreements between Leeds-Morelli and PSI, which were not disclosed to the Plaintiff and the Class Members which, upon information

and belief, provide for payment to the Lawyer Defendants without their clients' knowledge and was designated to interfere with the Lawyer Defendants' fiduciary duties to the Class Members to secretly arrange an aggregate settlement of the claims.

29. The agreement between the Defendants and the conspiracy it furthered were in violation of law and the ethical rules governing attorneys. In addition to engaging in secret agreements with the company their clients had retained them to sue and compromising their loyalty in such agreements, Leeds-Morelli also charged the clients lawyer's fees for representation in which they were also, upon information and belief, compensated directly by PSI. The Subclass' claims, regarding donations to a supposed charitable organization called D.O.W.S., is also best brought as a class action for the same reason.

30. Common questions of law and fact exist as to all Class Members, and they predominate over any questions affecting solely individual Members of the Class. Among the questions of law and fact common to the Class are:

A) Whether the Lawyer Defendants' agreement to enter into the Agreements, which provide for payment to the Lawyer Defendants from PSI, and subsequent agreements, are a breach of the Lawyer Defendants' fiduciary duty to the Plaintiff and Class Members;

B) Whether PSI and Leeds-Morelli in February of 1998 and other dates entered into an illegal and unethical aggregate settlement agreement which was concealed from all members of the Class by which they agreed to settle all of the Class Members' claims against PSI for an amount certain;

C) Whether the Lawyer Defendants breached their contract with the Plaintiff and Class Members by entering into the aforesaid agreement with PSI;

D) Whether PSI conspired with, bribed, and aided and abetted Leeds-Morelli and the Lawyer Defendants in breaching the contract with Plaintiff and the other Class Members;

7

E) Whether the conduct of PSI in conspiring with, bribing, aiding and abetting, and causing Leeds-Morelli to breach their contract with Plaintiff and the other Class Members constituted tortious interference;

F) Whether the Lawyer Defendants' agreement to accept undisclosed payments from PSI was a breach of the Lawyer Defendants' implied obligation and covenant of good faith and fair dealing owed to Plaintiff and the Class Members;

G) Whether the Lawyer Defendants' agreement to accept payment directly from PSI and to cap Plaintiff's and other Class Members' claims constituted negligence by the Lawyer Defendants and deviation by the Lawyer Defendants from the standard of care owed to Plaintiff and the Class Members;

H) Whether PSI conspired to cause the Lawyer Defendants to be negligent and deviate from the standard of care the Lawyer Defendants owed to Plaintiff and the Class Members;

I) Whether the Lawyer Defendants' agreement to accept payments from PSI, entering into a secret aggregate settlement agreement, and subsequent agreements violate provisions of the New York Code of Professional Responsibility and constitute negligent and illegal conduct per se by the Lawyer Defendants requiring the return of all fees paid to them;

J) Whether the Lawyer Defendants failed, as required by the New York Code of Professional Responsibility, to disclose in writing to the Plaintiffs and the Class Members the numerous conflicts of interest generated by their agreements with PSI and to obtain their written consent to same;

K) Whether PSI caused or conspired to cause the Lawyer Defendants to breach their professional and ethical duties to the Plaintiff and Class Members;

L) Whether the contracts that PSI and the Lawyer Defendants entered into in violation of the New York Code of Professional Responsibility are illegal, void ab initio, and unenforceable;

M) Whether the conflicts of interest created by the terms of the agreements entered into between the Lawyer Defendants and PSI caused the Lawyer Defendants to be placed in an irreconcilable conflict of interest which prevented the Lawyer Defendants from ethically representing the Plaintiff and Class Members in accordance with their professional duties;

N) Whether the Lawyer Defendants have been unjustly enriched by their receipt of payments/fees in exchange for unethical and illegal conduct;

O) Whether the Plaintiff and the Class Members are entitled to the disgorgement of the payments to the Lawyer Defendants of their fees, and upon information and belief, the payment from PSI for the same services;

P) Whether the Lawyer Defendants acted unethically when they had clients donate a percentage of their recovery to D.O.W.S., which they represented was a charitable organization, but was, in fact, simply an entity devoted to soliciting clients for Leeds-Morelli;

Q) Whether the Plaintiff and other sub Class Members are entitled to an accounting of all funds paid to D.O.W.S.; the return of and information regarding the use to which those funds were put;

R) Whether the conduct of the Lawyer Defendants and PSI constituted racketeering activity within the meaning of 18 U.S.C. §1962.

