UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY S. VAUGHN, individually and on behalf of those Class Members similarly situated,<br><br>                      Plaintiff,<br><br>                      v.<br><br>LEEDS, MORELLI & BROWN, P.C., LEEDS, MORELLI & BROWN, L.L.P., LEEDS & MORELLI, LEEDS, MORELLI & BROWN, PRUDENTIAL SECURITIES, INC., PRUDENTIAL FINANCIAL, INC., LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN, JAMES VAGNINI, FREDERIC DAVID OSTROVE, ROBERT JOHN VALLI, JR., DISCRIMINATION ON WALL STREET, INC., DISCRIMINATION ON WALL STREET, MANHATTAN, INC., JOHN DOES, 1-10 AND JANE DOES, 1-10 a fictitious designation for presently unknown licensed attorneys, professionals and/or unknown persons or entities,<br><br>                      Defendants. | 04 Civ. 8391 (DC)<br><br>**AFFIRMATION OF<br>GERARD E. HARPER** |

        GERARD E. HARPER, an attorney duly admitted to practice law in the state of New York, affirms the following under the penalties of perjury:

        1.      I am a member of the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for Defendants Prudential Securities Inc. and Prudential Financial, Inc. ("Prudential"). I submit this affirmation in further support of Prudential's Memorandum of Law in Support of Defendants Prudential Securities Inc. and Prudential Financial, Inc.'s Motion To Compel Arbitration and To Dismiss the Amended Complaint.

Exhibit A

11/18/2004  17:43   19738024900            EMPLYMENT AND LABOR                PAGE  08/11

OCT 26 1998 14:43 FR PSI LAW DEPT.      212 214 1010 TO 915167475024    P.02/17

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Made and entered into this ____ day of October 1998, by and between Jeffrey Vaughn and Prudential Securities Incorporated ("PSI").

WHEREAS, Vaughn has alleged certain claims arising out of Vaughn's employment with PSI and separation therefrom; and

WHEREAS, PSI denies all such claims; and

WHEREAS, PSI and Vaughn have agreed to amicably resolve any and all such claims;

NOW, THEREFORE, in full and complete settlement of such claims and in consideration of the mutual promises and covenants set forth herein, Vaughn and PSI agree as follows:

1. <u>Separation From Employment.</u> Vaughn's last day of employment at PSI shall be October 23, 1998.

2. <u>Payment by PSI.</u> Upon the expiration of seven (7) days following Vaughn's execution of this Settlement Agreement and General Release (the "Agreement"), PSI shall pay to Vaughn, in a single lump-sum payment, the total agreed-upon amount of Two Hundred Thousand Dollars and No Cents ($200,000.00), as payment in full for all alleged personal injury or other non-wage claims, including, but not limited to, any claims for emotional distress and general, special and consequential damages. The parties acknowledge and agree that PSI shall file a form 1099-misc reflecting the above payment.

3. <u>Medical Benefits.</u> PSI agrees to continue Vaughn's health plan coverage through October 31, 1998. Thereafter, Vaughn will be eligible to continue the plan coverage pursuant to the terms of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). If Vaughn elects to continue health plan coverage pursuant to COBRA, PSI will pay Vaughn's COBRA premiums through and including April 30, 1999, or until Vaughn obtains other employment or is eligible for other group health plan coverage, whichever comes first. Thereafter, Vaughn will be responsible for the payment of any COBRA premiums through the remainder of Vaughn's eligibility.

