UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JEFFREY S. VAUGHN, individually and on behalf :
of those Class Members similarly situated, :
 :
              Plaintiff, :
 :
  -against- :
 :
LEEDS, MORELLI & BROWN, P.C., LEEDS, :
MORELLI & BROWN, L.L.P., LEEDS & :  Case No. 04 Civ. 8391 (DLC)
MORELLI, LEEDS, MORELLI & BROWN, :
PRUDENTIAL SECURITIES, INC., :
PRUDENTIAL FINANCIAL, INC., LENARD :  **AFFIDAVIT OF**
LEEDS, STEVEN A. MORELLI, JEFFREY K. :  **ANGELA M. ROPER**
BROWN, JAMES VAGNINI, FREDERIC DAVID :
OSTROVE, ROBERT JOHN VALLI, JR., :
DISCRIMINATION ON WALL STREET, INC. :
DISCRIMINATION ON WALL STREET, :
MANHATTAN, INC., JOHN DOES, 1-10 AND :
JANE DOES, 1-10 a fictitious designation for :
presently unknown licensed attorneys, professionals :
and/or unknown persons or entities, :
 :
             Defendants. :
------------------------------------------------------------- X

    **ANGELA M. ROPER**, upon her oath, hereby deposes and says:

    1.    I am an Attorney-at-Law of the State of New Jersey and am co-counsel in the above-referenced matter. I have not appeared in this matter.

    2.    Initially, Mr. Vaughn was also represented by Constantino Fragale, Esquire, a New York attorney. Mr. Fragale filed this action. Mr. Vaughn and this office relied

upon Mr. Fragale to serve the Complaint in this matter, and Mr. Fragale informed me that the Complaint had been served upon all Defendants. We relied upon Mr. Fragale in this regard.

3. It has been my experience that Mr. Fragale is diligent and reliable in all of my dealings with him, and I am sure that any failure to have any of the Defendants served personally was an inadvertent oversight.

4. Subsequently, Mr. Fragale was contacted by counsel for all of the Leeds-Morelli Defendants and executed Stipulations extending time for the Defendants to Answer. It is my understanding that at that time he was not alerted that any of the Defendants had not been served individually or were claiming some defect in the service of process.

5. It is also my understanding that the Court had an initial conference in this matter. My associate, Kenneth S. Thyne, Esq., attended this conference and indicated to me that counsel for Leeds-Morelli were at the conference and at no time did the issue of failure to personally serve any of the Defendants arise.

                                                                        Angela M. Roper

Sworn to before me
this 23rd day of May, 2005

Kenneth S. Thyne
An Attorney at Law of New Jersey