UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY S. VAUGHN, individually and on
behalf of those Class Members similarly
situated,

Plaintiff

v.

LEEDS, MORELLI & BROWN, P.C., LEEDS,
MORELLI & BROWN, L.L.P., LEEDS &
MORELLI, LEEDS, MORELLI & BROWN,
PRUDENTIAL SECURITIES, INC.,
PRUDENTIAL FINANCIAL, INC., LENARD
LEEDS, STEVEN A. MORELLI, JEFFREY K.
BROWN, and JOHN DOES, JAMES VAGNINI,
FREDERIC DAVID OSTROVE, ROBERT
JOHN VALLI, JR., DISCRIMINATION ON
WALL STREET, INC., DISCRIMINATION
ON WALL STREET MANHATTAN, INC.,
JOHN DOES, 1-10 AND JANE DOES, 1-10, a
fictitious designation for presently unknown
licensed attorneys, professionals and/or unknown
persons or entities,

Defendants.

04 Civ. 08391 (DLC)

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS PRUDENTIAL SECURITIES INCORPORATED AND PRUDENTIAL FINANCIAL INC.'S MOTION TO COMPEL ARBITRATION AND DISMISS THE AMENDED COMPLAINT

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
**1285 Avenue of the Americas**
**New York, New York 10019-6064**

**LOWENSTEIN SANDLER PC**
**1330 Avenue of the Americas**
**New York, New York 10019**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................... 1

I.     THIS COURT SHOULD DISMISS THE ACTION AND COMPEL
ARBITRATION OF PLAINTIFF'S CLAIMS BASED ON THE PLAIN
LANGUAGE OF THE SETTLEMENT AGREEMENT .................................................. 1

II.    THIS COURT SHOULD DISMISS PLAINTIFF'S AMENDED  COMPLAINT
BECAUSE PLAINTIFF'S RICO CLAIMS—THE SOLE  BASIS FOR
FEDERAL JURISDICTION—FAIL TO STATE CLAIMS FOR RELIEF ...................... 5

        A.    Plaintiff's RICO Claims Are Time-Barred ............................................................. 5

        B.    Plaintiff Otherwise Fails to Allege the Elements of the RICO Claims.................. 6

III.   THIS COURT SHOULD NOT PERMIT PLAINTIFF TO AMEND HIS
PLEADINGS FOR A THIRD TIME................................................................................ 9

CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page**

### CASES

*Agency Holding Corp.* v. *Malley-Duff & Assoc., Inc.*, 483 U.S. 107 (1987)................................. 6

*Allen* v. *New World Coffee, Inc.*,
   No. 00 Civ. 2610, 2001 WL 293683 (S.D.N.Y. Mar. 27, 2001) ........................................7

*B.V. Optische Industrie De Oude Delft* v. *Hologic, Inc.*,
   909 F. Supp. 162 (S.D.N.Y. 1995) ..................................................................................7

*Blythe* v. *Deutsche Bank*, No. 04 Civ. 5867, 2005 WL 53281 (S.D.N.Y. 2005) ...........................4

*Denney* v. *BDO Seidman L.L.P.*,
   2005 U.S. App. LEXIS 11149 (2d Cir. Jun. 14, 2005) ......................................................4

*Erving* v. *Virginia Squares Basketball Club*, 468 F.2d 1064 (2d Cir. 1972).................................5

*First Capital Asset Mgmt.* v. *Brickelbush, Inc.*, 150 F. Supp. 2d 624 (S.D.N.Y. 2001)................8

*Flanagan* v. *Prudential-Bache Sec., Inc.*, 67 N.Y.2d 500 (1986) ..................................................4

*Fleming Companies, Inc.* v. *Thriftway Medford Lakes, Inc.*,
   913 F. Supp. 837 (D.N.J. 1995)......................................................................................6

*Friedman* v. *Fife*, 692 N.Y.S.2d 61 (1st Dep't 1999)....................................................................6

*G-I Holdings, Inc.* v. *Baron & Budd*, 179 F. Supp. 2d 233 (S.D.N.Y. 2001)................................7

*Generale Bank* v. *Wassel*,
   No. 91 CIV. 1768, 1993 WL 106051 (S.D.N.Y. Apr. 8, 1993)...........................................9

