UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

JEFFREY S. VAUGHN, individually and on :
behalf of those class members similarly :
situated, :
:
               Plaintiff, :   04 Civ. 8391 (DLC)
:
         -v- :   MEMORANDUM OPINION
:      AND ORDER
LEEDS, MORELLI & BROWN, P.C., LEEDS, :
MORELLI & BROWN, L.L.P., LEEDS & :
MORELLI, LEEDS, MORELLI & BROWN, :
PRUDENTIAL SECURITIES, INC., PRUDENTIAL :
FINANCIAL, INC., LENARD LEEDS, STEVEN :
A. MORELLI, JEFFREY K. BROWN, and JOHN :
DOES, JAMES VAGNINI, FREDERIC DAVID :
OSTROVE, ROBERT JOHN VALLI, JR., :
DISCRIMINATION ON WALL STREET, INC. and :
DISCRIMINATION ON WALL STREET :
MANHATTAN, INC., and JOHN DOES, ESQS. :
1-10 and JANE DOES, ESQS., 1-10 a :
fictitious designation for presently :
and unknown licensed attorneys, :
professionals and/or unknown persons or :
entities, :
:
               Defendants. :
:
----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/06

DENISE COTE, District Judge:

    This Opinion and Order addresses an application for an extension to serve five individual defendants. On October 25, 2004, Jeffrey S. Vaughn ("Vaughn") filed a putative class action against his employer and Leeds, Morelli & Brown, P.C. ("Leeds"), the law firm he retained to represent him in an employment discrimination dispute with his employer. Vaughn's employer moved to compel arbitration, and through an Opinion and Order of August 12, 2005, that motion was granted and this case was stayed pending resolution of the arbitration proceeding. Vaughn v. Leeds, Morelli & Brown, P.C., et al., 04 Civ. 8391 (DLC), 2005 WL

1949468 (S.D.N.Y. Aug. 12, 2005).

The following actions relevant to the request for an extension to serve certain individual defendants associated with Leeds occurred before the stay was issued. On November 29, 2004, the Court endorsed a stipulation between plaintiff, Leeds and Jeffrey K. Brown ("Brown"), an attorney at Leeds, extending the two defendants' time to answer, with the agreement that neither defendant would assert any defense related to improper service. At some point before January 12, 2005, plaintiff's current counsel replaced his original attorney. An endorsement of January 12, 2005 approved an agreement between the plaintiff's current counsel and Leeds extending Leeds' time to respond to the plaintiff's amended complaint. At the request of plaintiff, the initial pretrial conference was adjourned from January 21 to March 4. On February 23, the agreement further extending Leeds' time to respond to the amended complaint was approved by the Court. Neither the January 12 nor February 23 document referred to Brown, who had been served, or to any of the individual defendants associated with Leeds who had yet to be served. In late February, the 120 days to effect service expired. The plaintiff made no request to extend the time to serve any defendant.

As of the conference on March 4, the plaintiff had still not served an amended complaint; he was ordered to file his first amended complaint by March 15, 2005. On April 22, 2005, the lawyers from Leeds and individual attorneys associated with that law firm (collectively "Leeds Defendants") moved to dismiss the

amended complaint, arguing inter alia that the plaintiff had not served five individual defendants (Lenard Leeds, Steven A. Morelli, Janes Vagnini, Frederic David Ostrove, Robert John Valli, Jr.) who are associated with the firm. In response to the motion to dismiss, Vaughn moved for an extension of time to serve these defendants. To this day, plaintiff has not filed any affidavit of service reflecting service of either the complaint or the amended complaint on any defendant.

It is undisputed that the only individual defendant associated with Leeds that was served by the plaintiff is Brown. The plaintiff has not provided any reason for failing to serve five individual defendants within the 120 days required by Rule 4, Fed. R. Civ. P., or made any showing of diligence. The plaintiff asserts that he relied on his first counsel to serve all defendants, but has not provided any explanation from that prior counsel for the failure to timely serve all defendants.

While it is no longer required that a plaintiff's request to extend time to serve be supported by good cause, see Henderson v. United States, 517 U.S. 654, 662 (1996) (citing to Advisory Committee Notes on Rule 4, Fed. R. Civ. P.), that change in the law does not make an inquiry into diligence or the circumstances surrounding the failure to serve irrelevant. If service is not waived, then a party is required to file proof with the Clerk of Court. Fed. R. Civ. P. 4(l). Any review of the docket sheet would have shown that no proof of service had been filed in this case. Moreover, a review of the stipulations entered between November 29 and February 23 would have shown that the only Leeds

3

Defendants who had executed stipulations were Leeds and Brown. Indeed, it was plaintiff's current counsel who executed the stipulations endorsed on January 12 and February 23, neither of which makes any reference to any individual defendant associated with Leeds. This reflects an utter lack of concern regarding the individual Leeds Defendants, including the issue of whether service had been made within the time allowed by the federal rules. Given the failure of the plaintiff to explain adequately the absence of timely service on the five individual defendants, their motion to dismiss is granted.

Conclusion

The motion by Lenard Leeds, Steven A. Morelli, James Vagnini, Federic David Ostrove, and Robert John Valli, Jr. to dismiss the complaint is granted. The remainder of the motion to dismiss filed by the Leeds Defendants is denied with leave to be renewed through a letter request filed within 30 days of the stay being lifted.

SO ORDERED:

Dated:   New York, New York
         March 20, 2006

                                    _____
                                         DENISE COTE
                                    United States District Judge