UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: **ELECTRONICALLY FILED**
JEFFREY S. VAUGHN, individually and on :
behalf of those Class Members similarly situated, : Case No. 04 Civ. 8391 (DLC)
:
Plaintiff, :
:
-against- :
:
LEEDS, MORELLI & BROWN, P.C., LEEDS, :
MORELLI & BROWN, L.L.P., LEEDS & :
MORELLI, LEEDS, MORELLI & BROWN, :
PRUDENTIAL SECURITIES, INC., :
PRUDENTIAL FINANCIAL, INC., LENARD :
LEEDS, STEVEN A. MORELLI, JEFFREY K. :
BROWN, JAMES VAGNINI, FREDERIC :
DAVID OSTROVE, ROBERT JOHN VALLI, :
JR., DISCRIMINATION ON WALL STREET, :
INC. DISCRIMINATION ON WALL STREET, :
MANHATTAN, INC., JOHN DOES, 1-10 AND :
JANE DOES, 1-10 a fictitious designation for :
presently unknown licensed attorneys, :
professionals and/or unknown persons or entities,, :
:
Defendants. x
------------------------------------------------------------

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION TO DIRECT ENTRY OF FINAL
JUDGMENT UNDER FED. R. CIV. P. 54(b) OF THE COURT'S MARCH 20, 2006
<u>ORDER DISMISSING FIVE INDIVIDUAL DEFENDANTS</u>**

i

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ...................................................................................................iii-iv

I. INTRODUCTION .................................................................................................................1

II. PROCEDURAL BACKGROUND .......................................................................................1

III. ARGUMENT AND AUTHORITIES

    A. THE COURT SHOULD ENTER FINAL JUDGMENT UNDER RULE 54(b) ON THE ORDER DISMISSING THE AMENDED COMPLAINT AGAINST LENARD LEEDS, STEVEN A. MORELLI, JAMES VAGNINI, FEDERIC DAVID OSTROVE, AND ROBERT JOHN VALLI, JR. ....................................................................................4

        1. The Court's Order Satisfies the Finality Requirement of Rule 54(b) ...............................................................................................5

        2. An Immediate Appeal Will Prevent Duplication and Inconsistent Verdicts or Judgments ....................................................6

        3. Certification Under Rule 54(b) Will Permit a Resolution of Unclear Law ...............................................................................7

IV. CONCLUSION AND REQUESTED RELIEF .................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Chateaugay Corp. v. United Mine Workers of America*, 922 F.2d 86 (2d Cir. 1990), ........ 3

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ................................. 5

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. ...................................................... 4

*Daniels v. Am. Bd. of Emergency Med.*, 212 F.R.D. 134 (W.D.N.Y. 1999). ................... 5

*Eldredge v. Martin Marietta Corp.*, 207 F.3d 737 (5th Cir. 2000) .................................... 5

*Espinoza v. U.S.*, 52 F.3d 838 (10th Cir. 1995); ............................................................... 8

*Evans v. Banka*, 1998 WL 92442, at *2 (March 4, 1998 S.D.N.Y.) .................................. 8

*Fleckstein v. Hehrbas*, 233 N.Y.S.2d 920 (1962) ............................................................. 9

*Fox v. Baltimore City Police Dep't*, 201 F.3d 526 (4th Cir. 2000). ................................. 6

*Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085 (2d Cir. 1992) ........................... 5, 6

*Gowan v. Teamsters Union (237)*, 170 F.R.D. 356 (S.D.N.Y. 1997)) ............................. 8

*Grand River Enters. Six Nations, Ltd. v. Pryor*, Case No. 02 CIV 5086 (JFK),
    2004 WL 2480433, at *2 (S.D.N.Y.) ......................................................................... 5

*Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283 (2d Cir. 1974) .................................. 3

*Lee v. Willins*, 617 F.2d 320 (2d Cir. 1980) ...................................................................... 5

*Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2001) ............................................. 8

*Nolan v. City of Yonkers*, 168 F.R.D. 140 (S.D.N.Y. 1996) ............................................ 8

*Pecarsky v. Galaxiaworld.com Ltd.*, 249 F.3d 167 (2d Cir. 2001) ................................... 9

*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956). .................................................. 6

*U.S. v. Brown*, 348 F.3d 1200 (10th Cir. 2003) .................................................... 3, 4, 6, 7

*Vaughn v. Leeds, Morelli & Brown, P.C., et al.*, 04 Civ. 8391 (DLC), 2005
    WL 1949468 (S.D.N.Y. Aug. 12, 2005). ............................................................... 1, 2

**Statutes**

Fed. R. Civ. P. 4(m) .................................................................................................. 1, 2, 7

