UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JEFFREY S. VAUGHN, individually and on behalf of those Class Members similarly situated,

                            Plaintiffs,

-against-

LEEDS, MORELLI & BROWN, P.C., LEEDS, MORELLI & BROWN, LLP., LEEDS & MORELLI, LEEDS, MORELLI & BROWN, PRUDENTIAL SECURITIES, INC., Successor PRUDENTIAL FINANCIAL, INC., WACHOVIA CORPORATION, WACHOVIA SECURITIES, LLC, LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN, and JOHN DOES, JAMES VAGNINI, FREDERIC DAVID OSTROVE, ROBERT JOHN VALLI, JR., DISCRIMINATION ON WALL STREET, INC. and DISCRIMINATION ON WALL STREET MANHATTAN, INC., AND JOHN DOES, ESQS, 1-10 a fictitious designation for presently unknown licensed Attorneys, professionals and/or unknown persons or entities,

                            Defendants.

Civil Case No.: 04 CV 08391 (DLC)

ELECTRONICALLY FILED

**DECLARATION OF DANIEL T. HUGHES IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING FRCP 54(b) CERTIFICATION**

------------------------------------------------------------x

DANIEL T. HUGHES, an attorney duly admitted to practice in the courts of the State of New York and the Southern District of New York, states under penalty of perjury:

    1.    I am a member of the law firm of Litchfield Cavo LLP, attorneys for Leeds, Morelli & Brown, P.C. (incorrectly sued herein as Leeds, Morelli & Brown LLP, Leeds & Morelli, Leeds Morelli & Brown), Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederic David Ostrove and Robert John Valli, Jr. I submit this affirmation in opposition to plaintiffs' motion seeking entry of final judgment under FRCP 54(b) of this Court's March 20, 2006 Order dismissing five of the individual defendants. I am familiar with the files maintained by said law firm regarding the facts and circumstances of this matter.

2. True and correct copies of the following documents are attached hereto:

    Exhibit A: October 28, 2005 correspondence addressed to the New York Stock Exchange, authored by Jeffrey L. Liddle of Liddle & Robinson, LLP requesting the arbitrators issue an order and decision declaring that Vaughn may pursue his class action claims in court.

3. Based on this Affirmation and the exhibits attached hereto and for the arguments set forth in the accompanying Memorandum of Law, defendants respectfully request that this Court deny the plaintiff's application to direct entry of final judgment under FRCP 54(b) of the Court's March 20, 2006 order together with such relief as is just and proper.

Dated: New York, New York
       July 14, 2006

Yours, etc.,

LITCHFIELD CAVO LLP

_____
By: Daniel T. Hughes (4622)
420 Lexington Avenue, Suite 1750
New York, New York 10170
(212) 434-0100
Attorneys for Defendants
Leeds, Morelli & Brown, P.C. (incorrectly sued herein as Leeds, Morelli & Brown LLP, Leeds & Morelli, Leeds Morelli & Brown), Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederic David Ostrove and Robert John Valli, Jr.

To: Blaine H. Bortnick
     Liddle Robinson, LLP
     Attorney for Plaintiff
     685 Third Avenue
     New York, New York 10022
     (212) 687-8500

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

**JUDITH CRESPO**, being sworn, deposes and says: I am not a party to the action, am over 18 years of age, reside in New York, New York, and am employed in the office of Litchfield Cavo.

On the 14th day of July, 2006, I served a true copy of the annexed DECLARATION OF DANIEL T. HUGHES IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING FRCP 54(b) CERTIFICATION, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known addressee(s) as indicated below:

TO: Blaine H. Bortnick
    Liddle Robinson, LLP
    685 Third Avenue
    New York, New York
    (212) 687-8500

_____
JUDITH CRESPO

Sworn to before me this
14TH day of July, 2006

_____
Notary Public

KEVIN L. SPAGNOLI
Notary Public, State of New York
No. 02SP6070132
Qualified in New York County
Commission Expires February 19, 2010

EXHIBIT "A"

## LIDDLE & ROBINSON, L.L.P.

600 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

SAMUEL FINKELSTEIN (1906-1996)
MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

AFFILIATE OFFICES:
THE LAW OFFICES OF JAMES R. HUBBARD
11300 U.S. HIGHWAY ONE, SUITE 303
NORTH PALM BEACH, FL 33408
(561) 615-8100
E-MAIL: jliddle@liddlerobinson.com

ROBERT S. CLEMENTE
OF COUNSEL

DAVID MAREK
CANDACE M. ADIUTORI
LEILA I. NOOR
JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
JOHN A. KAROL
ALYSON C. BRUNS
LISA D. SIDMAN*

