UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
JEFFREY S. VAUGHN, individually and on behalf
of those Class Members similarly situated,

                                                Plaintiffs,            Civil Case No.: 04 CV 08391

    -against-

LEEDS, MORELLI & BROWN, P.C., LEEDS,
MORELLI & BROWN, LLP., LEEDS & MORELLI,
LEEDS, MORELLI & BROWN, PRUDENTIAL
SECURITIES, INC., Successor PRUDENTIAL
FINANCIAL, INC., WACHOVIA CORPORATION,
WACHOVIA SECURITIES, LLC, LENARD LEEDS,
STEVEN A. MORELLI, JEFFREY K. BROWN, and
JOHN DOES, JAMES VAGNINI, FREDERIC DAVID
OSTROVE, ROBERT JOHN VALLI, JR.,
DISCRIMINATION ON WALL STREET, INC. and
DISCRIMINATION ON WALL STREET
MANHATTAN, INC., AND JOHN DOES, ESQS,
1-10 a fictitious designation for presently unknown
licensed Attorneys, professionals and/or
unknown persons or entities,

                                                Defendants.
_____x

MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO DIRECT ENTRY OF TRIAL JUDGMENT,
PURSUANT TO FRCP 54(B), ON THE COURT'S ORDER, DATED MARCH 20, 2006

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................... 2

II.  PROCEDURAL BACKGROUND ......................................................... 2

III. ARGUMENT ........................................................................................... 5

A.   It would be an improvident exercise of the Court's
     discretion to grant Rule 54(b) certification under the circumstances ............... 5

B.   Rule 54(b) certification would promote,
     rather than prevent piecemeal litigation and appeal .................................. 7

C.   Plaintiff cannot justify departure from established federal principles governing
     the timing of appeals in the absence of substantial injustice or hardship .......... 10

IV.  CONCLUSION AND REQUESTED RELIEF ......................................... 11

# TABLE OF AUTHORITIES

**Cases:**

*Ansom Assoc., Inc. v. Cola Petroleum*, 760 F.2d 442, 445 (1985) ........................... 6

*Arlinghaus v. Ritenour*, 543 F.2d 461 (2d Cir. 1976) ......................................... 6

*Clelland v. Glines*, 2003 U.S. Dist. LEXIS 1353 * 12, *affirmed*,
96 Fed. Appx. 660 (10th Cir. 2004) ............................................................ 5

*Cullen v Margiotta*, 618 F.2d 226, at 228 (2d Cir. 1980) .................................... 9

*Curtis-Wright Corp. v. GE Co.*, 446 U.S. 1, 8 (1980) ........................................ 5-6

*See Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) ...... 3, *et seq.*

*In re Aetna Industries, Inc.*, 340 B.R. 252 (Bkrtcy. D. Del., 2006) ........................... 6

Statutes and Rules:

F.R. Civ. P. 3(m) ................................................................................ 11

F.R. Civ. P. 54(b) ............................................................................ 2, *et seq.*

## I. INTRODUCTION

This memorandum of law is filed on behalf of the individual defendants, Lenard Leeds, Steven A. Morelli, James Vagnini, Fredric David Ostrove and Robert John Valli, Jr. (collectively "the five individual defendants") in opposition to plaintiff's motion seeking to direct entry of a final judgment, pursuant to FRCP 54(b), on this Court's March 20, 2006 order, which dismissed the five individual defendants from this litigation for lack of jurisdiction due to plaintiff's failure to serve them in timely fashion

Plaintiff seeks FRCP Rule 54(b) certification of the order to allow an immediate appeal of the decision. In doing so, plaintiff asks this Court to disregard its earlier Order of August 12, 2005, in which the Court stayed the federal action pending arbitration of plaintiff's claims, including those pled against the five individual defendants and the fact that federal jurisdiction is not a necessary predicate for arbitration of plaintiff's claims. Plaintiff also asks this Court to flaunt the standard articulated by the Second Circuit, which only permits certification pursuant to Rule 54(b) under "special circumstances".[1] Under these circumstances, it would be an improvident exercise of the Court's discretion to direct a final order before determination of the claims against all parties, including the five individual defendants, in arbitration inasmuch as there is no danger of prejudice, hardship or injustice to any party *if plaintiff complies with the Court's order in favor of arbitration*. Judicial economy would best be served by a single appeal of <u>all</u> issues against all parties, rather than piecemeal appeal and collateral attack on the Court's arbitration decision that would result if plaintiff's motion is granted.

## II. PROCEDURAL BACKGROUND

A brief procedural background of the relevant proceedings is rendered in the plaintiff's Memorandum of Law. Although much of that recitation is accurate, the plaintiff's version

contains certain material errors and omissions which the five individual defendants believe result in a distortion of the record before the Court.

