UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
JEFFREY S. VAUGHN, individually and on                         :  **ELECTRONICALLY FILED**
behalf of those Class Members similarly situated,              :
                                                               :  Case No. 04 Civ. 8391 (DLC)
                        Plaintiff,                             :
                                                               :
        -against-                                              :
                                                               :
LEEDS, MORELLI & BROWN, P.C., LEEDS,                           :
MORELLI & BROWN, L.L.P., LEEDS &                               :
MORELLI, LEEDS, MORELLI & BROWN,                               :
PRUDENTIAL SECURITIES, INC.,                                   :
PRUDENTIAL FINANCIAL, INC., LENARD                             :
LEEDS, STEVEN A. MORELLI, JEFFREY K.                           :
BROWN, JAMES VAGNINI, FREDERIC                                 :
DAVID OSTROVE, ROBERT JOHN VALLI,                              :
JR., DISCRIMINATION ON WALL STREET,                            :
INC. DISCRIMINATION ON WALL STREET,                            :
MANHATTAN, INC., JOHN DOES, 1-10 AND                           :
JANE DOES, 1-10 a fictitious designation for                   :
presently unknown licensed attorneys,                          :
professionals and/or unknown persons or entities,,             :
                                                               :
                        Defendants.                            x
-------------------------------------------------------------- 

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION TO DIRECT ENTRY OF FINAL
JUDGMENT UNDER FED. R. CIV. P. 54(b) OF THE COURT'S MARCH 20, 2006
<u>ORDER DISMISSING FIVE INDIVIDUAL DEFENDANTS</u>**

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES .................................................................................................. iii-iv

I. INTRODUCTION .......................................................................................................... 1

II. PROCEDURAL BACKGROUND ................................................................................ 2

III. ARGUMENT AND AUTHORITIES

      A.    Defendants Misinterpret Relevant Case Law ......................................................... 5

      B.    The Dismissal of the Five Individual Defendants
           Is Not Covered by the August 12, 2005 Stay ......................................................... 7

IV. CONCLUSION AND REQUESTED RELIEF ........................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442 (2d Cir. 1985) .................. 2

*Arlinghaus v. Ritenour*, 543 F.2d 461 (2d Cir. 1976) ....................................................... 2

*Clelland v. Glines*, 2003 U.S. Dist. LEXIS 1353 (D. Kan. Jan. 29, 2003) ........................ 3

*Freeplay Music, Inc. v. Cox Radio, Inc., et al.*, 2005 WL 2464571 (S.D.N.Y. Oct. 5, 2005) ................................................................................................................................. 3

*Ginnett v. Computer Task Group, Inc.*, 962 F.2d 1085 (2d Cir. 1992) .............................. 4

*Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021 (2d Cir. 1992) .................................... 2

**Statutes**

Fed. R. Civ. P. 54(b) ................................................................................................ passim

## I. INTRODUCTION

Jeffrey S. Vaughn, individually and on behalf of those class members similarly situated ("Plaintiffs"), files this Reply Memorandum of Law in support of his motion requesting the Court to direct that its March 20, 2006 Order (the "Order"), dismissing all of Plaintiffs' claims against individual Defendants Lenard Leeds, Steven A. Morelli, James Vagnini, Federic David Ostrove, and Robert John Valli, Jr., (collectively "the Five Individual Defendants") be entered as a final judgment under Fed. R. Civ. P. 54(b) so the Plaintiffs may pursue an immediate appeal.

In Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion, Defendants misinterpret the relevant case law by suggesting that an order dismissing certain parties on procedural grounds is not appropriate for entry of final judgment under Rule 54(b). And while Defendants fail to cite a single case that appropriately supports that proposition, recent case law indicates that the Order is exceptionally well suited for certification under Rule 54(b).

Moreover, contrary to the assertions of the Five Individual Defendants, the requested relief does not require the Court to disregard its Order of August 12, 2005 (the "Stay Order") (attached to the accompanying Affirmation of Blaine H. Bortnick as Exhibit A), staying the federal action pending the resolution of the arbitration proceedings. Rather, directing entry of final judgment will permit the resolution of the issue of personal jurisdiction that the Five Individual Defendants raised when they filed their Motion to Dismiss on April 22, 2005.

1

## PROCEDURAL BACKGROUND

A brief procedural background of the relevant proceedings is set forth in the Plaintiffs' June, 16, 2006 Memorandum of Law, and those facts are hereby incorporated by reference.

### II.   ARGUMENT AND AUTHORITIES

#### A. Defendants Misinterpret Relevant Case Law

In their Memorandum in Opposition, the Defendants argue that the Order dismissing the Five Individual Defendants is not appropriate for a directed entry of final judgment under Fed. R. Civ. P. 54(b). However, the Defendants have misinterpreted the case law and the precedent in the Second Circuit. Certification under Rule 54(b) will not result in piecemeal litigation, but rather will merely resolve a collateral issue and actually work to further the interests of judicial economy.

