UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JEFFREY S. VAUGHN, individually and on behalf of
those class members similarly situated,                                  Index No. 04 Civ. 8391 (DLC)

                              Plaintiffs,

                    -against-

LEEDS, MORELLI & BROWN, P.C., LEEDS, MORELLI
& BROWN, L.L.P., LEEDS & MORELLI, LEEDS,
MORELLI & BROWN, PRUDENTIAL SECURITIES,
INC., PRUDENTIAL FINANCIAL, INC., LENARD
LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN,
and JOHN DOES, JAMES VAGNINI, FREDERIC
DAVID OSTROVE, ROBERT JOHN VALLI, JR.,
DISCRIMINATION ON WALL STREET, INC. and
DISCRIMINATION      ON      WALL      STREET
MANHATTAN, INC. and JOHN DOES, ESQS. 1-10 and
JANE DOES, ESQS. 1-10 a fictitious designation for
presently and unknown licensed attorneys, professionals
and/or unknown persons or entities,

                              Defendants.

------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE
## TO ENFORCE THE COURT'S PRIOR ORDERS COMPELLING ARBITRATION


Shari Claire Lewis, Esq.
Rivkin Radler LLP
926 Reckson Plaza
Uniondale, New York 11556-0926

Of Counsel to:

Daniel T. Hughes, Esq.
Litchfield Cavo L.L.P.
420 Lexington Avenue
New York, New York 10170

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii-iii

PRELIMINARY STATEMENT ............................................................................................. 1

PROCEDURAL HISTORY....................................................................................................... 2

ARGUMENT ............................................................................................................................ 7

POINT I.

VAUGHN SHOULD BE COMPELLED TO ARBITRATE HIS SUBSTANTIVE
CLAIMS BASED UPON THE PRIOR ORDERS OF THIS COURT .......................................... 7

POINT II.

THIS COURT HAS ALREADY PROPERLY CONCLUDED
THAT VAUGHN'S CLAIMS ARE ARBITABLE ...................................................................... 9

POINT III.

VAUGHN SHOULD NOT BE PERMITTED TO MAKE AN
"END-RUN" AROUND THIS COURT'S INTERLOCUTORY
DETERMINATION THAT HIS SUBSTANTIVE CLAIM IS ARBITABLE ............................ 11

POINT IV.

LM&B HAS AND WILL CONTINUE TO BE
PREJUDICED BY VAUGHN'S CONDUCT UNLESS
HE IS COMPELLED TO ABIDE BY THIS COURT'S ORDERS............................................. 13

CONCLUSION ........................................................................................................................ 15

## TABLE OF AUTHORITIES

### CASES

*Adams v. Suozzi*, 433 F.3d 220 (2d Cir. 2005)...........................................................................10

*Benosadoun v. Jobe-Riat*, 316 F.3d 171 (2d Cir. 2003) ..............................................................10

*Credit Suisse First Boston, LLC v. Gonzalez Padilla*,
    2004 U.S. Dist LEXIS 17395 (S.D.N.Y. August 24, 2004) ..............................................12

*DiSorbo v. Hoy*, 343 F.3d 172 (2d Cir. 2003)................................................................................9

*Epperson v. Entertainment Express, Inc.*, 242 F.3d 100 (2d Cir. 2001)........................................9

*Ermenegildo Zegna Corp. v. Lanificro Zegna S.p.A.*, 133 F. 3d 177 (2d Cir. 1998)....................11

*Ferrand v. Credit Lyonanais*, 292 F.Supp.2d 518 (S.D.N.Y. 2003)........................................11, 12

*Green Tree Financial Corp. v. Bazzle*, 539 U. S. 444,
    123 S.Ct. 2402 (2003)..............................................................................................12, 13

*Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*,
    246 F.3d 219 (2d Cir. 2001)..............................................................................................10

*LaPrade, Liddle & Robinson, LLP v. Kidder Peabody & Co. Inc.*,
    330 U.S. App. D.C. 386, 146 F.3d 899 (D.C. Cir. 1998), *aff'd*,
    345 V.S. App. D.C. 358 (D.C. Cir. 2001).......................................................................7, 8

*Levitt v. Lipper Holdings, LLC.*, 2003 U.S. Dist LEXIS 11411
    (S.D.N.Y. July 7, 2003) ..................................................................................................13

