UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                            :

JEFFREY S. VAUGHN, individually and on :       Case No. 04 Civ. 8391 (DLC)
behalf of those Class Members similarly situated,   :

                  Plaintiff,                :

              -against-                :

LEEDS, MORELLI & BROWN, P.C., LEEDS,    :
MORELLI & BROWN, L.L.P., LEEDS &        :
MORELLI, LEEDS, MORELLI & BROWN,     :
PRUDENTIAL SECURITIES, INC.,             :
PRUDENTIAL FINANCIAL, INC., WACHOVIA   :
CORPORATION, WACHOVIA SECURITIES,     :
LLC, LENARD LEEDS, STEVEN A. MORELLI,   :
JEFFREY K. BROWN, JAMES VAGNINI,       :
FREDERIC DAVID OSTROVE, ROBERT JOHN   :
VALLI, JR., DISCRIMINATION ON WALL      :
STREET, INC. DISCRIMINATION ON WALL     :
STREET, MANHATTAN, INC., JOHN DOES, 1-   :
10 AND JANE DOES, 1-10 a fictitious         :
designation for presently unknown licensed     :
attorneys, professionals and/or unknown persons   :
or entities,                                    :

                 Defendants.             :

------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF PLATINTIFF'S
## MOTION TO LIFT THE STAY AND TO VACATE AN ARIBTRATION AWARD

## PRELIMINARY STATEMENT

Plaintiff, Jeffrey S. Vaughn submits this Memorandum of Law in support of his motion to vacate an arbitration award issued by the National Association of Securities Dealers, Inc. (the "Award")[1]. Mr. Vaughn respectfully seeks that the stay in this case be lifted and vacatur of the Award granting relief on the claims against him.

This Court stayed this case pending the resolution of arbitration proceedings in an Opinion and Order dated August 12, 2005, and the arbitration has now been concluded. While Mr. Vaughn presented evidence to the arbitration panel, Defendants put forth no evidence whatsoever, other than two exhibits which did not address, in any manner, the issue decided. The decision reached by the arbitrators in this proceeding was, therefore, lacking fundamental rationality.

## STATEMENT OF FACTS

In 1998, Mr. Vaughn retained the law firm of Leeds, Morelli, and Brown, P.C. (together with its individual attorneys, the "Leeds Respondents") to represent him in his claims against his former employer, Prudential Securities, Inc. (together with Prudential Financial, Inc., "PSI"). On the advice of the Leeds Respondents, Mr. Vaughn reached a settlement of his claims against PSI through alternative dispute resolution. Accordingly, Mr. Vaughn and representatives of PSI entered into a Settlement Agreement and General Release (the "Settlement Agreement") on October 27, 1998. In 2004, Mr. Vaughn learned that the Leeds Respondents and PSI had entered into a secret agreement that would cap damages for PSI and allow them to settle numerous claims at

---

[1] A copy of the Award is attached as Exhibit A to the Bortnick Affirmation ("Bortnick Aff.").

once, while providing the Leeds Respondents with direct payment of attorneys' fees and an additional kickback.

On October 25, 2004, Mr. Vaughn filed a putative class action in this Court against PSI and the Leeds Respondents. PSI made a motion to compel arbitration based on an arbitration clause[2] in the Settlement Agreement (Bortnick Aff., Ex. E). Mr. Vaughn opposed that motion, asserting that under the rules of both the NASD and the NYSE, class actions are not arbitrable. In an Opinion and Order dated August 12, 2005, that motion was granted and the case was stayed pending resolution of the arbitration proceeding. *Vaughn v. Leeds, Morelli & Brown, P.C., et al.*, 04 Civ. 8391 (DLC), 2005 WL 1949468 (S.D.N.Y. Aug. 12, 2005). The Opinion and Order is attached as Exhibit C to the Bortnick Affirmation. According to the August 12, 2005 Opinion and Order (hereinafter the "Order"), the role of the Panel was to "interpret the agreement and decide what the parties' intentions were." (September 5, 2006 Transcript of Proceedings in *Vaughn v. Leeds, Morelli & Brown, P.C., et al.*, S.D.N.Y. Case No. 04 Civ. 08391 (DLC), p. 4:20-22), Bortnick Aff., Exhibit D).

On April 23, 2007, a hearing was held at the NASD to determine the intent of Mr. Vaughn and PSI when signing the Settlement Agreement on October 27, 1998, i.e., whether the parties intended to prohibit any form of class actions. As the transcript of the hearing demonstrates, the only evidence presented at the hearings with respect to intent was Mr. Vaughn's testimony.