S) Whether the Plaintiff and other Class Members are entitled to three-fold damages pursuant to 18 U.S.C. §1964(c) as a result of Defendants' racketeering activities;

T) Whether the Plaintiff and other Class Members are entitled to an accounting of all fees and/or payments to Leeds-Morelli by PSI;

U) Whether the Plaintiff and other Class Members are entitled to disclosure of all of the terms of all aggregate settlement agreements entered into by Leeds-Morelli and PSI;

31. Plaintiff envisions no difficulty in the management of the litigation in this Class Action.

32. Leeds-Morelli holds itself out to be a champion of those who have experienced discrimination in employment. Leeds-Morelli describes itself in its website as follows:

> Our Firm is considered to be one of the *foremost authorities in the area of Employment Law, particularly in the area of Civil Rights and Discrimination Law.* We take pride in servicing our clients by vigorously representing their interests, and striving to maintain the highest standards of integrity and professionalism.

> While offering general services, Leeds, Morelli & Brown focuses on the areas of Employment and Civil Rights Law. We represent our clients in litigation and before administrative and/or regulatory agencies in matters involving employment discrimination, wrongful discharge, or violations of other federal, state or local laws. *The Firm has enjoyed precedent setting verdicts, with national implications, in the area of employment discrimination and has earned us a reputation as a leader in the*

9

*field.*

(Emphasis added).

33. Leeds-Morelli claims that not only does it seek recovery on behalf of its clients, but it claims to have an objective to change the way minorities are treated in the workforce. Leeds-Morelli repeatedly refers to their relationship with and support of Bill and Hilary Clinton as evidence of this supposed commitment to civil rights. Leeds-Morelli posts information regarding Senator Clinton on its website and refers to her in numerous newsletters. In actuality, Leeds-Morelli's commitment is to sell its fiduciary duty of loyalty to represent its clients to the corporations it is retained to sue.

34. Leeds-Morelli has created a system for the processing of employment discrimination claims against corporate America as follows:

a. Solicitation - Leeds-Morelli pays runners to recruit African-American and other minority employees of large, public corporations who have suffered workplace discrimination or retaliation and to induce the employees to employ the Leeds-Morelli firm to pursue their employment discrimination claims. Leeds-Morelli has used the D.O.W.S. front to employ such runners.

b. Retainer - Leeds-Morelli then holds meetings with prospective clients all over the country where the lawyers and the recruiters tout the credentials of the firm in obtaining large recoveries for employment discrimination claims like those of the prospective clients. Prospective clients are then signed up to retainer agreements whereby the clients engage Leeds-Morelli to represent them with respect to the employment claims and promise to pay one-third (1/3) of the recoveries to the firm for legal fees.

c. Agreement between Leeds-Morelli and Corporation - After acquiring a sufficiently large enough client inventory, Leeds-Morelli approaches the corporation with a proposition that for the

corporation to pay Leeds-Morelli a large sum of money up front to represent the clients in a secret and confidential settlement process, in order to buy secrecy for the corporate employer and limit the corporate employers' financial exposure for its illegal discrimination.

d.  Settlement Process - The three-step alternate dispute resolution process involves an informal meeting between the client and a representative of the corporate employer to seek to settle the claim early in the process; followed by a mediation also seeking to settle the claim; and then, failing settlement, a binding mediation. The clients waive their rights to trial by jury. Meanwhile, the corporate employer with the assistance of Leeds-Morelli is able to keep its pattern of pervasive illegal discriminatory conduct and dirty linen hidden from public view, while controlling its costs of resolving the claims. Typically, if not always, claims are settled and never reach the "binding mediation" stage.

e.  Aggregate Settlement - During or at the outset of the settlement process, Leeds-Morelli and the corporation typically enter into an illegal aggregate settlement to resolve all of the remaining claims for a lump sum, without full disclosure to the clients. The clients are then deceived that their claims are being pursued when in fact the claims have already been resolved or the recovery is capped, and the lawyers have no economic incentive to press the clients' claims.