4. <u>Release by Vaughn.</u> In consideration for PSI's commitment to the various arrangements described in the preceding paragraphs, and in lieu of any other benefits, as a full and final settlement, Vaughn hereby releases and discharges PSI, its parent, divisions, subsidiaries and affiliates and their current and former directors, officers, shareholders, agents and employees, and each of their predecessors, successors, and assigns (hereinafter "the Company"), from any and all claims and causes of action (except for the benefits specifically set forth in this Agreement) arising out of or related to Vaughn's employment or separation from employment, including, but not limited to, any claims for salary, bonuses, severance pay, vacation pay or any benefits under the Employee Retirement Income Security Act (except for vested benefits which are not affected by this Agreement), sexual harassment, or discrimination based on race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship status, pregnancy, medical condition or disability (as defined by the Americans with Disabilities Act, or any other state or local law), age, or any other unlawful discrimination (under the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act of 1990, Title VII of the Civil Rights Act, as amended, or any other federal, state, or local laws), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, retaliation, whistleblower rights, violation of public policy or wrongful or constructive discharge, and for attorneys' fees, that Vaughn, his heirs, executors, administrators, successors, and assigns now have, ever had or may hereafter have, whether known or unknown, suspected

11/18/2004  17:43   19738024900              EMPLYMENT AND LABOR                    PAGE  09/11
OCT 26 1998 14:43 FR PSI LAW DEPT.         212 214 1010 TO 915167475024          P.03/11

**Vaughn Settlement Agreement**
**October 1998**
**Page 2**

or unsuspected, up to and including the date of this Agreement. Vaughn further agrees, promises and covenants that, to the maximum extent permitted by law, neither he, nor any person, organization, or other entity acting on his behalf has or will file, charge, claim, sue, or cause or permit to be filed, charged or claimed, any action for damages or other relief (including injunctive, declaratory, monetary relief or other) against the Company involving any matter occurring in the past up to the date of this Agreement, or involving or based upon any claims, demands, causes of action, obligations, damages or liabilities which are the subject of this Agreement (other than an action to enforce the terms herein).

5. **No Admission of Liability.** Neither this Agreement, nor anything contained herein shall be construed as an admission by the Company that it has in any respect violated or abridged any Federal, State, or local law or any right or obligation that it may owe or may have owed to Vaughn. No final findings or final judgments have been made and Vaughn does not purport and will not claim to be a prevailing party, to any degree or extent, nor will this Agreement or its terms be admissible in any proceeding other than in a proceeding for breach of the terms contained herein.

6. **Cooperation by Vaughn.** Vaughn agrees to cooperate with and make himself readily available to PSI or its General Counsel, as PSI may reasonably request, to assist it in any matter, including giving truthful testimony in any litigation or potential litigation, over which Vaughn may have knowledge, information or expertise.

7. **Confidential and Proprietary Information of PSI.** Vaughn understands and agrees that all books, records, documents and information, whether written or not, pertaining to PSI's business activities, are the confidential and proprietary property of PSI (hereinafter referred to as "trade secrets and confidential and proprietary information"). Vaughn warrants, covenants, and agrees that he will not disclose any of PSI's trade secrets and confidential and proprietary information to any person or entity not employed, owned by, or otherwise affiliated with PSI. Vaughn further agrees that he shall not be entitled to copies, in any form, of such trade secrets and confidential and proprietary information and that he shall immediately return to PSI any copies of such information currently in his possession.

8. **Reemployment or Reinstatement.** Vaughn agrees not to apply for employment or reemployment with PSI, and that PSI has no obligation, contractual or otherwise, to rehire, reemploy or recall him in the future.

9. **Nondisparagement.** Vaughn represents that he has not and agrees that he will not in any way disparage PSI, its current and former officers, directors and employees, or the Company, or make or solicit any comments, statements, or the like to the media or to others that may be considered to be derogatory or detrimental to the good name or business reputation of any of the aforementioned parties or entities.

10. **Testimony Required by Law or Regulatory Authority.** Vaughn further agrees that he will not at any time discuss any matter concerning PSI with anyone adverse or potentially adverse to PSI on any matter including employment claims or customer claims, without the prior written consent of Counsel for PSI. Nothing contained herein, however, shall preclude Vaughn from discussing any matter concerning PSI with any governmental regulatory or self-regulatory agency. Further, if required by a governmental regulatory agency or self-regulatory agency to provide testimony or information regarding the PSI, Vaughn will cooperate with said regulatory agency. If compelled to testify by a validly served subpoena in any legal proceeding or by regulatory authority, Vaughn will testify truthfully as to all matters concerning his employment at PSI.