*Green Tree Financial Corp.* v. *Bazzle*, 539 U.S. 444 (2003) .........................................................3

*Harris* v. *Shearson Hayden Stone, Inc.*,
   441 N.Y.S.2d 70 (1st Dep't 1981), *aff'd* 56 N.Y.2d 627 (1982) ........................................4

*Klehr* v. *A.O. Smith Corp.*, 521 U.S. 179 (1997)...........................................................................6

*Lou* v. *Belzberg*, 728 F. Supp. 1010 (S.D.N.Y. 1990) ....................................................................8

*Morris* v. *New York Football Giants, Inc.*,
   575 N.Y.S.2d 1013 (Sup. Ct. NY Cty. 1991) .....................................................................5

*Nielsen* v. *Piper, Jaffray & Hopwood, Inc.*, 66 F.3d 145 (7th Cir. 1995) .......................................2

*Ricciuti* v. *N.Y.C. Transit Auth.*, 941 F.2d 119 (2d Cir. 1991) ....................... 9

*Rotella* v. *Wood*, 528 U.S. 549 (2000) .................................................................. 6

*In re Salomon, Inc. Shareholders' Derivative Litigation*,
    No. 91 Civ. 5500, 1994 WL 533595 (S.D.N.Y. 1994) .................................... 2

*Shields* v. *Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) ...................... 7

*In re Sumitomo Copper Litig.*, 104 F. Supp. 2d 314 (S.D.N.Y. 2000) ......................... 7

## STATUTES

Fed. R. Civ. P. 9(b) ............................................................................................. 2

Fed. R. Civ. P. 600(d) ...................................................................................... 2, 3

Fed. R. Civ. P. 601 ............................................................................................. 3

18 U.S.C. § 1961(4) ............................................................................................ 7

18 U.S.C. § 1962(c) ............................................................................................ 7

SEC Release No. 34-31371, 57 F.R. 52659 (1992) ............................................. 2

## PRELIMINARY STATEMENT

Nothing so well shows the insufficiency of Plaintiff's amended complaint as his own attempts to defend it. Plaintiff admits that he signed a settlement agreement requiring arbitration of this dispute. In defiance of federal statutes and case law mandating arbitration when a binding agreement exists to cover the claim, Plaintiff argues that he may evade this result by merely casting his claim as a purported class action. First, the NASD/NYSE rules relied upon by Plaintiff to avoid arbitration apply to customer disputes only and not this non-registered Plaintiff to challenge his settlement agreement. Second, Plaintiff's argument only confirms that the parties never intended for Plaintiff to challenge his settlement agreement via a class action and that Plaintiff must arbitrate his putative claims.

Plaintiff has no place in this Court in any event. The untimeliness of Plaintiff's claims under RICO – his sole claim to this Court's jurisdiction – cannot be cured with an unexplained and unjustifiable allegation that he did not discover his putative claim until two years after the claim expired. Even if he could overcome that insurmountable obstacle, which he cannot, the conclusory allegations of his complaint, already once amended, fail to set forth well-pleaded facts sufficient to state a claim under RICO, let alone meet the heightened standard of Rule 9(b). Accordingly, this Court should dismiss his pleading against Prudential Securities Incorporated and Prudential Financial, Inc. ("PSI") with prejudice.

## ARGUMENT

### I.

### THIS COURT SHOULD DISMISS THE ACTION AND COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS BASED ON THE PLAIN LANGUAGE OF THE SETTLEMENT AGREEMENT

Our main brief established that when, as here, there is a written arbitration agreement covering the claims at issue, the Federal Arbitration Act requires a federal court to stay or dismiss

the action unless some statutory public policy otherwise dictates. (Main Br. 9-14)  In response,

Plaintiff concedes that he is a party to an arbitration clause in the Settlement Agreement and that his

purported class claims are within the scope of that arbitration clause.  Instead, Plaintiff's sole

argument is that he may disregard his promise to arbitrate because the arbitration clause in the

Settlement Agreement directs the parties to the NASD or the NYSE, the rules of which do not allow

class actions. (P. Br. 7-10).  This argument is unconvincing.