Fed. R. Civ. P. 54(b) .................................................................................................. 1, 3, 4

## I. INTRODUCTION

Jeffrey S. Vaughn, individually and on behalf of those class members similarly situated ("Plaintiffs"), files this Memorandum of Law in support of his motion requesting the Court to direct that its March 20, 2006 order (the "Order") (attached to the accompanying Affirmation of Blaine H. Bortnick as Exhibit A), dismissing all of Plaintiffs' claims against individual Defendants Lenard Leeds, Steven A. Morelli, James Vagnini, Federic David Ostrove, and Robert John Valli, Jr., (collectively "the Five Individual Defendants") be entered as a final judgment under Fed. R. Civ. P. 54(b) so the Plaintiffs may pursue an immediate appeal.

This requested relief serves the interests of judicial economy and prevents the necessity of duplicative trials and inconsistent verdicts. It will further permit the resolution on appeal of an important legal issue that has not been definitively settled, namely, what factors must be considered in determining whether the time to serve a summons and complaint may be extended under Fed. R. Civ. P. 4(m).

## II. PROCEDURAL BACKGROUND

On October 25, 2004, Jeffrey S. Vaughn ("Vaughn") filed a putative class action against his employer, Prudential Securities, Inc. ("Prudential"), and Leeds, Morelli & Brown, P.C. ("Leeds"), the law firm he had retained to represent him in an employment discrimination dispute with Prudential. Prudential made a motion to compel

1

arbitration, and through an Opinion and Order of August 12, 2005, that motion was granted and the case was stayed pending resolution of the arbitration proceeding. *Vaughn v. Leeds, Morelli & Brown, P.C., et al.*, 04 Civ. 8391 (DLC), 2005 WL 1949468 (S.D.N.Y. Aug. 12, 2005).

In January 2005, Vaughn replaced his first attorney with lawyers of the undersigned firm, who continue to represent him. Vaughn's new counsel received assurances from his original counsel that all of the defendants had been served with the summons and complaint. (Order at 3.).[1] Vaughn's original counsel, however, failed to alert his new counsel that Jeffrey K. Brown was the only individually named defendant who was properly served, and that service had never been properly effected on the Five Individual Defendants. In late February 2005, the 120 days to effect service expired under Fed. R. Civ. P. 4(m). Service was properly made on Leeds.

On April 22, 2005, the Defendants made a motion to dismiss the Amended Complaint that had been filed on March 15, 2005, arguing *inter alia*, that the Plaintiffs had not served the Five Individual Defendants. On March 20, 2006, this Court issued the Order granting the motion to dismiss the Amended Complaint against the Five Individual Defendants. On April 13, 2006, the Plaintiffs filed a Notice of Appeal (the "Appeal") of this Court's Order.

Based on input from Staff Attorney Stanley Bass from the Second Circuit Court of Appeals obtained during a May 19, 2006 Pre-Argument Conference, Plaintiffs now believe that the Appeal may be premature, because there still are claims pending

---

[1] An affidavit to this effect signed by Plaintiffs' original counsel was attached to Plaintiffs' Opposition to the Motion to Dismiss, and is attached to the accompanying Affirmation of Blaine H. Bortnick as Exhibit B.

2

against other parties in this case, thereby rendering the Order of this Court a non-final order that is not immediately appealable.[2]

Therefore, Plaintiffs request that this Court enter a final judgment on the Order pursuant to Fed. R. Civ. P. 54(b) so that the Appeal may ripen and be considered forthwith by the United States Court of Appeals for the Second Circuit. "In the absence of prejudice to the nonappealing party, this Court too has declined to dismiss premature notices of appeal where subsequent actions of the district court have imbued the order appealed from with finality." *Chateaugay Corp. v. United Mine Workers of America*, 922 F.2d 86, 91 (2d Cir. 1990), *citing Leonhard v. U.S.*, 633 F.2d 599, 611 (2d. Cir. 1980). "We have adopted this remedy when a notice of appeal was filed before a Rule 54(b) certification was obtained." Id., *citing Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 285 (2d Cir. 1974). *See also U.S. v. Brown*, 348 F.3d 1200, 1206 (10th Cir. 2003), (noting that an appeal of an order ripened and became final when the district court properly certified it under Rule 54(b) after the appeal had been entered, but prior to oral argument). Plaintiffs intend to request that the briefing schedule for their Appeal be held in abeyance pending this Court's resolution of this motion pursuant to Rule 54(b).

---

[2] Shortly after the May 19 Pre-Argument Conference, Plaintiffs requested that the Five Individual Defendants stipulate to the relief requested in this motion. On June 13, 2006, Defendants' counsel advised the undersigned that they would not stipulate to the entry of the Order as a final judgment.