*AWAITING ADMISSION

October 28, 2005

Karen Kupersmith, Esq.
Director of Arbitration
New York Stock Exchange, Inc.
20 Broad Street
New York, NY 10005

Re: Jeffrey S. Vaughn, individually and on behalf of those class members similarly situated v. Leeds, Morelli & Brown, P.C., Leeds, Morelli & Brown, L.L.P., Leeds & Morelli, Leeds, Morelli & Brown, Prudential Securities, Inc., Prudential Financial, Inc., Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederic David Ostrove, Robert John Valli, Jr., DISCRIMINATION ON WALL STREET, INC., DISCRIMINATION ON WALL STREET MANHATTAN, INC., and JOHN DOES, 1-10 and JANE DOES, 1-10 a fictitious designation for presently and unknown licensed attorneys, professionals and/or unknown persons or entities

Dear Ms. Kupersmith:

We represent the claimant, Jeffrey S. Vaughn ("Vaughn"), and submit this matter pursuant to Rule 600(d)(ii) of the Arbitration Rules of the New York Stock Exchange, Inc. and the Opinion and Order of the Hon. Denise Cote, U.S. District Judge (S.D.N.Y.) dated August 12, 2005 (Exhibit A) compelling submission to arbitration the issue of whether the underlying claims may be pursued as a class action in court. Accordingly, Vaughn seeks an expedited hearing before an arbitration panel for an order and decision granting Vaughn leave to return to court to pursue his class action claims, notwithstanding the arbitration provision providing for arbitration under the rules of the New York Stock Exchange.

LIDDLE & ROBINSON, L.L.P.

Karen Kupersmith, Esq.                            -2-                            October 28, 2005

    Vaughn brought a putative class action in the United States District Court for the Southern District of New York against his employer and the lawyers he retained to represent him in an employment discrimination dispute against his employer. In his amended complaint Vaughn alleges that the settlement agreement ("Settlement Agreement") that resolved his dispute was a product of secret collusion between his employer and his lawyers. (Exhibit B – Amended Complaint)

    The Defendants moved to dismiss and compel arbitration pursuant to the provisions of the Settlement Agreement. Vaughn objected, contending that the arbitration provision does not control, because the arbitration rules provided for in the Settlement Agreement (NYSE and NASD) do not permit class actions, and his lawyers are not parties to the Agreement.

    In her decision, Judge Cote reasoned that, under <u>Green Tree Fin. Corp. v. Bazzle</u>, 53 9 U.S. 444 (2003), the Court was limited to determining certain gateway matters, such as whether the parties have a valid arbitration agreement or whether the arbitration clause applies to the controversy. The Court concluded that the question of whether the arbitration provision applies to an action brought as a class action is a matter for the arbitrators to decide.

    The Court further held that, under the principles of estoppel, the Leeds defendants, as non-signatories to the Settlement Agreement, could compel arbitration of Vaughn's claims. The Court based its decision on the fact that the issues sought to be resolved are intertwined with the Settlement Agreement.

    Accordingly, Vaughn submits this matter to the arbitrators to decide, taking into account the purpose and intent of Rule 600(d), whether Vaughn may pursue his class action claims in court. The arbitration provision of the Settlement Agreement, by virtue of the fact that it provided for arbitration only under the rules of the NYSE or NASD, demonstrates the intent of the parties that the arbitration provision <u>not</u> apply to claims "encompassed by a putative or certified class action."

    The NYSE, following an amendment to the Uniform Code of Arbitration ("UCA") adopted by the Securities Industry Conference of Arbitration ("SICA"), amended its arbitration rules in 1995 to include Rule 600(d), "Class Actions." The Rule provides:

  (i)  A claim submitted as a class action shall **not** be eligible for arbitration under the Rules of the New York Stock Exchange, Inc.

  (ii)  Any claim filed by a member or members of a putative or certified class action is also <u>**ineligible for arbitration at the New York Stock Exchange, Inc. if the claim is encompassed by a putative or certified class action filed in federal or state court**</u>,

LIDDLE & ROBINSON, L.L.P.

Karen Kupersmith, Esq.                          -3-                          October 28, 2005

> or is ordered by a court to a non SRO arbitration forum for class-wide arbitration....

NYSE Rule 600(d)(i-ii) (emphasis added).[1]

Moreover, in direct violation of NYSE Rules, the respondents have sought to enforce the arbitration clause contained in Vaughn's Settlement Agreement. In that regard, the NYSE Rules provide:

> (iii)   No member, allied member, member organization and/or associated person **shall seek to enforce any agreement to arbitrate against a customer, member, allied member, member organization and/or associated person that has initiated in court a putative class action** or is a member of a putative or certified class with respect to any claims encompassed by the class action....