At the outset, it is undisputed that plaintiff has *never*, to this day, attempted to file any affidavit of service claiming that service was attempted on any of the five individual defendants which this Court determined was "utter lack of concern" on the part of *present* counsel as to whether jurisdiction was obtained. *See, Vaughn v. Leeds, Morelli & Brown, et al.* ("*Vaughn*"), March 20, 2006 Order, pg. 4. Indeed, plaintiff's counsel continues to offer the excuse of its reliance on "original counsel" that all of the defendants had been served with the summons and complaint -- an excuse that was rejected outright by this Court. Thus, this Court relied on its factual determination that plaintiff's *present* counsel repeatedly stipulated with defense counsel under circumstances by which present counsel should have known that the five individual defendants were not served. *See Vaughn* Order, dated March 20, 2006, pg. 3-4. Indeed, the initial conference, originally scheduled for January 21, 2005, was adjourned to March 4, 2005 at the request of plaintiffs' present counsel. It was well after Vaughn's present counsel's entry into the case that the time to effect service expired. Simply put, blaming co-counsel for failure to serve is not an adequate explanation to excuse non-service. Thus, the Court rejected present counsel's excuses.

Moreover, present counsel's efforts to lay blame on prior counsel rely on wholly fictitious grounds. Vaughn's purported "original counsel", Angela Roper, Esq., does not characterize her own role as prior counsel. Instead, according to the Affidavit of Angela Roper, Esq., dated May 23, 2005, offered as Exhibit "B" to plaintiff's moving affirmation, Ms. Roper describes her relation to Vaughn's present counsel as "co-counsel" and not predecessor counsel. Thus, as co-counsel, Ms. Roper continues to represent Vaughn in this action and just as clearly

---

[1] *See Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992).

had knowledge that the five individual defendants were not properly served. Vaughn's present counsel blames their own co-counsel for defective service, not some attorney from the distant past who had only a passing interaction with Mr. Vaughn or his co-plaintiffs.

Finally, plaintiff omits any mention of his misleading filing with the New York Stock Exchange, ("NYSE") in or around October 28, 2005, in which, rather than submitting his dispute to arbitration as the Court directed, the plaintiff requested the NYSE to, in essence, overrule this Court's ruling regarding arbitrability of the dispute. Significantly, the plaintiff's "submission" to the NYSE named the five individual defendants as respondents. [The October 28, 2005 correspondence and list of respondents is annexed to the Hughes affirmation as Exhibit "A"]. [2] While this Court rejected plaintiff's tactics outright, (See, endorsement by Judge Cote, denying plaintiff's application to reconsider) the plaintiff's NYSE application is emblematic of plaintiff's disregard of the Court's directives and the fact that the plaintiff and his counsel are well aware of the fact that the absence of federal jurisdiction over the five individual defendants is immaterial to the plaintiff's ability to name them in properly and timely commenced arbitration. In fact, we have been advised that plaintiff has recently filed documents to commence an arbitration before the National Association of Security Dealers ("NASD"), which, upon information and belief, again includes the five individual defendants as respondents. Accordingly, if plaintiff has been deprived of a forum to present his claims as alleged, it is solely a result of his own inaction and delay.

---

[2] The Vaughn plaintiffs have recently filed a claim with the NASD seeking arbitration of their claims.

### III. ARGUMENT

A. **It would be an improvident exercise of the Court's discretion to grant Rule 54(b) certification under the circumstances.**

Because certification under Rule 54(b) is permissive, not mandatory, it is in the district court's exercise of discretion to grant or refuse Rule 54(b) certification. *See, Clelland v. Glines*, 2003 U.S. Dist. LEXIS 1353 * 12, *affirmed*, 96 Fed. Appx. 660 (10th Cir. 2004). Thus, it is left to the sound judicial discretion of the district court to determine the appropriate time when a decision in a multiple claims action is ready for appeal. It has thus been stated that "...Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions." *Clelland, supra at * 12*. Indeed, the Second Circuit has specifically state:

> Where the complaint is dismissed as to one but not others, the Court should not, as a general matter, direct entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants...

*See Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992).

Plaintiff offers nothing more than the fact that the jurisdictional dismissal against the five individual defendants concluded the federal action against them as a basis for Rule 54(b) certification. Such argument is unavailing. The rule in the Second Circuit is that interlocutory appeal is barred when it implicitly involves issues pending before the lower court, and is not normally permitted unless liability of all parties has been adjudicated. *See Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992). Thus, it has been ruled that certification under Rule 54(b) is only appropriate when there are "interests of sound judicial administration" and efficiency to be served, or in the "harsh case". See Id; quoting *Curtis-Wright*

*Corp. v. GE Co.*, 446 U.S. 1, 8 (1980); Ansom Assoc., Inc. v. Cola Petroleum, 760 F.2d 442, 445 (1985).