Defendants cite cases that are clearly distinguishable from the present case, which involves the dismissal of parties on purely procedural grounds. In all of the cases Defendants cite, parties had been dismissed on summary judgment or on other bases involving the merits, or the cases involved the dismissal of claims. In *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021 (2d Cir. 1992), claims were dismissed against one party on a motion for summary judgment based on lack of sufficient evidence of negligence that contributed to a fatal accident. In *Arlinghaus v. Ritenour*, 543 F.2d 461 (2d Cir. 1976), a claim for breach of fiduciary duty against multiple defendants was dismissed as to two defendants after the finding that they had made full disclosure of the value of a stock to the plaintiff. In *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760

F.2d 442 (2d Cir. 1985), the case involves <u>claims</u>, not parties, that were dismissed on summary judgment. In *Clelland v. Glines*, 2003 U.S. Dist. LEXIS 1353 (D. Kan. Jan. 29, 2003), the case also involved a motion for certification under Rule 54(b) of dismissal of <u>claims</u>, not parties.

In those cases where parties had been dismissed on the merits, an interlocutory appeal would necessarily involve many of the factual or legal issues that were relevant in the underlying action. In the instant case, however, the action against the Five Individual Defendants was dismissed on purely procedural grounds. The issues that would be addressed on appeal are not intertwined with the issues in the underlying action, but rather are procedural issues collateral to the merits. Accordingly, entry of a final judgment under Rule 54(b) will not result in piecemeal litigation of the same issues on the merits.

Defendants mistakenly argue that, because claims against the Five Individual Defendants are intertwined with those against the remaining Defendants, an appeal will result in piecemeal litigation. Defendants have argued the very opposite of what precedent dictates. One of the main reasons to permit an immediate appeal of the Order is that a separate trial against the Five Individual Defendants would necessarily involve the same underlying facts, and therefore frustrate the goal of judicial economy.

In fact, another Judge on this Court recently concluded that dismissals on the basis of personal jurisdiction are suitable and fit for entry of a final judgment under Rule 54(b) and subsequent appeal. In *Freeplay Music, Inc. v. Cox Radio, Inc., et al.*, 2005 WL 2464571 (S.D.N.Y. Oct. 5, 2005), the complaint was dismissed against one defendant for lack of personal jurisdiction. The Court noted that the claims against the

3

dismissed defendant were "largely identical to those against the other defendants." *Id.*, at *2. Judge Lynch considered the standard for entry of a final judgment under Rule 54(b) and found that an immediate appeal was "in the interest of sound judicial administration," and that it would be more in line with the interest of efficiency and justice. *Id.* at *2-3, citing *Ginnett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992). Defendants' contention that the jurisdictional appeal at issue implicitly involves issues before the lower court, and should therefore be barred, is without merit.

### B. The Dismissal of the Five Individual Defendants Is Not Covered by the August 12, 2005 Stay

Defendants assert that entry of a final judgment on the March 20, 2006 Order and an immediate appeal of the dismissal of the Five Individual Defendants would violate the Stay Order staying the court proceedings pending the resolution of arbitration. However, by entering the March 20, 2006 Order, this Court limited the scope of the Stay Order to the merits of the case. Moreover, principles of equity further dictate that the Plaintiffs be permitted to appeal the March 20, 2006 Order.

Despite issuing the Stay, the Court subsequently issued a decision on the Defendants' previously filed Motion to Dismiss. Clearly, the Court has not stayed this proceeding regarding the issue of dismissal of the Five Individual Defendants. If the Court grants the Plaintiffs' Motion under Fed. R. Civ. P. 54(b), the resolution of the merits will still be preserved pending the outcome of arbitration. Contrary to what Defendants argue, the Stay was not ordered regarding the issues of service or personal jurisdiction – but rather to permit an arbitration forum to determine whether Plaintiffs

affirmatively waived their right to pursue a class action when they signed the settlement agreement with Prudential. As this Court explained in the Opinion and Order granting the Stay, the preliminary issue to be determined at arbitration is "what kind of arbitration proceeding the parties agreed to." Stay at 8 (internal citations omitted).

Principles of equity and fairness require that Plaintiffs be permitted to challenge the Order. The Plaintiffs should not be denied their right to appeal the Order. At present, Plaintiffs are not certain that the Five Individual Defendants will submit to arbitration, and Plaintiffs must preserve their rights in the event the case returns to court.

Plaintiffs' Motion can be granted and the issue of personal jurisdiction may be resolved on appeal, and the Stay would be preserved with regard to the merits of the case, pending the resolution of the arbitration. Therefore, Defendants' argument concerning the Stay is without merit.

### III.   CONCLUSION AND REQUESTED RELIEF

Plaintiffs respectfully request that the Court enter as a final judgment under Fed. R. Civ. P. 54(b) its March 20, 2006 Order dismissing the Five Individual Defendants.

Dated: July 27, 2006
New York, New York

Respectfully submitted,

LIDDLE & ROBINSON, L.L.P.

By: __/s/_____
Blaine H. Bortnick (BB 3686)

5

800 Third Avenue, 8th Floor
New York, New York 10022

Attorneys for Plaintiffs

TO: LITCHFIELD CAVO
420 Lexington Avenue, Suite 400
New York, NY 10170
Attention: Daniel T. Hughes, Esq.

6