*Levitt v. Lipper Holdings, LLC*, 2006 U. S. Dist. LEXIS 18689
    (S.D.N.Y. April 11, 2006)............................................................................................12, 13

*Local Unions 20 v. United Bhd. of Carpenters & Joiners of Am.*,
    2001 U.S. Dist. LEXIS 11209 (S.D.N.Y. 2001)..................................................................9

*Martens v. Thomann*, 273 F.3d 159 (2d Cir. 2001) ....................................................................11

*Maryland Casualty Company v. Realty Advisory Broad on Labor Relations*,
    107 F.3d 979 (2d Cir. 1997)..............................................................................................11

*Newsome v. Brown*, 2005 U.S. Dist. LEXIS 4088 (S.D.N.Y. Mar. 15, 2005) ..............................14

*Tellium, Inc. v. Corning, Inc.*, 2004 U.S. Dist. LEXIS 2289
(S.D.N.Y. Jan. 15, 2004).............................................................................................9, 11, 14

*Vaughn v. Leeds, Morelli & Brown*, 2006 U.S. Dist. LEXIS 11615
(S.D.N.Y. March 20, 2006)..........................................................................................2

## PRELIMINARY STATEMENT

This application seeks an Order enforcing this Court's Orders of August 12, 2005 and December 27, 2006. *See, Vaughn v. Leeds, Morelli & Brown*, 2005 U.S. Dist. LEXIS 16792 (S.D.N.Y. August 12, 2005, Hon. Denise Cote, presiding) ("*Vaughn I*")(A copy of the Court's Order is annexed as Exhibit "A."); Order, dated December 27, 2006, annexed hereto as Exhibit "B" ("*Vaughn II*"). It is necessary due to plaintiff's ongoing efforts to evade the unambiguous determination by this Court that his claim against the defendants should be arbitrated under the contract between the parties. Nevertheless, rather than seek substantive resolution of his claim, plaintiff persists in defiant collateral attack on the Court's decision.

Plaintiff's most recent attack, the submission of a "Statement of Claim" to the National Association of Securities Dealers ("NASD"), asks the NASD to act as an appellate court and overrule the District Court's decision by declaring that the plaintiff's claim is not arbitrable and should proceed in federal court. *See, Statement of Claim to the NASD*, annexed as Exhibit "C" hereto. ("*Statement of Claim*"). Vaughn's tactic is particularly reprehensible in light of this Court's prior rejection of a virtually identical request to the New York Stock Exchange ("NYSE"). *See, "Vaughn II*.

Indeed, more than a year after this Court directed that he do so, plaintiff has *never* submitted his substantive claim for adjudication by an arbitral body. Instead, he has twice requested "arbitration" of the judicially resolved issue of arbitrability. His solicitation of an opinion adverse to the conclusion by this Court is an overt attack on this Court's Order and the

sanctity of this Court's authority, and is outside the scope of the arbitration agreement which governs the dispute.[1]

## PROCEDURAL HISTORY

The action was commenced in or around October 25, 2004. On or about March 15, 2005 an Amended Complaint was filed by the plaintiff, Jeffrey Vaughn ("Vaughn"), styled as a class action, which purported to state a claim for malfeasance in the settlement of employment discrimination claims that Vaughn brought against defendant Prudential Securities, Inc. ("PSI") while represented by defendant Leeds, Morelli & Brown ("LM&B") and its individually named attorneys. It is alleged that in 1998 Vaughn settled his claims against PSI for $200,000.00 through use of an alternative dispute procedure that Vaughn alleges was the result of a "secret agreement" between PSI and LM&B. *See, Vaughn I,* 2005 U.S. Dist. LEXIS 16792 at 2-3.[2]

The settlement was memorialized in a Settlement Agreement and Release ("Agreement") executed by Vaughn on or about October 27, 1998, which, *inter alia,* contained a broad arbitration clause stating that "Any claim or controversy arising out of or related to this Agreement or the interpretation thereof will be settled by arbitration under the then prevailing constitution and rules of the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc..." *See, Vaughn I,* 2005 U.S. Dist. LEXIS 16792 at * 3.