---

[2] The clause reads as follows:
Any claim or controversy arising out of or related to this Agreement or the interpretation thereof will be settled by arbitration under the then prevailing constitution and rules of the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. Judgment based upon the decision of the arbitrators may be entered in any court having jurisdiction thereof. The governing law of this Agreement shall be the substantive and procedural law of the State of New York.

Q.    Did you have the intent to waive a class action when you read [the Settlement Agreement]?

A.    No.

(Bortnick Aff., Exhibit B, p. 53:12-14)

Q.    At the time you signed this agreement, did you believe that you were waiving your rights to bring a class action based upon this agreement?

A.    No, and I didn't give it any thought either.
(Bortnick Aff., Exhibit B, p. 53:18-23).

PSI did not put any witnesses on their witness list, nor did they present any witnesses during the hearing.  Nor did the Leeds Respondents present any witnesses. Thus, no competent evidence was presented to support a finding that either party to the Settlement Agreement intended to waive class action claims.  Nevertheless, in its May 10, 2007 Decision, the panel dismissed Claimant's claims in their entirety. Consequently, where the only evidence before the panel was that Mr. Vaughn *did not intend* to waive his right to a class action, the panel's decision lacks fundamental rationality.

## ARGUMENT

### I.
### THE STAY PENDING THE RESOLUTION OF ARBITRATION SHOULD BE LIFTED

In its August 12, 2005 Opinion and Order, this Court granted Defendants' motions to compel arbitration and stayed the case pending the resolution of arbitration proceedings.   Accordingly, since the arbitration proceedings have been completed, Plaintiff requests that the stay be lifted.

## II.
## THE FEDERAL ARBITRATION ACT GOVERNS THE
## STANDARD OF REVIEW OF THE ARBITRATION AWARD

It is well settled that the Federal Arbitration Act, 9 U.S.C. § 1 et. seq. ("FAA") applies to arbitration clauses contained in contracts evidencing a transaction involving interstate commerce. See e.g. Sykel Enterprises, Inc. v. Patra Ltd., 2004 WL 719181 *3 (S.D.N.Y. March 31, 2004). In the instant case, the Settlement Agreement is a contract involving interstate commerce. Thus it is clear that the FAA governs the standard of review of this arbitration award.

## III.
## THE ARBITRATION AWARD MUST BE VACATED
## BECAUSE THE ARBITRATORS ACTED
## WITH A LACK OF FUNDAMENTAL RATIONALITY

Courts in the Southern District have held that an arbitration award lacking in "rational foundation or factual support" must be vacated, despite the fact that this ground is not listed in Section 10 of the Federal Arbitration Act (FAA). See e.g. Essex Cement Co. v. Italmare, 763 F.Supp. 55, 58 (S.D.N.Y. 1991); A. Halcoussis Shipping Ltd. v. Golden Eagle Liberia Ltd., 1989 WL 115941 (S.D.N.Y. Sept. 27, 1989)("where there is *no* evidence to support the arbitrator's award, it is deemed irrational and must be set aside") (emphasis in original) (citing Sun Oil Co. v. Local 8-901, 421 F.Supp. 1376, 1384 (E.D. Pa. 1976)). In addition, federal common law requires vacatur of an arbitration award where "'no evidence whatever' supports an arbitrator's award" and it is therefore deemed irrational. Banque de Paris et des Pay-Bas v. Amoco Oil Co., 1986 WL 7004 (S.D.N.Y. June 17, 1986), citing Detroit Coil Co. v. Int'l Ass'n of Machinists & Aerospace Workers, 594 F.2d 575 (6th Cir.), cert. denied, 444 U.S. 840 (1979); NF & M

Corp. v. United Steelworkers of America, 524 F.2d 756 (3d Cir. 1975); Sun Oil Co. v. Oil, Chemical and Atomic Workers' Int'l Union, AFL-CIO, 421 F.Supp. 1376 (E.D. Pa. 1976).

In the instant case, the record is completely devoid of evidence from which the Panel could have rationally concluded that the intent of the parties when signing the Settlement Agreement was to waive a class action. The only evidence presented at the hearing was in the form of Mr. Vaughn's testimony, which was in direct contravention to the Panel's determination.

In light of this glaring lack of evidence, it is clear that the Panel acted with a lack of fundamental rationality in determining that Mr. Vaughn is barred from bringing a class action in court.

## CONCLUSION

For all the foregoing reasons, Mr. Vaughn respectfully requests that the stay pending arbitration be lifted, and that the Court vacate the arbitration award. Further, Mr. Vaughn respectfully requests that the Court grant him such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 2, 2007

Respectfully submitted,

LIDDLE & ROBINSON, L.L.P.

By: _____

Blaine H. Bortnick (BB 3686)
Attorneys for Plaintiff
800 Third Avenue
New York, New York 10022
(212) 687-8500