35.  Leeds-Morelli and the corporations conceal from the clients the prepayment of fees, their unethical conflicts of interest, the aggregate nature of the settlements, and other important elements of the agreements between them. The clients enter into the three-step alternative dispute resolution process unaware that their employers have bought off their lawyers, and unaware that their lawyers had entered into agreements whereby the lawyers' duties to the corporations surmounted the duties the lawyers owed to the clients. By design, no claimant ever gets his or her day in court, or even in

11

"binding mediation". The clients are instead browbeaten into accepting inadequate settlements because the process, Leeds-Morelli, and the companies have taken away any viable alternatives to accepting what the companies offer. Aside from Prudential Securities, Leeds-Morelli has entered into this pattern of abuse of clients in settlements with Prudential Insurance, Nextel Corporation, Bank of New York, Chase Bank, Aetna Insurance Company, J.P. Morgan, Citigroup, Bear Stearns, Penguin Putnam and many others.

36. Leeds-Morelli has been subject to suit as a result of these corrupt activities in the State of Colorado in a class action suit captioned <u>Foster v. Leeds, Morelli & Brown</u>, and in the State of New Jersey in a suit captioned <u>Ficklin v. Penguin</u>, ESX-L-3765-03, and other suits currently under seal in the State of New Jersey. The Lawyer Defendants' conduct constitutes a pattern of racketeering activity.

37. At no time did Leeds-Morelli advise Vaughn or the other Class Members that they had any conflict of interest or that they had entered into a February 13, 1998 contract with PSI which Vaughn and the other Class Members had never seen and the nature and existence of which were concealed from them.

38. Upon information and belief, this February 13, 1998 contract and other dealings between Leeds-Morelli and PSI constituted an irreconcilable conflict of interests, constituted an illegal aggregate settlement, provided compensation to Leeds-Morelli for representing the Plaintiff and other Class Members which was not disclosed to them, and was the result of the Leeds-Morelli engaging in deceit and collusion with the intent to deceive the Plaintiff and the other Class Members with the meaning of New York Judiciary Law §487, Misconduct by Attorneys.

39. Upon information and belief, Defendants, without Plaintiff's and other Class Members'

12

knowledge, agreed to cap certain claims under their agreement with PSI and refused to press Plaintiff's and other Class Members' claims unless they received payments from PSI, which agreement and refusal Plaintiff and Class Members had no knowledge of and which were concealed from them. Upon information and belief, the Defendants negligently and inadvertently agreed to the caps of Plaintiff's and other Class Members' claims.

40. Leeds-Morelli encouraged Plaintiff and other sub Class Members to pay to D.O.W.S. and often took a percentage of any recovery Plaintiff and other sub Class Members received as a "donation" to D.O.W.S. Plaintiff Vaughn "donated" one percent of his recovery.

41. Leeds-Morelli represented that D.O.W.S. was a charitable organization – in fact, D.O.W.S. was simply the method by which Leeds-Morelli employed runners to solicit business on its behalf. Leeds-Morelli promised these runners a percentage of the recovery in any lawsuit by clients they solicited and employed them under the D.O.W.S. framework.

42. Upon information and belief, Leeds-Morelli and D.O.W.S. are one and the same. Leeds-Morelli failed to comply with the regulations concerning charitable institutions and failed to keep separate bank accounts and records for D.O.W.S.

### FIRST COUNT - FRAUD

1. Plaintiff and the other Class Members repeat, reiterate and reallege Paragraphs 1 through 42 of the Complaint as though the same were set forth at length herein.

2. On various dates, Leeds-Morelli and the Lawyer Defendants made misrepresentations of material facts to Plaintiff and the other Class Members, such as that they were an advocate for Plaintiff's and other Class Members' interests, that they had an adversarial relationship with PSI, and that their loyalty was to the Plaintiff and other Class Members and not to their adversary, PSI.