11. **Confidentiality of Agreement.** Vaughn agrees not to disclose or cause to be disclosed, either directly or indirectly, to any person or organization, except to his legal and

NOV 18 2004 17:49                                       19738024900              PAGE.09

11/18/2004  17:43    19738024900              EMPLYMENT AND LABOR                 PAGE  10/11
OCT 26 1998 14:44 FR PSI LAW DEPT.       212 214 1010 TO 915167475024      P.04/17

Vaughn Settlement Agreement
October 1998
Page 3

financial advisor(s), or as required by law, or governmental regulatory or self-regulatory authority, any information regarding the amount of, terms of, or facts or circumstances underlying this Agreement.

12. **Indemnification.** Vaughn expressly warrants and represents to PSI that he will indemnify PSI against, and hold PSI harmless from, the tax consequences, if any, of PSI's not withholding taxes from, or reporting to the Internal Revenue Service as income, the aforementioned payment, including, but in no way limited to, any and all taxes, interest, and/or penalties incurred in connection therewith.

13. **Entire Agreement and Severability.** The parties hereto agree that this Agreement may not be modified, altered or changed except by a written agreement signed by the parties hereto. The parties acknowledge that this constitutes the entire agreement between them superseding all prior written and oral agreements. If any provision of this Agreement is held to be invalid, the remaining provisions shall remain in full force and effect.

14. **Arbitration.** Any claim or controversy arising out of or related to this Agreement or the interpretation thereof will be settled by arbitration under the then prevailing constitution and rules of the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. Judgment based upon the decision of the arbitrators may be entered in any court having jurisdiction thereof. The governing law of this Agreement shall be the substantive and procedural law of the State of New York.

15. **Breach of Agreement.** Should Vaughn violate any provision of this Agreement, the Company may apply for appropriate relief. In any proceeding to enforce the terms of this Agreement, the Agreement may be introduced under seal in order to maintain its confidentiality. Vaughn understands and agrees that the damage to the Company due to any such breach will be extremely difficult to determine. Because of this difficulty, Vaughn agrees that in the event of a finding of such breach, he will forfeit to PSI all amounts received pursuant to this Agreement, and he shall indemnify PSI for any and all costs incurred in connection with any such recovery, including reasonable attorneys' fees. Notwithstanding any such relief, all of the other terms of this Agreement, including, without limitation, Vaughn's release of claims, shall remain in full force and effect. The remedies provided for in this provision shall not be construed to be exclusive and do not bar any other claims for relief.

16. **Voluntary Execution.** Vaughn acknowledges that he has carefully read this Agreement and understands all of its terms including the full and final release of claims set forth above. Vaughn further acknowledges that he has voluntarily entered into this Agreement; that he has not relied upon any representation or statement, written or oral, not set forth in this Agreement; that the only consideration for signing this Agreement is as set forth herein; that the consideration received for executing this Agreement is greater than that to which he may otherwise be entitled; and that this document gives him the opportunity and encourages him to have this Agreement reviewed by his attorney and tax advisor. Vaughn also acknowledges that he has been afforded at least twenty-one days to consider the release provision contained herein and that he has seven days after signing this Agreement to revoke it in writing. Accordingly, no payments required under this Agreement shall be made until the expiration of seven days following Vaughn's execution of the Agreement.

11/18/2004  17:43    19738024900                    EMPLYMENT AND LABOR              PAGE  11/11
OCT 26 1998 14:45 FR PSI LAW DEPT.        212 214 1010 TO 915167475024      P.05/17

Vaughn Settlement Agreement
October 1998
Page 4

IN WITNESS WHEREOF, the parties hereto evidence their agreement by their signatures.

PRUDENTIAL SECURITIES INCORPORATED

Date: _____  BY: _____

Date: 10/27/98  *[signature]* 
                 JEFFREY VAUGHN

NOV 18 2004 17:49                              19738024900           PAGE.11