Contrary to Plaintiff's declaration, it is not at all clear that the NASD or NYSE rules

apply to the current situation where the claimant is someone **other** than an allegedly aggrieved

customer[1].  The impetus for the NASD and NYSE rules (which are identical) is to assure that

investors are not deprived of the benefits of class recovery based on the small-print boilerplate

language of broker-dealer agreements because investors' losses might not justify the cost of

individual claims in arbitration. *See* "Restrictions on Class Action Arbitrations May Aid Investors,"

*Dow Jones News Service*, Oct. 19, 1992.  The SEC Release approving the change in the rules refers

only to customers and states that "neither member firms nor their associated persons may use an

existing arbitration agreement to compel a *customer* to arbitrate a claim that is encompassed by a

class action." SEC Release No. 34-31371, 57 F.R. 52659 (1992).  The only cases that Plaintiff cites

involving the NASD or NYSE rules involved customer claims. *See Nielsen* v. *Piper, Jaffray &*

*Hopwood, Inc.*, 66 F.3d 145 (7th Cir. 1995) (P.Br. 8).[2]

---

[1]  Plaintiff is not registered with the NASD or NYSE.  Therefore, his agreement to arbitrate, and to utilize NASD/NYSE arbitration rules, is purely contractual, emanating from the Settlement Agreement.

[2]  Plaintiff's reliance on *In re Salomon, Inc. Shareholders' Derivative Litigation*, No. 91 Civ. 5500, 1994 WL 533595 (S.D.N.Y. 1994), which involved customer claims, is misplaced, because there the court held that, "[g]iven the intent of Congress embodied in the [FAA] that this Court 'rigorously enforce agreements to arbitration,' it seems prudent to...refer the issue of interpretation of Rule 600(d) to the New York Stock Exchange." (internal citation omitted).

More importantly, whether Plaintiff may evade arbitration by the mere artifice of labeling his claim a class claim is a question of contract interpretation for an arbitrator to decide. NASD Rule 600(d)(i) says:

> Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrator(s) in accordance with Rules 601 or 607, as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action to resolve such disputes. Any such petition to the court must be filed within ten (10) business days of receipt of notice that the Director of Arbitration is referring the dispute to a panel of arbitrator(s).

The Supreme Court's decision in *Green Tree Financial Corp.* v. *Bazzle*, 539 U.S. 444 (2003), a case that postdates those cited by Plaintiff, stands for the proposition that an arbitrator, not this Court, is the appropriate interpreter of the parties' intentions. In *Green Tree*, a divided Supreme Court held that the question of whether a broad arbitration clause permitted arbitration of class claims was an issue for the arbitrators to decide, not the Court, because the issue involves interpretation of contract terms and arbitration procedures. *Id.* at 452. The division within the Court concerned whether the arbitration clause was unclear as to the parties intention to permit class actions. The majority ruled that the language was sufficiently ambiguous so as to require arbitration to determine the parties' intention. Significantly, the dissenters believed that the language of the arbitration clause was so clear in negating the possibility of a class action as to eliminate the need for an arbitrator.

Here, if anything, the language of the arbitration clause strongly suggests that the parties never intended to allow class actions. Indeed, by settling his particular claim against PSI and executing the Settlement Agreement, Plaintiff agreed not only to arbitrate this or any other claim under the Settlement Agreement, but also to make such a claim in accordance with NASD and NYSE rules, which prohibit the bringing of class claims. If this were not the parties' intent, any

3

agreement to arbitrate in accordance with NASD and NYSE rules would be illusory because it could later be circumvented by the mere assertion of a class claim.

The parties did not agree to an arbitration provision permitting class claims and nothing in the Settlement Agreement gives Plaintiff the right or the ability to assert class claims. It makes no sense for PSI to have bargained for and obtained the right to arbitration of any disputes over the Settlement Agreement while ceding to a Plaintiff the unilateral option to defeat that right with the filing of a class claim. Such a result would directly contravene the Settlement Agreement which Plaintiff signed. [3]

In other jurisdictions where a weighing of interests has been undertaken, the courts have consistently held that arbitration will be compelled despite class action allegations." *Harris* v. *Shearson Hayden Stone, Inc.*, 441 N.Y.S.2d 70, 75 (1st Dep't 1981), *aff'd* 56 N.Y.2d 627 (1982) (citations omitted); *cf. Flanagan* v. *Prudential-Bache Sec., Inc.*, 67 N.Y.2d 500, 508 (1986) (FAA required arbitration before NYSE even though claim made by former employee for post-employment conduct).