### III. ARGUMENT AND AUTHORITIES

#### A. THE COURT SHOULD ENTER FINAL JUDGMENT UNDER RULE 54(b) ON THE ORDER DISMISSING THE AMENDED COMPLAINT AGAINST LENARD LEEDS, STEVEN A. MORELLI, JAMES VAGNINI, FEDERIC DAVID OSTROVE, AND ROBERT JOHN VALLI, JR..

The Court's Order dismissing all the claims against the Five Individual Defendants (Lenard Leeds, Steven A. Morelli, James Vagnini, Federic David Ostrove, and Robert John Valli, Jr.) satisfies the requirements for entry of a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(b) provides, in pertinent part:

> When more than one claim for relief is present in an action ... *or* when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims *or* parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

(emphasis added). In determining whether entry of judgment under Rule 54(b) is proper, the Court should address the two issues set forth by the Supreme Court in *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980): "A district court must first determine that it is dealing with a 'final judgment.' ... Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* at 7-8. As demonstrated below, (1) the Court's March 20, 2006 Order satisfies the finality requirement, and (2) there are compelling reasons (especially judicial economy) for an immediate appeal.

4

1. **The Court's Order Satisfies the Finality Requirement of Rule 54(b).**

Rule 54(b) allows entry of a final judgment when it "ends the litigation" for that party, "and leaves nothing for the court to do but execute the judgment." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992); *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (Summary judgment order dismissing all claims against one defendant "was properly on appeal pursuant to Rule 54(b) even though there were claims against other defendants that were not dismissed.") Thus, Rule 54(b) allows entry of a final judgment with respect to a single party even though the judgment does not terminate the litigation with respect to other parties. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 28 F.3d 376, 382 (3d Cir. 1994); *Eldredge*, 207 F.3d at 740.

In fact, courts routinely enter final judgments that dismiss some, but not all, defendants in multiparty actions when the ground for the dismissal is collateral to the merits of the claims because it "may obviate the need for a second trial" and because the collateral issue was "unrelated to the other issue in the case" and thus would not lead to piecemeal appeals. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993); *Lee v. Willins*, 617 F.2d 320, 321 (2d Cir. 1980); *Grand River Enters. Six Nations, Ltd. v. Pryor*, Case No. 02 CIV 5086 (JFK), 2004 WL 2480433, at *2 (S.D.N.Y.) Orders are also entered as final judgments because they were final as to the dismissed parties and an immediate appeal would "avoid unnecessary second trials." *Daniels v. Am. Bd. of Emergency Med.*, 212 F.R.D. 134, 139 (W.D.N.Y. 1999).

The Court's Order satisfies the finality requirement of Rule 54(b) because it ended the litigation against the Five Individual Defendants, and was not based on the

5

merits of the Plaintiffs' request for relief. Rather, the Order determined a procedural issue collateral to the merits: that service on the Five Individual Defendants had not been properly effected. The Order does not relate to any of the underlying theories of fraud, breach of fiduciary duty, breach of contract, or federal RICO violations at issue in the case, nor does it implicate any of the facts relevant to the merits. Accordingly, entry of a final judgment under Rule 54(b) will not result in piecemeal appeals of the same issues on the merits and the finality requirement is thus met.

### 2. An Immediate Appeal Will Prevent Duplication and Inconsistent Verdicts or Judgments.

An immediate appeal of the Order will eliminate the need to retry this case in the event the Second Circuit Court of Appeals reverses the dismissal of the Five Individual Defendants following a trial on the merits against the remaining Defendants (whether in court or in arbitration). In applying Rule 54(b), courts consider both "the parties' interest in swift resolution of their disputes, and the 'juridical concerns' of preserving judicial resources and guarding against unnecessary resolution of issues." *Fox v. Baltimore City Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000). In *Ginett*, the Second Circuit asserted that courts should "avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot our decision on the appealed claim or require us to decide issues twice." *Ginett*, at 1095. "The proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'" *Id.* Citing *Curtiss-Wright*, 446 U.S. at 8; *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956).

6

Here, all relevant factors weigh strongly in favor of the entry of a final judgment under Rule 54(b). Entry of a final judgment and immediate appeal of the Five Individual Defendants' dismissal from the case will avoid the problem of multiple trials and inconsistent verdicts (or multiple and inconsistent judgments on arbitration claims). If appeal of the Order is delayed until after a trial (or arbitration) involving the remaining defendants, and the Second Circuit reverses the Order dismissing the Five Individual Defendants, the reversal will require a second trial (or arbitration) for the Five Individual Defendants, which raises the specter of inconsistent verdicts or judgments. In contrast, an immediate appeal will ensure that all proper parties participate in a single trial (or arbitration) of this matter.