NYSE Rule 600(d)(iii)(emphasis added).[2]

The clear intent of SICA and the NYSE was to preserve the right for parties, including members, associated persons and investors, to pursue class action claims in court. In fact, in approving the adoption of NYSE Rule 600(d), the SEC stated:

> Over the years, the courts have developed procedures and expertise for managing class action litigation and duplicating the often complex procedural safeguards necessary for these lawsuits is unnecessary. In addition, access to the courts for class action litigation should be preserved for claims filed by members, allied members, member organizations, and associated persons against other members, allied members, member organization, and associated persons, as well as for claims involving investors. Hence, this rule change should provide a sound procedure for the management of class action disputes, should promote the efficient resolution of these types of class action disputes and should prevent wasteful litigation over the possible applicability of agreements to arbitrate between members, allied members, member organization, and associated persons, notwithstanding the exclusion of class actions from NYSE arbitration.[3]

---

[1] NASD Code of Arbitration Procedure Rule 10301(d) is virtually identical.
[2] Again, NASD Code of Arbitration Procedure Rule 10301(d) is virtually identical.
[3] SEC Release No. 34-36222; File No. SE-NYSE-95-25 (September 13, 1995) 60 F.R. 181 at page 48576 (September 19, 1995) (Attached as Exhibit C).

LIDDLE & ROBINSON, L.L.P.

Karen Kupersmith, Esq. -4- October 28, 2005

It was the clear intent and purpose of the NYSE in adopting Rule 600(d) to preserve a party's right to proceed in court with class action claims and that such claims were not waived by virtue of a provision to arbitrate "any claim or controversy." It was not the intent of the NYSE or the SEC that a party would be precluded from bringing a class action claim in court by virtue of the dispute being within those which may be subject to an arbitration agreement. On the contrary, the rule was intended to prevent a party from using the agreement to arbitrate as a vehicle to preclude class actions.

Accordingly, Vaughn respectfully requests that the arbitrators issue an order and decision declaring that Vaughn may pursue his class action claims against respondents in court. Vaughn further seeks reimbursement of his filing fee, hearing deposit as well as costs and attorneys' fees incurred in bringing this action, especially given respondents violation of NYSE rules in attempting to compel arbitration.

Respectfully submitted,

Jeffrey L. Liddle

JLL/dlw

## Uniform Submission Agreement

# NYSE

_____
(Name of Sponsoring Organization With Which Claim is to be Filed)

In the Matter of the Arbitration Between:

Name(s) of Claimant(s) (Please print or type)     Name(s) of Respondent(s)

Jeffrey S. Vaughn, individually and   See attached list.

on behalf of those class members and  _____

similarly situated.   _____

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached Statement of Claim, Answers, and all related Counterclaims, and/or Third-Party Claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations, and/or Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgement and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties here by voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgement.

5. IN WITNESS HEREOF, the parties hereto have signed and acknowledged the foregoing Submission Agreement.

Claimant(s) Signature(s)   *[signed: Jeffry Vau...]*       Respondent(s) Signature (s)

FOR CLAIMANTS WHO ARE INDIVIDUALS*

State of __New York__, County of __New York__, ss: _____

On the __26__ day of __October, 2005__, _____, before me personally appeared _____ to me known and known to me to be the person(s) who executed the foregoing instrument, and ( he ) acknowledge to me that ( he ) executed the same.

JAMES A. BATSON
Notary Public, State of New York
No. 31-5026277
Qualified in New York County
Commission Expires June 12, 2006

*[signed: James A. Batson]*
Notary Public

* A corporate claimant is required to execute an acknowledgement in the form approved by the state in which it has its principal office. If assistance is required, please contact the Director of Arbitration.

av1666.5/25

## ATTACHED LIST OF RESPONDENTS

Leeds, Morelli & Brown, P.C.,
Morelli & Brown, L.L.P.,
Leeds & Morelli.,
Leeds, Morelli & Brown,
Prudential Securities, Inc.,
Prudential Financial, Inc..,
Lenard Leeds,
Steven A. Morelli,
Jeffrey K. Brown,
James Vagnini,
Frederic David Ostrove,
Robert John Valli, Jr.,
DISCRIMINATION ON WALL STREET, INC.,
DISCRIMINATION ON WALL STREET MANHATTAN, INC.,
And
JOHN DOES, 1-10 and JANE DOES, 1-10, a fictitious designation for presently and unknown licensed attorneys, professionals and/or unknown persons or entities