Indeed, the Supreme Court has explained that "not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[3] *In re Aetna Industries, Inc.*, 340 B.R. 252 (Bkrtcy. D. Del., 2006) (citing Supreme Court case law, regarding Rule 54(b), and commenting that "entry of judgment under Rule 54(b) is the exception, not the rule"). In *Arlinghaus v. Ritenour*, 543 F.2d 461 (2d Cir. 1976) the Court dismissed an appeal based upon a premature Rule 54(b) certification because "...the mere existence of multiple parties and the dismissal of same do not afford sufficient warrant for entry of final judgment under F.R. Civ. P. 54(b)...") Indeed, the Court overturned the district court's certification even though no party had objected to the certification. Id. at 463-64

Contrary to plaintiff's submission, no discretionary certification of the Order in dispute should be granted inasmuch as certification would cause rather than prevent piecemeal litigation and there is no injustice or harshness resulting from plaintiff's abiding by the Court's determination that *all* claims should be arbitrated. *See Hogan*, 961 F.2d at 1026 ("absent any special circumstances indicating that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered, disposing all of the claims of all of the parties, will cause unusual hardship or work and injustice, the district court's preference to have pretrial appellate review of its (order) is an improper basis for entry of an immediate partial final judgment.")

---

[3] In fact, the claims against the five individual defendants are not separable and are intertwined with the remaining claims asserted by plaintiff.

B.  **Rule 54(b) certification would promote,
rather than prevent piecemeal litigation and appeal.**

Despite plaintiff's acknowledgement that the federal law abhors piecemeal litigation, certification of this Court's order would nevertheless have that result. In fact, it is plain that plaintiff's claims against the five individual defendants are not severable from his claims against the remaining defendants as they rely on identical facts, theories and are subject to the same contractual and common law defenses. On August 12, 2005, this Honorable Court granted defendants' motion to compel arbitration of all claims, including those asserted against co-defendant Prudential Securities, Inc. and the "Leeds Defendants" including the five individual defendants. *See, Vaughn* Order, dated August 12, 2005. Accordingly, the Court directed that the case was stayed pending resolution of the arbitration proceedings. In so doing, the Court specifically held that the claims against the Leeds Defendants were intertwined with the arbitration agreement and claims asserted against Prudential Securities, Inc. *See Vaughn* Order, dated August 12, 2005. Plaintiff's assertion at this time that the claims against the five individual defendants are somehow severable for purpose of Rule 54(b) certification is in direct contravention of this Court's Order to the contrary.

In fact, the claims against the five individual defendants are not severable inasmuch as all claims arise in connection with Leeds' legal representation of plaintiff in connection with his claims against Prudential Securities. There are no "individual" claims enunciated by the plaintiff against any individual defendant which are unique and distinctive from those asserted against the remaining defendants, and therefore severable from those brought against Leeds or Prudential. Accordingly, plaintiff's appeal of the dismissal for lack of jurisdiction, risks collateral attack on this Court's other determinations, which included parties who will not be subject to Rule 54(b) certification. It would, moreover, result in multiple appeals as those issues which are inextricably

intertwined with plaintiff's claims against the remaining defendants might still be subject to later appeal by some or all of the parties.

The fact that the Court dismissed the action on March 20, 2006, as against the five individual defendants, solely for failure to obtain personal jurisdiction over them does not create severable claims. Indeed, the Court's order stated:

> The remainder of the motion to dismiss filed by the Leeds Defendants is denied with leave to be renewed through a letter request filed within thirty days of the stay being lifted.

Thus, the plaintiff's claims may be (and are apparently are being) pursued in an arbitration forum, with any remaining issues still to be dealt with only if the stay is lifted. Federal jurisdiction is not a prerequisite for the plaintiff to go forward with his claims against the five individual defendants. Indeed, it is plain from plaintiff's aborted pretextual filing with the NYSE in October 2005, in which he requested that the NYSE *decline* to hear claims against respondents, including the five individual defendants, that plaintiff has been aware of his right to proceed against the five individual defendants since this Court's order almost one year ago.

Inasmuch as the claims against all the defendants are intertwined, the hearing of the appeal of the jurisdictional dismissal out of turn potentially will result in piecemeal appeals and potentially inconsistent results. For example, *if* the Court of Appeals were to overturn jurisdictional dismissal against the five individual defendants, the claims would nevertheless be stayed pursuant to the Court's August 12, 2005 decision. Accordingly, an appeal subsequent to the arbitration would be possible. Alternatively, the plaintiff's might seek appeal or adjudication as to claims and defenses that are intertwined and identical to those concerning the remaining Leeds defendants and Prudential Securities, which might later be appealed as well. Under either circumstance, plaintiff should not be permitted to evade the consequence of this Court's

determinations by merely severing and appealing claims that plaintiff failed to timely commence in the first instance, while refusing to proceed with arbitration to have his claim adjudicated in the proper forum. Thus, among other concerns, an order, subsequent to possible reversal of this Court's dismissal of the action against the individual defendants, might engender another collateral attack against this Court's prior rulings