---

[1] Vaughn's maneuvers to evade compliance with this Court's ruling have not been limited to attack in the arbitral fora specified in his Agreement. Presently *sub judice* is Vaughn's application to deem the Court's jurisdictional dismissal of the claims against the individual defendants as a final judgment, months after that dismissal was granted. *See Vaughn v. Leeds, Morelli & Brown,* 2006 U.S. Dist. LEXIS 11615 (S.D.N.Y. March 20, 2006). That application likewise disregards established federal policy that a party proceed with arbitration before appeal of any interlocutory orders, (*See, Discussion, infra)* and that an appeal of a "final order" against less than all defendants could nevertheless implicate the rights of the remaining defendants. Moreover, Vaughn has included the individual defendants among the respondents identified in the *Statement of Claim,* demonstrating his actual knowledge of his ability to press his claim in arbitration against the individuals without resort to federal jurisdiction.

[2] Although Vaughn styled the suit as a class action based on his wholly conclusory allegation that hundreds of other PSI employees with discrimination claims were likewise impacted in their individual settlements (*Vaughn I,* 2005 U.S. Dist. LEXIS 16792 at *4), significant question exists as to whether there is a colorable basis for class treatment, as the claim arises from Vaughn's individual settlement of his individual claim pursuant to Vaughn's settlement agreement with PSI.

2

Both PSI and LM&B moved to dismiss the Amended Complaint and/or to stay the action in favor of arbitration of Vaughn's claim under the broad arbitration clause contained in the Agreement.[3] On August 12, 2005, the Court issued its decision which granted the defendants' motions to compel arbitration of Vaughn's claim and otherwise stayed the case until resolution of the arbitration proceedings. *Vaughn I*, 2005 U.S. Dist. LEXIS 16792 at * 15. The Court reserved decision on the remaining grounds for dismissal.

Indisputably, the gravaman of Vaughn's argument in opposition to defendants' motions – that he should not be compelled to arbitrate his claim under the Agreement because NYSE and NASD rules precluded arbitration of class actions – is identical to the issue that he now presents to the NASD in order to solicit a decision overruling this Court's decision. *Compare, Vaughn I*, 2005 U.S. Dist. LEXIS 16792 at * 5 – 10; *Statement of Claim* pp. 3 - 12. For example, in framing the issue before it, this Court stated that Vaughn argued "… that because the arbitration rules provided for in the Agreement do not permit class actions, and he has styled his claim as a class action, this matter should not be sent to arbitration." *Vaughn I*, 2005 U.S. Dist. LEXIS 16792 at * 5. This Court soundly rejected this argument and expressly held that Vaughn's claim was subject to arbitration whether or not it was styled as a class action. This Court held that:

> "The arbitration clause in the Agreement contains sweeping language concerning the scope of the questions committed to the arbitrators…Even assuming that Vaughn is right and the applicable arbitration rules do, indeed, forbid class action arbitrations under all circumstances, it would be plausible to interpret the arbitration clause to require all claims to be arbitrated and to disallow class actions with no further new qualifications or caveats. Here…the question is not 'whether the parties wanted a judge or an arbitrator to decide whether they agreed to arbitrate a matter' rather 'what kind of arbitration the parties agreed to.'"

---

[3] LM&B successfully argued that under the common law doctrine of estoppel, all claims against LM&B and the individually named attorneys should likewise be arbitrated as the claims were intertwined with the Agreement. *See, Vaughn I*, 2005 U.S. Dist. LEXIS 16792 at *11 - 15.

*Vaughn I*, 2005 U.S. Dist. LEXIS 16792 at *9, *citing, Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003).

Accordingly, this Court definitively determined that Vaughn's claim was subject to arbitration under the Agreement, and that the *only procedural* question for the arbitrator is to determine whether Vaughn's claim would be arbitrated as an individual claim or as part of a class action. In so concluding, this Court acknowledged the prevailing policy in favor of arbitration and that any ambiguity was therefore to be determined in favor of arbitration. *Vaughn I*, 2005 U.S. Dist. LEXIS 16792 at *6. This Court likewise discussed the legal presumption that parties intended the Court, not the arbitrator, to determine questions of arbitrability as well as the Court's discretion to stay any claims that were not arbitrable while arbitration proceeded. *Vaughn I*, 2005 U.S. Dist. LEXIS 16792 at *7.