13

3.    Leeds Morelli and the Lawyer Defendants made misrepresentations of material fact to the sub class including inter alia that (a) DOWS was a charitable not-for profit organization.

4. Leeds-Morelli and the Lawyer Defendants failed to disclose factual information that they were required to disclose to Plaintiff and other Class Members, including inter alia: (a) that they had entered into an agreement with PSI; (b) that the agreement provided for payments to Leeds-Morelli directly by PSI that were not to be disclosed to Plaintiff and other Class Members; (c) that the agreement provided for a cap on Plaintiff's and other Class Members' claims; (d) that they had an irreconcilable conflict of interest that needed to be disclosed to Plaintiff and other Class Members in writing pursuant to ethics rules; and (e) that they had engaged in an aggregate settlement, which created conflicts of interest between Plaintiff and other clients with Leeds-Morelli; (f) D.O.W.S. was not a genuine charity but rather a business solicitation entity for Leeds-Morelli.

5. Upon information and belief, PSI, John and Jane Does (1-10) conspired with and caused Leeds-Morelli to commit fraud, to make false representations to Plaintiff and other Class Members, and to conceal from Plaintiff and other Class Members information which Leeds-Morelli was required to disclose to Plaintiff and other Class Members.

6. Defendants concealed from Plaintiff and other Class Members the nature, extent and existence of the secret agreements between Leeds-Morelli and PSI and concealed this agreement with Leeds-Morelli and Brown from Plaintiff and other Class Members.

7. At the time these misrepresentations, deceit and concealment occurred, Defendants knew the misrepresentations were false and that the failure to disclose the information required to be disclosed was done for the purposes of deceiving Plaintiff and other Class Members.

8. When the misrepresentations and the concealment occurred, Plaintiff and other Class

14

Members did not know the true facts, believed the representations to be true, and justifiably relied upon the representations of Leeds-Morelli.

9. Plaintiff and other Class Members suffered harm and damages as a result of Defendants' fraud and participation in the conspiracy to defraud Plaintiff and other Class Members. The conduct of Defendants was malicious and/or in wanton and willful disregard of the Plaintiff's and other Class Members' rights. Defendants knew or should have known that their actions would harm Plaintiff and other Class Members and were recklessly indifferent to the consequences of their action to Plaintiff and other Class Members.

WHEREFORE, Plaintiff and other Class Members demand judgment against Defendants jointly, severally, and in the alternative, for:

a.      Compensatory damages;

b.      Disgorgement of all fees received by Leeds-Morelli from their representation of Plaintiff and other Class Members;

c.      Reasonable attorney's fees, filing fees and costs of suit;

d.      Interest;

e.      An accounting of all funds paid to D.O.W.S. and all funds expended by D.O.W.S.

f.      Punitive damages; and/or

g.      Any further relief which the Court may deem just, proper, and/or equitable.

<u>SECOND COUNT - BREACH OF FIDUCIARY DUTY</u>

1. Plaintiff and the other Class Members repeat, reiterate and reallege each and every Paragraph of Count One of the Complaint as if fully set forth herein.

2. There was an attorney-client relationship between Plaintiff and other Class Members and

15

Leeds-Morelli. A fiduciary relationship such as the attorney-client relationship is one of special trust and confidence. The law requires that all dealings between an attorney and client be characterized by the utmost good faith, candor and honesty. An attorney must affirmatively disclose to his client all material facts bearing on the client's case, as well as the legal consequences flowing from the facts.

3. Leeds-Morelli had a duty do disclose to Plaintiff and the other Class Members the agreement between PSI and Leeds-Morelli. Instead, Leeds-Morelli concealed these agreements from the Plaintiff and other Class Members.

4. Leeds-Morelli engaged in unknown dealings with PSI by which they received compensation from PSI, and, in fact, engaged in dealings which constituted conflicts of interest with Leeds-Morelli and with their clients, the Plaintiff and other Class Members, and committed numerous, gross violations of the New York Code of Professional Responsibility.