Nothing in *Blythe* v. *Deutsche Bank*, No. 04 Civ. 5867 (SAS), 2005 WL 53281, at * 3 (S.D.N.Y. 2005) *rev'd sub nom on other grounds , Denney* v. *BDO Seidman L.L.P.*, 2005 U.S. App. LEXIS 11149 (2d Cir. Jun. 14, 2005) (P. Br. 9-10) – the case Plaintiff says is "akin" to this one (P.Br. 9) – warrants a different result. In that case, the arbitration clause at issue specifically prohibited the bringing of a putative class action to arbitration; here, the arbitration clause contains no such prohibition. Moreover, in *Blythe*, defendant conceded that Plaintiffs were members of a

---

[3]    However, compelling this matter to arbitration does not preclude Plaintiff from bringing his claim. It merely limits him to the forum he selected – arbitration under the rules of the NASD/NYSE – and to the bringing of an individual rather than a class claim.

putative class and thereby forfeited its right to compel the class of Plaintiffs to arbitration.[4]  *Id.*

Here, if anything, it is clear that Plaintiff has no certifiable class action against PSI.[5]

## II.

### THIS COURT SHOULD DISMISS PLAINTIFF'S AMENDED COMPLAINT BECAUSE PLAINTIFF'S RICO CLAIMS—THE SOLE BASIS FOR FEDERAL JURISDICTION—FAIL TO STATE CLAIMS FOR RELIEF

**A.    Plaintiff's RICO Claims Are Time-Barred**

Our main brief established that Plaintiff's RICO claims – the sole basis for federal jurisdiction – are time barred. (Main Br. 14-15)  Plaintiff does not dispute that he commenced this action well after the four-year statute of limitations lapsed – that is, at the latest four years after he signed the Settlement Agreement.  Plaintiff argues, however, that he is excused from this time barrier because he did not "discover[] the existence of the Secret Agreements" until October of last year.  Plaintiff is wrong.

First, this Court has before it the signature page of the so-called "Secret Agreement" of February 1998 bearing this Plaintiff's signature.  "It is well settled that affixing a signature to a contract creates a conclusive presumption that the signer read, understood and assented to its terms."

---

[4]    If Plaintiff were correct that he is entitled to bring class allegations that preclude arbitration at the NASD or NYSE, the proper remedy here is repair the arbitration clause, not to discard arbitration.  Both federal and New York law hold that, if an arbitration clause provides a procedure for arbitration that later proves unworkable, the court must nevertheless enforce the arbitration clause while remedying the flawed procedure.  *Erving* v. *Virginia Squares Basketball Club*, 468  F.2d 1064 (2d Cir. 1972); *Morris* v. *New York Football Giants, Inc.*, 575 N.Y.S.2d 1013, 1017 (Sup. Ct. NY Cty. 1991).  If Plaintiff wants his class claims, then the remedy is to send him to the AAA, not to allow him to break his promise to arbitrate.

[5]    This is not the time or place to argue class certification, but it is apparent that this Plaintiff has no certifiable class.  If the Settlement Agreement was wrongfully obtained, then each claimant's damages would be the difference between what the claimant received for employment-related injuries and what the claimant would have received but for the wrong – an inquiry so individualized as to foreclose class treatment.  Recognizing this, Plaintiff has asserted his intention to limit his putative class's recovery solely to disgorgement of the fees paid to the Leeds Firm.  But this makes no sense in a claim against PSI. A disgorgement claim presupposes that the claimant paid the sums to be disgorged.  Here, Plaintiff concedes that PSI paid the legal fees, and so, we submit, Plaintiff cannot possibly seek to recover as damages against PSI the sums that PSI, not any claimant, paid.