### 3. Certification under Rule 54(b) Will Permit a Resolution of Unclear Law.

Plaintiffs believe that the Appeal will resolve important legal issues not limited to the present action. In the Second Circuit, there is incomplete guidance on what factors a court should consider in determining whether to extend the time limit for service under Fed. R. Civ. P. 4(m). This Court's Order considered only whether Plaintiffs had "good cause" for failing to effectuate service in 120 days. Order, at 3. However, as the Supreme Court has held, "[t]he 120-day provision [in Rule 4] operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. U.S.*, 517 U.S. 654, 661 (1996). This Court articulated <u>no</u> other factors and provided <u>no</u> other explanation for its decision, other than whether Plaintiffs' had "good cause" for an extension. A host of other authorities suggest that several other factors should be considered and weighed against whether the Plaintiff has "good cause" in determining

7

whether an extension should be granted under Rule 4(m), including: (a) whether "the applicable statute of limitations would bar the refiled action" (Federal Rule of Civil Procedure Rule 4(m) Advisory Committee notes); (*See also Mann v. American Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2001); *Espinoza v. U.S.*, 52 F.3d 838, 842 (10th Cir. 1995); *Gowan v. Teamsters Union (237)*, 170 F.R.D. 356, 361 (S.D.N.Y. 1997)); (b) the "prejudice to defendants from the delay" (*See, e.g. Evans v. Banka*, 1998 WL 92442, at *2 (March 4, 1998 S.D.N.Y.) citing *Nolan v. City of Yonkers*, 168 F.R.D. 140, 144 (S.D.N.Y. 1996); and *Henderson*, at 659 ("Nor has the Government asserted any prejudice to the presentation of its defense stemming from the delayed service of the summons and complaint.")); and (c) whether the parties not served nevertheless had notice of the action (*See, e.g. Henderson*, at 672, stating "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that afford the defendant a fair opportunity to answer the complaint and present defenses and objections.").

      In this case, the applicable statute of limitations bars the refiling of the action against the Five Individual Defendants, and the Five Individual Defendants will not suffer any prejudice from the delay. Furthermore, the Five Individual Defendants in all likelihood had actual notice of the pending action. The Five Individual Defendants, upon information and belief, were all equity partners or associates during the relevant time at Leeds, the law firm named as a defendant. It is not disputed that the law firm partnership (i.e., Leeds) was properly and timely served. Both case law and common sense lead to the conclusion that the Five Individual Defendants were put on notice of the case brought by Plaintiffs when the law firm was served. *See Fleckstein v. Hehrbas*, 233

N.Y.S.2d 920, 921 (1962), ("The effect of service on the partnership is the same as if all the persons carrying on the business as partners had been named individually as defendants." (internal citations omitted)).

Clearly, the case law provides that there are other considerations in determining whether the time to serve under Rule 4(m) should be extended besides the Plaintiffs' diligence to effectuate service. To ignore all other factors (as this Court apparently did) and focus solely on Plaintiffs' "good cause" is contrary to both compelling precedent and fairness. Indeed, this Court's Order operates to deprive Plaintiffs of an ability to obtain a determination on the merits of their claims and is the functional equivalent of a default judgment. Such a result is contrary to the Second Circuit's view that, "strong public policy favors resolving disputes on the merits." *Pecarsky v. Galaxiaworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). Default judgments are typically reserved for abuse of process resulting from egregious or deliberate conduct. *Id.* In this case, the failure to serve the Five Individual Defendants in a timely fashion is not the type of conduct warranting the harsh penalty that the Court's Order effectively imposes (termination of the claims against them without recourse), especially because the conduct was not deliberate, abusive, or designed to cause delay. It was a mere oversight, albeit one in good faith based on representations by Plaintiffs' original counsel. Moreover, the Five Individual Defendants have suffered no prejudice here, rather, they benefited greatly from the oversight.

9

## IV. CONCLUSION AND REQUESTED RELIEF

Plaintiffs respectfully request that the Court enter as a final judgment under Rule 54(b) its March 20, 2006 Order dismissing the Five Individual Defendants so that the Appeal can ripen and be adjudicated without waiting until the conclusion of the underlying action.

Plaintiffs also request all other relief to which they are justly and equitable entitled.

Dated: June 16, 2006
New York, New York

Respectfully submitted,

LIDDLE & ROBINSON, L.L.P.

By: __/s/_____
Blaine H. Bortnick (BB 3686)

800 Third Avenue, 8th Floor
New York, New York 10022

Attorneys for Plaintiffs

TO: LITCHFIELD CAVO
420 Lexington Avenue, Suite 400
New York, NY 10170
Attention: Daniel T. Hughes, Esq.