On the other hand, it would be in the best interests of sound judicial economy to allow an appeal to follow adjudication through arbitration of all claims against all defendants. It is thus incumbent on plaintiff to commence, through timely and proper procedure as provided by the NASD, arbitration of his claim. Then, at the conclusion of arbitration, should the case ever return to Court and be finally disposed of in that forum, a single, unified appeal of the Court's rulings throughout this matter, including the jurisdictional issues, would be the most efficient administration of judicial resources. Moreover, if neither plaintiff nor defendants are aggrieved by the outcome of the arbitration, it is possible that no appeal will be necessary as the jurisdictional issue will be moot.

The common thread running through all the decisions touching upon the discretionary power granted by Rule 54(b) is the constant admonition to avoid "piecemeal appeals". *Cullen v Margiotta*, 618 F.2d 226, at 228 (2d Cir. 1980). In the present case, the Court's March 20, 2006 order should only be appealed after arbitration is concluded, and should the parties return to court and the stay is lifted.

"Rule 54(b) empowers district courts to enter final judgment in some, but not all of the claims in a multiple claim action 'only upon an express determination that there is no just reason for delay.'" *Id.* at 228. An appeal of the Court's March 20, 2006 order is unnecessary as the federal action is stayed and plaintiffs have finally expressed their determination to proceed to

arbitration against all defendants. Moreover, there is no reason that the plaintiff's appeal should be taken out of turn in light of the real threat of multiple appeals or collateral attacks on the Court's initial rulings.

C. **Plaintiff cannot justify departure from established federal principles governing the timing of appeals in the absence of substantial injustice or hardship.**

Plaintiff's claim of harm if he is not permitted to immediately perfect his appeal relies on the false claim that the dismissal is tantamount to a default judgment which is disfavored by the Court. However, plaintiff can point to no case that states that Rule 54(b) certification is justified whenever a case is not decided on its merit. Such a principle would run afoul of the reticence that the courts show in granting Rule 54(b) applications as well as the Court's inherent discretion in determining the underlying application for an extension under Rule 3 (m).

Moreover, equating dismissal of the federal action against the five individual defendants with a "default judgment" is hardly accurate when these same defendants face arbitration on the same claims as originally articulated in the federal litigation. Plaintiff is aware that federal jurisdiction is not necessary for commencement of the arbitration against the defendants.

It is submitted that far from injustice to the plaintiff, the interests of justice weigh heavily against certification at this time. Whereas the plaintiff was a full participant in all applications before the Court, should the claims against the five individual defendants be severed, they will be deprived of the stay that was issued on their behalf so that the matter could proceed in arbitration. Moreover, both Prudential Securities and the remaining Leeds defendants would be deprived of any participation in issues that could directly or collateral impact the claims against them.

Finally, it should be pointed out that none of the cases cited in plaintiffs' Memorandum of Law utilize the concepts of novel or "important legal issues" to justify the requested

certification. Plaintiffs' counsel argues at some length that the lack of guidance in the Second Circuit, regarding a request for an extension of time for service under FRCP 3(m), provides a sufficient basis for certification. However, no cases are offered for this proposition; instead, plaintiffs only provide the Court with a discussion of the relative merits of "good cause" in determining whether an extension is warranted. In so doing, the plaintiff overlooks the plain language of the Court's decision. Accordingly, the plaintiff's claimed "lack of guidance" should not be deemed a factor, in considering a request for 54(b) certification, where the subject for which he seeks guidance was not the basis of the discretionary denial in the first instance and such a grant would stand in the way of sound judicial administration of the case.

### IV. CONCLUSION AND REQUESTED RELIEF

For the reasons set forth in the within Memorandum of Law, Defendants respectfully request that the Court deny the plaintiffs' application for Rule 54(b) certification of the Court's March 20, 2006 Order, together with such other, further relief as the Court deems just and proper.

Dated:  New York, New York
        July 12, 2006

By: _____
LITCHFIELD CAVO L.L.P.
Daniel T. Hughes (DTH-4622)
Attorneys for Defendants Leeds, Morelli &
Brown, P.C. (incorrectly sued herein as
Leeds, Morelli & Brown, LLP, Leeds &
Morelli, and Leeds, Morelli & Brown),
Lenard Leeds, Steven A. Morelli, Jeffrey K.
Brown, James Vagnini, Frederic David
Ostrove, and Robert John Valli, Jr.

To:  Blaine H. Bortnick, Esq.
     Liddle Robinson, LLP
     Attorneys for Plaintiff
     685 Third Avenue
     New York, New York