Vaughn and his counsel have repeatedly and contemptuously mounted assaults on this Court's decision, in disregard of this Court's authority to determine the arbitrability issue at the outset and the policy embodied in federal procedure that provides an appellate process *only after* arbitration of the claim. More than a year after the Court issued its Order compelling arbitration, and more than *eight* years after the settlement of Vaughn's claim and cessation of LM&B's representation, Vaughn's substantive claim has still *never* been presented for adjudication by an arbitrator.[4]

Instead, in or about October 2005, Vaughn submitted a request to the NYSE substantively identical to that contents of the *Statement of Claim* to the NASD, in which he requested that the NYSE refuse arbitration of Vaughn's claim so that he could pursue a federal

---

[4] It is unclear what benefit Vaughn has received from the extended refusal to arbitrate his individual claim, especially as it is likely that adjudication could have been obtained by now had the arbitration been brought as directed. Certainly, the passage of time has added to the already stale nature of the dispute and potentially rendered it untimely, to the extent it was not already time-barred at its inception. Perhaps it can nevertheless be inferred that Vaughn is complicit in his counsel's refusal to commence the arbitration because adjudication would disclose his claim to be without substantive merit absent the *in terrorem* effect of class action exposure.

4

class action. The NYSE declined to entertain Vaughn's request (or any arbitration between the parties) because its rules excluded arbitration of claims against non-members, such as LM&B. Nevertheless, Vaughn's request to the NYSE violated this Court's Order, as he had not submitted his claim for arbitration as he was ordered, but attempted to manufacture a situation whereby compliance with the Order was rendered impossible as a result of his own conduct. Letters were exchanged by the parties with the Court in which Vaughn again attempted to argue that the purported unavailability of class arbitration with the NYSE or NASD rendered his claim inarbitrable. *See* Exhibit "D", Letters dated December 14, 2005 and December 20, 2005 on behalf of PSI; *See also* Exhibit "E", Letters dated December 7, 2005 and December 16, 2005 on behalf of plaintiff. As a result, on December 27, 2005 this Court issued a second Order stating that after reading the letters submitted by plaintiff and defendants, the case remained stayed pursuant to the Court's Opinion and Order of August 12, 2005. *See, Vaughn II.*

Incredibly, Vaughn continues to defy this Court's authority and disobey the Court's Orders in *Vaughn I* and *Vaughn II* by again relying on a distortion of the Court's Opinion in order to solicit an opinion from the NASD that is contrary to this Court's Order. Clearly, the Court's decisions in *Vaughn I* or *Vaughn II* did not cede to any arbitrator the right to overrule this Court's interpretation of federal law or direct what claims should or should not proceed in federal court.

Vaughn's *Statement of Claim* (styled as a class action) was purportedly filed with the NASD on or about May 25, 2006, some five months after the Court rejected identical efforts by

5

its Order in *Vaughn II*. In accordance with NASD procedure, the *Statement of Claim* was served by the NASD itself on the defendants on or about July 31, 2006.[5]

Far from the arbitration he was compelled to participate in should he wish resolution of his purported claims, the *Statement of Claim* is yet another procedural ruse by which Vaughn hopes to manufacture some basis to evade both this Court's rulings and established federal procedure which provides for arbitration and *subsequent appeal* only after arbitration is concluded. To achieve that goal, Vaughn persists in misrepresenting the unequivocal content of *Vaughn I*, which rejected the very arguments that Vaughn submits to the NASD and which the Court rejected again in *Vaughn II. See, e.g., Statement of Claim*, pp. 3, 4, 5 and 12. (e.g., p. 12, "Vaughn respectfully requests that *the arbitrators* issue an order and decision declaring that Vaughn may pursue his class actions claims against defendants *in court*...").

The NASD requires that the defendants respond to the *Statement of Claim* no later than September 15, 2006. *See*, Exhibit "G". The NASD requires that any request for an adjournment of that due date be made first to the adversaries in the dispute. Upon information and belief, a request was made to Vaughn's counsel, Blaine Bortnick, Esq., by counsel for PSI for an extension of time to respond to the *Statement of Claim*. The request was refused.

Accordingly, not only is this application necessitated by Vaughn's continued defiance of this Court's authority, but emergent determination is required due to his counsel's refusal to extend minimal courtesies so that the issue can be resolved by this Court in the course of regular motion practice.

---

[5] It is noteworthy that Vaughn has not only rejected the entire proposed list of "skills/knowledge" options for purpose of selecting potential arbitrators to hear the dispute as he framed it, but also questioned the competency of the entire Northeast Regional Processing Center to handle the matter without the personal attention of the Director of Arbitration. *See*, Letter dated August 15, 2006, on behalf of plaintiff, annexed collectively as Exhibit "F." Without conceding Vaughn's claim, Vaughn's objections further demonstrate that Vaughn's *Statement of Claim* is an extraordinary request for legal determination of an inarbitrable legal dispute in order to overrule the prior to determination of the federal court.