5. Leeds-Morelli breached their fiduciary duties to Plaintiff and other Class Members, and PSI and Does, by active participation conspired to cause Leeds-Morelli to breach their professional and fiduciaries duties to Plaintiff and other Class Members, which was done for the benefit of PSI and Leeds-Morelli, for which they are all jointly and severally liable.

6. Plaintiff and other Class Members s suffered harm and damages as a result of Defendants' breaches of fiduciary duties and participation in the conspiracy to defraud Plaintiff and other Class Members. The conduct of Defendants was malicious and/or in wanton and willful disregard of Plaintiff's and other Class Members' rights. Defendants knew or should have known that their actions would harm Plaintiff and the other Class Members and were recklessly indifferent to the consequences of their actions to Plaintiff and the other Class Members.

16

WHEREFORE, Plaintiff and the other Class Members and sub class members demand judgment against Defendants jointly, severally, and in the alternative, for:

a.      Compensatory damages;

b.      Disgorgement of all fees received by Leeds-Morelli from their representation of Plaintiff and other Class Members;

c.   ⸿   Reasonable attorney's fees, filing fees and costs of suit;

d.      Interest;

e.      Punitive damages; and/or

f.      Any further relief which the Court may deem just, proper, and/or equitable.

### THIRD COUNT - ATTORNEY MISCONDUCT

1. Plaintiff and the other Class Members repeat, reiterate and reallege each and every Paragraph of the Counts One and Two of the Complaint as though the same were set forth at length herein.

2. Upon information and belief, Leeds-Morelli solicited, accepted, and agreed to accept benefits and payment from Plaintiff and other Class Members for knowingly violating and agreeing to violate their duty of fidelity to Plaintiff and the other Class Members their lawyer.

3. Upon information and belief, PSI and Does conferred, offered and agreed to confer upon Leeds-Morelli benefits, payments, and promises of future benefits as consideration for Leeds-Morelli knowingly violating and agreeing to violate their duty of fidelity as attorneys for Plaintiff and other Class Members.

4. The benefits provided to Leeds-Morelli by Does were accompanied with an intent by Does to influence the actions of Leeds-Morelli who were Plaintiff's and other Class Members' agent and

fiduciary. These acts invaded the Plaintiff's and other Class Members' rights to undivided loyalty from Leeds-Morelli.

5. Does and Leeds-Morelli engaged in deceit and collusion, and consented to deceit and collusion, with the intent to deceive the Plaintiff and other Class Members.

6. The conduct of Defendants constituted attorney misconduct within the meaning of New York Judiciary Law, §487 and/or commercial bribery and commercial bribe receiving in violation of New York Penal Law §180.03 and §180.08.

WHEREFORE, Plaintiff and the other Class Members demand judgment against Defendants, jointly, severally, and in the alternative, for:

a.    Treble damages;

b.    Disgorgement of all benefits improperly paid to or conferred upon Leeds-Morelli by PSI and return of all fees charged to Plaintiff and the other Class Members;

c.    Reasonable attorney's fees, filing fees and costs of suit;

d.    Interest;

e.    Punitive damages; and/or

f.    Any further relief which the Court may deem just, proper, and/or equitable.

### FOURTH COUNT - TORTIOUS INTERFERENCE

1. Plaintiff and the other Class Members repeat, reiterate and reallege each and every Paragraph of Counts One, Two, and Three of the Complaint as though the same were set forth at length herein.

2. Leeds-Morelli had an attorney-client relationship with Plaintiff and the other Class Members. Upon information and belief, PSI and Does maliciously and illegally and intentionally

interfered with Plaintiff's and the other Class Members' relationship with their attorney, wrongfully and without justification or excuse.

3.  Plaintiff and the other Class Members suffered harm and damages as a result of the tortious interference. The conduct of PSI and John and Jane Does (1-10) was malicious and/or in wanton and willful disregard of the Plaintiff's and the other Class Members' rights and was far below the conduct of those similarly situated. Such Defendants knew or should have known that their actions would harm Plaintiffs and the other Class Members and were recklessly indifferent to the consequences of their action to Plaintiff and the other Class Members.