*Fleming Companies, Inc.* v. *Thriftway Medford Lakes, Inc.*, 913 F. Supp. 837, 843 (D.N.J. 1995) (citations omitted). Plaintiff "will not be heard that he received only the signature page" because he "was bound to know and read what he signed." *Friedman* v. *Fife*, 692 N.Y.S.2d 61, 62 (1st Dep't 1999). Thus, as a matter of law, Plaintiff is conclusively presumed to have "discovered the existence of the Secret Agreements" by at least February 1998 and cannot now plead the contrary to avoid the statute of limitations.

Second, a summary pleading that a claimant did not timely discover an injury, and thus is excused from the four-year limitations period, is insufficient to circumvent RICO's four-year statute of limitations. Civil RICO exists to encourage alleged victims diligently to investigate and thereby uncover supposedly unlawful activity. *Agency Holding Corp.* v. *Malley-Duff & Assoc., Inc.* 483 U.S. 107, 151 (1987) (cited in P.Br. 12). For this reason, the courts require that a civil RICO claimant allege that "'he neither knew nor, *in the exercise of due diligence*, could reasonably have known of the offense'" within the limitations period. *Klehr* v. *A.O. Smith Corp.*, 521 U.S. 179, 195 (1997) (emphasis added) (citations omitted) (upholding dismissal). "[T]hat a considerable effort may be required before a RICO Plaintiff can tell whether a pattern of racketeering is demonstrable" does not justify adopting a less stringent rule. *Rotella* v. *Wood*, 528 U.S. 549, 556 (2000) (cited in P.Br. 9). Here, the amended complaint is bereft of any well-pleaded facts to indicate that Plaintiff exercised any diligence, let alone made reasonable inquiry, to warrant his tardiness. His pleading is stale and should be dismissed.

## B.    Plaintiff Otherwise Fails to Allege the Elements of the RICO Claims

PSI's main brief showed five reasons why Plaintiff's RICO claims are otherwise defective (Main Br. 15-20), none of which Plaintiff persuasively refutes.

**First:** We noted that the amended complaint lacks even the most elemental of allegations – the provision of section 1962 that PSI supposedly breached. (Main Br. 15-16) Plaintiff

6

complains that paragraph 62 of the pleading refers to subsection (c), but in truth all that is said there is that his allegations involve "activities which affect interstate commerce, within the meaning of 18 U.S.C. §§1961(4) and 1962(c)" – hardly an allegation of fact supporting a claim of violation. PSI is not obliged to guess, nor rely on Plaintiff's brief, to learn Plaintiff's RICO theory. *B.V. Optische Industrie De Oude Delft* v. *Hologic, Inc.*, 909 F. Supp. 162, 168 (S.D.N.Y. 1995) ("While Plaintiffs' memorandum of law in opposition to defendants [sic] motion alleges that defendants violated § 1962(c), the Court is evaluating Plaintiffs' complaint, not their legal briefs.").

**Second:** Plaintiff has not identified which defendant engaged in which predicate act at what time and with whom. Instead, citing the pleading standards for fraud articulated in *Shields* v. *Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) and *In re Sumitomo Copper Litig.*, 104 F. Supp. 2d 314 (S.D.N.Y. 2000), Plaintiff asserts he does not need to do so. But *Sumitomo* does not create a "relaxed standard of pleading" for "'wide ranging and complex' civil RICO cases." *G-I Holdings, Inc.* v. *Baron & Budd*, 179 F. Supp. 2d 233, 263 (S.D.N.Y. 2001). The *Sumitomo* complaint was upheld because it "set forth numerous specific dates, authors and recipients of faxes, false warrant confirmations and wire transfers." *Id.* Here, Plaintiff has not pled any facts linking each defendant to acts of mail or wire fraud. Such allegations are subject to "the particularity requirement of Rule 9(b) because they sound in fraud." *Allen* v. *New World Coffee, Inc.*, No. 00 Civ. 2610, 2001 WL 293683, at *4 (S.D.N.Y. Mar. 27, 2001). Instead, Plaintiff asserts in a footnote that this Court should relax the pleading burden for fraud allegations under Rule 9(b) because "most of the facts are...solely in the possession of the defendants." (P. Br. 16, n. 7) PSI is not required to assist Plaintiff to prove his case, rather, Plaintiff, when pleading fraud allegations, must have a basis for those claims.