6

## ARGUMENT

## POINT I.

## VAUGHN SHOULD BE COMPELLED TO ARBITRATE HIS SUBSTANTIVE CLAIMS BASED UPON THE PRIOR ORDERS OF THIS COURT

LM&B asks that this Court enforce its prior Orders by compelling Vaughn to arbitrate his purported claim against it, as he was ordered to do in *Vaughn I* and *Vaughn II*. The application is necessitated by Vaughn's defiant refusal to accept this Court's determinations as the law of this case or abide by established federal procedure for review of those determinations in due course, only after arbitration of Vaughn's claim is complete. Vaughn's *Statement of Claim* to the NASD defines a dispute which is not only outside of the scope of the arbitration that this Court directed in *Vaughn I,* but impermissibly solicits the NASD to act as an appellate reviewer of this Court's conclusions as to the issue of arbitrability of the dispute.

It is without cavil that this Court maintains jurisdiction over the dispute and has the authority to compel the parties to abide by its prior rulings. Where, as here, the Court directs arbitration and stays the federal action the district court maintains the right to effect such orders that "protect the proceeding and the effect of its own orders…" *LaPrade, Liddle & Robinson, LLP v. Kidder Peabody & Co. Inc.,* 330 U.S. App. D.C. 386, 146 F.3d 899, 903 (D.C. Cir. 1998), *aff'd,* 345 V.S. App. D.C. 358 (D.C. Cir. 2001).

In *LaPrade,* as here, counsel, Liddle & Robinson, made repeated attempts to undermine the Court's direction that LaPrade arbitrate her claims before the NASD, which included the determination that LaPrade "…could not pursue her civil remedies without first submitting to arbitration". *LaPrade, Liddle & Robinson, LLP, supra.* Nevertheless, the firm interfered with the compliance with the Court's order by filing a second action *after* an order compelling arbitration and staying the first action was entered and unsuccessfully appealed by the firm and, most

7

egregiously, obtaining a stay from the Supreme Court of the State of New York of the very arbitration that had been ordered by the District Court. The District Court enjoined LaPrada and her counsel from engaging in further proceedings before the State of New York which "interfered" with the arbitration proceeding and the jurisdiction of the district court.

Sanctions and attorneys' fees were likewise assessed against Liddle & Robinson, itself, based upon its "vexatious and dilatory tactics" in violation of 28 U.S.C § 192. The Court of Appeals affirmed the District Court's ruling, agreeing that the firm's efforts interfered with the performance of the district court's order. The Circuit Court concluded that if a party was permitted to go to another court in an attempt to avoid the effect of an order, "that party would have an easy route to delay and obstruct the [arbitration] proceedings. The Arbitration Act contemplates no such illogical result and Liddle & Robinson can point to no persuasive authority suggesting that conclusion." *LaPrade,* 146 F.3d at 903.

Liddle & Robinson's tactics and goals in the present matter are indistinguishable from their sanctionable interference with the Court's orders in *LaPrade.* That Liddle & Robinson seek an opinion contrary to this Court's Orders from the NASD rather than another Court, does not negate the delay and obstruction of this Court's Orders that they are attempting to achieve.[6]

It thus appears that yet another order, compelling arbitration, is necessary if the Court's prior Orders are to be effectuated. Vaughn's *Statement of Claim* to the NASD does not seek arbitration of his substantive claim as he was ordered to do in *Vaughn I* and *Vaughn II,* but expressly seeks an opinion, from the NASD that the Court was incorrect in its Orders and that the NASD direct the Court to proceed in a manner contrary to its determination.

___

[6] By this application, LM&B merely seeks enforcement of the Court's prior Orders. It does not address whether Vaughn or Liddle & Robinson should be punished for their contempt of this Court's orders, which is wholly a matter for the Court's discretion.

8

## POINT II.

## THIS COURT HAS ALREADY PROPERLY CONCLUDED
## THAT VAUGHN'S CLAIMS ARE ARBITABLE

Vaughn's submission to the NASD is limited to arbitration of the issue of "arbitrability" despite the fact that this issue was expressly determined by the Court in *Vaughn I* and *Vaughn II* and is outside the scope of the arbitration clause in the relevant Agreement. Accordingly, arbitration of the dispute set forth in Vaughn's Statement of Claim violates this Court's earlier Orders and would result in per se irreparable harm to LM&B.