WHEREFORE, Plaintiff and the other Class Members demand judgment against such Defendants, jointly, severally, and in the alternative, for:

a.      Compensatory damages;

b.      Reasonable attorney's fees, filing fees and costs of suit;

c.      Interest;

d.      Disgorgement of all payments to Leeds-Morelli by PSI;

e.      Punitive damages; and/or

f.      Any further relief which the Court may deem just, proper, and/or equitable.

## FIFTH COUNT - BREACH IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1.  Plaintiff and the other Class Members repeat, reiterate and reallege each and every Paragraph of Counts One, Two, Three and Four of the Complaint as though the same were set forth at length herein.

2. Defendants have breached the implied covenant of good faith and fair dealing which is implied and inherent in the contract and/or agreement to which they entered with Plaintiff and other

Class Members.

3. Plaintiff and other Class Members have incurred significant financial hardship and loss as a result of Defendants' breach of the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff and other Class Members demand judgment against Defendants, jointly, severally, and in the alternative, for:

a.   Compensatory, consequential punitive damages;

b.   Attorney's fees and costs of suit;

c.   Disgorgement of all monies paid to Leeds-Morelli paid by PSI; and/or

d.   Any further relief which the Court may deem just, proper, and/or equitable.

## SIXTH COUNT - BREACH OF CONTRACT

1. Plaintiff and the other Class Members repeat, reiterate and reallege each and every Paragraph of Counts One, Two, Three, Four and Five of the Complaint as though the same were set forth at length herein.

2. Leeds-Morelli breached their contract with Plaintiff and the other Class Members by among other things, agreeing with PSI, without proper consultation and consent of Plaintiff or the other Class Members.

3. Defendants PSI and John and Jane Does (1-10) conspired with Leeds-Morelli and caused Leeds-Morelli to breach their contracts with Plaintiff and the other Class Members, for which they are jointly and severally liable.

4. Plaintiff and the other Class Members suffered harm and damages as a result of the breach of contract and the participation in the conspiracy to breach the contract. The conduct of Defendants was malicious and/or in wanton and willful disregard of the Plaintiff's and the other Class Members'

rights. Defendants knew or should have known that their actions would harm Plaintiff and the other Class Members and were recklessly indifferent to the consequences of their actions to Plaintiff and the other Class Members.

WHEREFORE, Plaintiff and the other Class Members demand judgment against Defendants, jointly, severally, and in the alternative, for:

a.   Compensatory damages;

b.   Disgorgement of all fees received by Leeds-Morelli from their representation of Plaintiff and the other Class Members;

c.   Reasonable attorney's fees, filing fees and costs of suit;

d.   Interest;

e.   Punitive damages; and/or

f.   Any further relief which the Court may deem just, proper, and/or equitable.

### SEVENTH COUNT - NEGLIGENCE/LEGAL MALPRACTICE

1.  Plaintiff and the other Class Members repeat, reiterate and reallege each and every Paragraph of the First, Second, Third, Fourth, Fifth and Sixth Counts of the Complaint as though the same were set forth at length herein.

2.  Leeds-Morelli had an attorney-client relationship with Plaintiff and the other Class Members. Thus, Leeds-Morelli had the duty to exercise the knowledge, skill and ability possessed and employed by members of the legal profession similarly situated in connection with the discharge of its responsibilities to Plaintiff and the other Class Members and to utilize reasonable care and prudence in connection with those responsibilities.

3.  Leeds-Morelli breached their duties to Plaintiff and other Class Members to utilize

reasonable care and prudence in their representation of Plaintiff and other Class Members, which negligence was a direct and proximate cause of damages suffered by Plaintiff and other Class Members. Leeds-Morelli neglected and mismanaged Plaintiff's and other Class Members' cases.

4. Defendants PSI and John and Jane Does (1-10) conspired with, colluded with, and caused the Lawyer Defendants to commit legal malpractice in the representation of Plaintiff and other Class Members, for which they are jointly and severally liable.

5. Plaintiff and other Class Members suffered harm and damages as a result of Defendants' negligence, legal malpractice, and participation in the conspiracy to breach the Lawyer Defendants' fiduciary duties to Plaintiff and other Class Members. The conduct of Defendants was malicious and/or in wanton and willful disregard of the Plaintiff's and other Class Members' rights. Defendants knew or should have known that their actions would harm Plaintiffs and were recklessly indifferent to the consequences of their actions to Plaintiff and other Class Members.