7

**Third:** Our main brief showed that Plaintiff's allegations failed to satisfy RICO's requirement of a pattern extending over a substantial period of time (so-called "close-ended" continuity) or threatening future misdeeds ("open-ended continuity"). (Main Br. 17-18) Plaintiff does not allege a "closed-ended" pattern of racketeering activity merely by stating that the conspiracy took place from February 1998 through October 2001. (P. Br. 19-20) The relevant measure of a RICO pattern is the timing of the alleged predicate acts - in this case October 1998 - not some dates Plaintiff formulates for generalized conspiracy averments. *Lou* v. *Belzberg*, 728 F. Supp. 1010, 1027 (S.D.N.Y. 1990).

Nor has Plaintiff alleged an open-ended pattern of racketeering activity. He has not alleged that the "racketeering activity" continued after the Settlement Agreement was executed in October 1998. (P. Br. 21) Plaintiff does not cite a single fact to support his allegation that the alleged scheme "regularly operated to defraud Plaintiff and the other Class Members." (P. Br. 21) When the alleged scheme necessarily terminates with the resolution of the individual Plaintiff's claims, the pattern is not "open-ended." *First Capital Asset Mgmt.* v. *Brickelbush, Inc.,* 150 F. Supp. 2d 624 (S.D.N.Y. 2001).

**Fourth:** Plaintiff fails to allege causation. Again Plaintiff does not claim that, "but for" PSI's agreement to pay the Leeds Firm's attorneys fees, he would not have retained the Leeds Firm, litigated his employment dispute against PSI, turned down the $200,000 settlement, or perhaps received more money. Instead, Plaintiff's response (at 22) requires an inference of causation from the absence of factually sound allegations of such in the Amended Complaint. Plaintiff's assertion that PSI "must certainly understand" the facts – an incorrect surmise – is irrelevant. Plaintiff must allege *facts* to connect their alleged damages to a false statement. Neither his pleading, nor his brief does so.

8

**Fifth:** Plaintiff's conspiracy claim fails on its own accord, not only because the substantive RICO claim fails. Our main brief challenged Plaintiff to identify a single factual allegation to support his conspiracy allegation. (Main Br. 19-20) Plaintiff does not even try.

### III.

### THIS COURT SHOULD NOT PERMIT
### <u>PLAINTIFF TO AMEND HIS PLEADINGS FOR A THIRD TIME</u>

As a last resort, Plaintiff asks this Court for leave to amend his pleadings if this Court should dismiss Plaintiff's Amended Complaint. However, as expressed in the case relied upon by Plaintiff, *Ricciuti* v. *N.Y.C. Transit Auth.,* 941 F.2d 119 (2d Cir. 1991), leave to amend should be granted "especially when there has been *no prior amendment.*" *Id.* at 123 (emphasis added); *Generale Bank* v. *Wassel*, No. 91 CIV. 1768 (LAP), 1993 WL 106051, at *2 (S.D.N.Y. Apr. 8, 1993) (affirming that a proper ground for denial of leave to amend would be "failure to cure deficiencies by amendments previously allowed"). This Court has already granted Plaintiff leave to amend the original complaint and Plaintiff has failed to correct the inadequacies of those pleadings. Consequently, this Court should not allow Plaintiff a third attempt to assert ill-founded claims against PSI.

9

## CONCLUSION

For the reasons set forth above, in our opening brief, and in the documents accompanying this motion, we respectfully request that this Court dismiss or stay this action and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 17, 2005

                    Respectfully submitted,

                    **PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**

                    By: *Beth Frank*
                    Gerard E. Harper (GH0279)\
                    Theodore V. Wells, Jr. (TW2830)
                    Beth S. Frank (BF0293)
                    1285 Avenue of the Americas
                    New York, New York 10019-6064
                    (212) 373-3000

                    -and-

                    **LOWENSTEIN SANDLER PC**
                    1330 Avenue of the Americas
                    New York, New York 10019

                    Of Counsel:
                    Gregory B. Reilly
                    Julie L. Werner

                    *Attorneys for Prudential Securities
                    Incorporated and Prudential Financial, Inc.*

10