Vaughn's submission of the issue of arbitrability to the NASD is violative of the doctrine of issue preclusion or collateral estoppel. The doctrine is designed to prevent an unsuccessful party from relitigating in a second proceed an issue of fact or law that was litigation and actually decided in a prior proceeding, so long as the party had a full an fair opportunity to litigate the identical issue in the prior proceeding. *See, Local Unions 20 v. United Bhd. of Carpenters & Joiners of Am.*, 2001 U.S. Dist. LEXIS 11209, 38-39 (S.D.N.Y. 2001); *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001). The fact that Vaughn may seek eventually seek appellate review of this Court's Orders *after* he has proceeded with arbitration as directed, does not preclude application of the doctrine at this state to the NASD proceeding. *See,* DiSorbo v. Hoy, 343 F.3d 172, 183 (2d Cir. 2003)(Even a pending appeal will not preclude collateral estoppel effect of an issue decided in the earlier action. ) As it cannot reasonably be disputed that this Court properly determined the issue of arbitrability against Vaughn, his efforts to submit that issue to the NASD is collaterally estopped.

The issue of arbitrability is a two-step process in which the Court must ascertain first whether an agreement to arbitrate exists between the parties and next whether the specific dispute falls within the substantive scope of that agreement. *See Tellium, Inc. v. Corning, Inc.*

9

2004 U.S. Dist. LEXIS 2289 at *8 (S.D.N.Y. Jan. 15, 2004); *See also Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.,* 246 F.3d 219, 226 (2d Cir. 2001). In *Vaughn I,* this Court concluded that there was an Agreement to arbitrate and that *Vaughn's* claims fell within the substantive scope of that agreement. *See, Vaughn I,* 2005 U.S. Dist. LEXIS 16792 at *7. This Court did not defer its determination of arbitrability to the NASD nor would it be appropriate to do so under the Agreement at issue. *Id.*

Unless the parties clearly and unmistakably provide otherwise in their contract, determination of arbitrability *must* be made by the Court. *Benosadoun v. Jobe-Riat,* 316 F.3d 171, 175 (2d Cir. 2003)(Second Circuit reversed District Court reference of question of arbitrability to NASD and directed that arbitration of that issue be stayed until there was a determination of arbitrability question as to claimant's status as "customers.") Indeed, in determining the question of arbitrability of Vaughn's claim, this Court was possessed "not only with authority, but a duty, to determine whether there ever existed an agreement to arbitrate between the parties." *Adams v. Suozzi,* 433 F.3d 220, 226(2d Cir. 2005).

Neither the subject Agreement nor NASD rules evidence "clear and unmistakable" intent to submit the question of whether Vaughn's claim is arbitrable to the NASD. *See, Vaughn I,* 2005 U.S. Dist. LEXIS 1679 at *7; *See also Benosadoun,* 316 F.3d at 175.

To the contrary, arbitrability was properly concluded by this Court when it determined that Vaughn is required to arbitrate his substantive claim against the defendants regardless of whether he is otherwise permitted to proceed with his self-styled class action on behalf of others. *Vaughn I,* 2005 U.S. Dist. LEXIS 1679 at * 8-9. As such, Vaughn's *Statement of Claim* concerns an issue outside of the parties agreement and LM&B will be irreparable harmed should it be compelled to participate in this *ex contractu* arbitration of an issue that has previously been

10

resolved by Court Order. *See Tellium, supra* 2004 U.S. Dist. LEXIS 2289 at *8 (Participation in an arbitration of matter not subject to arbitration results in "per se irreparable harm"); *Maryland Casualty Company v. Realty Advisory Broad on Labor Relations,* 107 F.3d 979, 985 (2d Cir. 1997)(Time and resources expended in participating in an arbitration outside the scope of the Agreement are not compensable by any monetary award of attorneys fees or damages.)