WHEREFORE, Plaintiff and the other Class Members demand judgment against Defendants, jointly, severally, and in the alternative, for:

a.    Compensatory damages;

b.    Disgorgement of all fees received by Leeds-Morelli from their representation of Plaintiff and other Class Members;

c.    Reasonable attorney's fees, filing fees and costs of suit;

d.    Interest;

e.    Punitive damages; and/or

f.    Any further relief which the Court may deem just, proper, and/or equitable.

EIGHTH COUNT - CIVIL CONSPIRACY

22

1.  Plaintiff and the other Class Members repeat, reiterate and reallege each and every Paragraph of the First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts of the Complaint as though the same were set forth at length herein.

2.  All Defendants have been participants at various times in the civil conspiracy against the Plaintiff and other Class Members.

3.  All Defendants shared a common and lawful purpose of compromising the fidelity of Plaintiff's and other Class Member's attorneys for the benefits of PSI and Leeds-Morelli.

4.  Plaintiff and other Class Members have been and continue to be damaged as a result of said conspiracy.

WHEREFORE, Plaintiff and the other Class Members demand judgment against Defendants, jointly, severally, and in the alternative, for:

a.      Treble damages;

b.      Disgorgement of all benefits improperly paid to or conferred upon Leeds-Morelli by PSI and return of all fees charged to Plaintiff and the other Class Members;

c.      Reasonable attorney's fees, filing fees and costs of suit;

d.      Interest;

e.      Punitive damages; and/or

f.      Any further relief which the Court may deem just, proper, and/or equitable.

### NINTH COUNT - FEDERAL RICO

1.  Plaintiff and the other Class Members repeat each and every prior allegation of this Complaint as if fully set forth herein.

2.  Plaintiff and the other Class Members are persons, within the meaning of 18 U.S.C.

23

§1961(3), and each has a claim as set forth in this Count pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 et seq.

3. Defendants are also persons, within the meaning of 18 U.S.C. §1961.

4. PSI and Leeds-Morelli constitute an enterprise comprised of an association in fact which is engaged in activities which affect interstate or foreign commerce, within the meaning of 18 U.S.C. §1961(4).

5. Alternatively, PSI is an enterprise which is engaged in activities which affect interstate or foreign commerce within the meaning of 18 U.S.C. §1961(4).

6. Alternatively, the Defendants collectively constitute an enterprise comprised of an association in fact, which is engaged in activities which affect interstate or foreign commerce, within the meaning of 18 U.S.C. §1961(4).

7. During the relevant times, Defendants conducted the affairs of said enterprise through a pattern of racketeering activity as described below, all within the meaning of 18 U.S.C. §1962.

8. Said racketeering activity was in furtherance of and related to Defendants' schemes to defraud the Plaintiff and other Class Members, the clients of Leeds-Morelli.

9. These racketeering activities were committed beginning no later than February 13, 1998 when the Defendants executed the agreement and continue through the present, as Defendants continue to conceal.

10. These racketeering activities constitute the following criminal acts:

(a) those acts described above;

(b) multiple instances of mail fraud in violation of 18 U.S.C. §1341, including the mailing of letters between and among the Defendants in furtherance of the conspiracy (including the letters

24

attached hereto as Exhibits) and the component fraud including without limitation the deduction of contingency fees and (b) multiple instances of wire fraud in violation of 18 U.S.C. §1343, including the use of interstate telephone lines to communicate regarding the agreements with PSI and Leeds-Morelli in furtherance of the conspiracy;

(c) further instances of mail and wire fraud in connection with the removal and concealment of the agreement settlement, for the purpose of frustrating Plaintiff from receiving appropriate representation.