## POINT III.

## VAUGHN SHOULD NOT BE PERMITTED TO MAKE AN "END-RUN" AROUND THIS COURT'S INTERLOCUTORY DETERMINATION THAT HIS SUBSTANTIVE CLAIM IS ARBITABLE

It is well-established that the decision to compel arbitration is not immediately appealable. Instead, the party dissatisfied with the order compelling arbitration must await the conclusion of arbitration "before airing its arguments in opposition before an appellate court". *See Ermenegildo Zegna Corp. v. Lanificro Zegna S.p.A.,* 133 F. 3d 177, 181(2d Cir. 1998). Likewise, a party may not rely on procedural manipulations, such as a refusal to prosecute, as a mechanism to evade established federal practice and obtain an interlocutory appeal of a stay to aid arbitration. *Martens v. Thomann,* 273 F.3d 159 (2d Cir. 2001) (Refusing to hear an appeal of arbitrability as part of an appeal of dismissal resulting from plaintiff's failure to prosecute because to entertain such an appeal would reward plaintiffs for their deliberate dilatory conduct.).

Federal law is designed to avoid the practice of a losing party from seeking duplicative rulings on previously considered issues in lieu of abiding an appeal from a final judgment. *Ferrand v. Credit Lyonanais,* 292 F.Supp.2d 518, 520 (S.D.N.Y. 2003)(Denial of reconsideration motion made to the Court). It is most assuredly not an opportunity for the moving party to reargue issues already considered, merely because the party is dissatisfied with the original

11

outcome of the motion. *Id.* 293 F.Supp.2d at 521. *See also Credit Suisse First Boston, LLC v. Gonzalez Padilla,* 2004 U.S. Dist LEXIS 17395 *2 (S.D.N.Y. August 24, 2004)(Court would not reconsider direction to arbitrate based upon arguments that were available at the time of the original motion.). At bar, Vaughn has now made identical arguments not only to this Court, but sought rulings on the identical issues from both the NYSE and NASD. An Order compelling Vaughn to comply with this Court's prior Orders will preserve the sanctity of this Court's authority and prevent substantial hardship and prejudice to LM&B.

In strikingly analogous circumstances, Judge Owens refused to entertain either reconsideration or certification for purpose of appeal of his stay of two class actions which plaintiffs had contended were not arbitrable under NASD rules.   In a conclusion that prophetically presaged Vaughn's arguments, the Court stated:

> This Court fully considered plaintiffs' arguments regarding the construction of relevant case law (including *Green Tree Financial Corp. v. Bazzle,* 539 U. S. 444, 123 S.Ct. 2402(2003) which was explicitly brought to my attention ... Indeed this Court did not "overlook" these matters or plaintiffs' interpretation of them – simply put, 1 *explicity rejected* plaintiffs' construction of the relevant authorities."

*Levitt v. Lipper Holdings, LLC,* 2006 U. S. Dist. LEXIS 18689 * 3 (S.D.N.Y. April 11, 2006)(emphasis added).

Judge Owens expressly rejected the plaintiff's request for certification of his order for purpose of appeal, because, *inter alia,* the institutional efficiency of the federal court system was best served by avoiding unnecessary trials and multiple appeals. "Moreover, the suggestion that the parties forego court-ordered arbitration in pursuit of an interlocutory appeal has explicitly been rejected by this Court." *Levitt,* 2006 U.S. Dist. LEXIS 18689 at *5. Clearly, federal policy disfavoring interlocutory appeal when a case is referred for arbitration is even more compelling

12

here, where Vaughn is attempting to evade the enforcement of this Court's order by appeal to the NASD.

As here, Judge Owens had previously concluded that the claims were governed by the applicable arbitration agreements, which were not negated by the mere pleading of a putative class action. He concluded that under the Supreme Court's decision in *Green Tree Financial v. Bazzle, supra,* only the question of "whether putative class actions can be arbitrated under this arbitration clause" was left to the arbitrator. *Levitt v. Lipper Holdings, LLC.,* 2003 U.S. Dist LEXIS 11411 (S.D.N.Y. July 7, 2003), *recons. denied, mot. denied, cert. denied,* 2006 U.S. Dist. LEXIS 18689 (S.D.N.Y. Apr. 11, 2006).

As in *Levitt,* this Court has previously determined that Vaughn's claims are arbitrable. Such determination should not be subject to collateral attack by Vaughn's refusal to abide by the Court's determination of arbitrability and refusal to submit his claim for arbitration in accord with the Court's decision. His solicitation of a contrary opinion from the NASD is without legal authority and plain violation of this Court's Orders.