(d) Upon information and belief, a pattern of racketeering activity involving commercial bribing and commercial bribe receiving in violation of New York Penal Law §180.03 and §180.08 in that PSI conferred benefits upon Leeds-Morelli without the consent of its client and principal with the intent to influence their conduct and relationship to their clients' affairs and breach of their fiduciary duty to their client and that Leeds-Morelli and its attorney, without the consent of their client, received a benefit from PSI upon an agreement or understanding that such a benefit would influence Leeds-Morelli's conduct in representing their client and the benefit concerned exceeded $1,000.00 and caused economic harm exceeding $250.00.

11. In addition to the use of the mails, there were also numerous telephone calls between Defendants in furtherance of the racketeering activities.

12. The predicate acts referred to above were related, in that they shared the common purpose, result and victims with regard to the scheme to deprive the Class Members of effective counsel, including Plaintiff, to recover on their claims against PSI.

WHEREFORE, Plaintiff and other Class Members demand judgment against Defendants, jointly and severally, for the following relief:

(a) damages;

(b) threefold damages pursuant to 18 U.S.C. § 1964(c);

(c) reasonable attorney's fees and costs of investigation and litigation pursuant to 18 U.S.C. §1964(c);

(d) prejudgment interest;

(e) imposition of a constructive trust and appointment of a receiver; and

(f) such further relief as the Court deems equitable, appropriate and just.

### TENTH COUNT – FEDERAL RICO VIOLATION - RICO CONSPIRACY

1. Plaintiff and the Class Members repeat each and every prior allegation of this Complaint as if fully set forth herein.

2. Defendants are persons, within the meaning of 18 U.S.C. §1961(3).

3. Defendants conspired to violate 18 U.S.C. §1962, as set forth in the prior Count, and each acted in furtherance of that conspiracy by undertaking the acts as set forth above.

4. Plaintiff and other Class Members were harmed in their business and property by the acts taken in furtherance of the conspiracy, as have been deprived of the funds do them, and have incurred legal fees and costs as aforesaid.

WHEREFORE, Plaintiff and other Class Members demand judgment against Defendants, jointly and severally, for the following relief:

(a) damages;

(b) threefold damages pursuant to 18 U.S.C. § 1964(c);

(c) reasonable attorney's fees and costs of investigation and litigation pursuant to 18 U.S.C. §1964(c);

(d) prejudgment interest;

(e) imposition of a constructive trust and appointment of a receiver; and

(f) such further relief as the Court deems equitable, appropriate and just.

<u>JURY DEMAND</u>

Plaintiff and the other Class Members hereby demand a trial by jury on all issues so triable.

Law Office of Costantino Fragale

Dated: October 23, 2004

Costantino Fragale (CF9480)
Attorney for Plaintiffs
575 White Plains Road
Eastchester, New York 10709
(914) 337-4001

27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CIVIL CASE NO.

---

JEFFREY S. VAUGHN, individually and on :
behalf of those Class Members similarly :
situated, :
: :
      Plaintiffs, :
: :
vs.         . :
: :
: :
LEEDS, MORELLI & BROWN, P.C., :
LEEDS, MORELLI & BROWN, L.L.P., :
LEEDS & MORELLI, LEEDS, MORELLI & :
BROWN, PRUDENTIAL SECURITIES, :
INC., Successor PRUDENTIAL :
FINANCIAL, INC., WACHOVIA :
CORPORATION, WACHOVIA :
SECURITIES, LLC, LENARD LEEDS, :
STEVEN A. MORELLI, JEFFREY K. :
BROWN, and JOHN DOES, JAMES :
VAGNINI, FREDERIC DAVID OSTROVE, :
ROBERT JOHN VALLI, JR., :
DISCRIMINATION ON WALL STREET, :
INC. and DISCRIMINATION ON WALL :
STREET MANHATTAN, INC.. AND JOHN :
DOES, ESQS, 1-10 and JANE DOES, :
ESQS., 1-10 a fictitious designation for :
presently unknown licensed attorneys, :
professionals and/or unknown persons or :
entities, :

      Defendants.

---

# COMPLAINT

LAW OFFICE OF COSTANTINO FRAGALE
Costantino Fragale (CF9480)
ATTORNEY FOR PLAINTIFFS
575 White Plains Road
Eastchester, New York 10709
(914) 337-4001