## POINT IV.

## LM&B HAS AND WILL CONTINUE TO BE PREJUDICED BY VAUGHN'S CONDUCT UNLESS HE IS COMPELLED TO ABIDE BY THIS COURT'S ORDERS

More than eight years after LM&B's representation of Vaughn was concluded and more than one year after this Court compelled Vaughn to arbitrate his claim and stayed all further action pending such action, Vaughn has never submitted his claim for resolution. Instead, rather than an opportunity to defend itself against Vaughn's already stale claims in arbitration, LM&B has been forced to waste its resources in addressing Vaughn's multiple collateral attacks on this Court's authority.

13

Vaughn's continued delay, both in the initiation of the action and thereafter in repeating arguments already rejected by the Court has no doubt caused "evidentiary prejudice" to LM&B. *See, e.g., Tellium, supra,* 2004 U.S.Dist. LEXIS 2289 at * 10 – 11. Evidentiary prejudice occurs as a result of lost or degraded evidence, inaccessibility of witnesses or witnesses' whose memories have faded with the passage of time. *Newsome v. Brown,* 2005 U.S. Dist. LEXIS 4088, * 22-23 (S.D.N.Y. Mar. 15, 2005).

It is noteworthy that in his complaint, Vaughn alleged a delayed discovery rule in hopes that a later accrual would render his palpably stale claims timely. Despite the Court's Orders, which afforded Vaughn an opportunity to have the arbitrator consider whether he should be permitted to proceed with his stale claims, Vaughn has compounded his delay, by improperly seeking appellate reversal from NYSE and NASD as to the Court's determination as to the arbitrability of his claim. In the meantime, Vaughn has enjoyed the benefit and use of settlement proceeds he received in exchange for his promises in the Agreement, including arbitration, and despite his challenge to the very alternative dispute proceeding that resulted in his receipt of many thousands of dollars.

It is respectfully submitted that Vaughn should no longer be permitted to profit from the delay and disregard of this Court's Orders.

14

## CONCLUSION

For the reasons more fully set forth above, it is respectfully requested that the within application be granted and the Court enter an Order compelling Vaughn to comply with the terms and directive of the Court's Order, dated August 12, 2005 and precluding him from acting in any way inconsistent therewith, and for whatever further and different relief that to the Court may seem just proper and equitable.

Dated:  Uniondale, New York
         August 29, 2006

Respectfully submitted,

RIVKIN RADLER LLP

By: _____
       Shari Claire Lewis (SCL-0527)
       926 Reckson Plaza
       Uniondale, New York 11556-0926
       (516) 357-3000

OF COUNSEL TO:

LITCHFIELD CAVO L.L.P.

By: _____
       Daniel T. Hughes (DTH-4622)
       Attorneys for Defendants Leeds, Morelli & Brown, P.C.
       (incorrectly sued herein as Leeds, Morelli & Brown,
       LLP, Leeds & Morelli, and Leeds, Morelli & Brown),
       Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown,
       James Vagnini, Frederic David Ostrove, and Robert
       John Valli, Jr.

15

TO:   Blaine H. Bortnick, Esq.
      LIDDLE ROBINSON, LLP
      Attorneys for Plaintiff
      685 Third Avenue
      New York, New York 10017
      (212) 687-8500

      Gerard E. Harper, Esq.
      PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
      1285 Avenue of the Americas
      New York, New York 10019

      1968662 v1

*AFFIDAVIT OF SERVICE*

STATE OF NEW YORK    )
                                        )ss.:
COUNTY OF NEW YORK  )

**KEVIN L. SPAGNOLI**, being sworn, deposes and says: I am not a party to the action, am over 18 years of age, reside in Bronx, New York, and am employed in the office of Litchfield Cavo.

On the 30th day of August, 2006, I served a true copy of the annexed MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE TO ENFORCE THE COURT'S PRIOR ORDERS COMPELLING ARBITRATION, by hand-delivering copies of same personally to all counsel herein, as set forth below:

TO:    Liddle Robinson, LLP
          800 Third Avenue
          New York, New York

          Paul, Weiss, Rifkind, Wharton & Garrison, LLP
          1285 Avenue of the Americas
          New York, NY 10019

**KEVIN L. SPAGNOLI**

Sworn to before me this
31st day of August, 2006.

**Notary Public**

ANNMARIE MAFFETONE
Notary Public, State of New York
No. 01MA6125992
Qualified in Queens County
Commission Expires April 25, 2009