UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEFFREY S. VAUGHN, individually and on behalf of
those class members similarly situated,   Index No. 04 Civ. 8391 (DLC)

                          Plaintiffs,

                          -against-

LEEDS, MORELLI & BROWN, P.C., LEEDS, MORELLI
& BROWN, L.L.P., LEEDS & MORELLI, LEEDS,
MORELLI & BROWN, PRUDENTIAL SECURITIES,
INC., PRUDENTIAL FINANCIAL, INC., LENARD
LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN,
and JOHN DOES, JAMES VAGNINI, FREDERIC
DAVID OSTROVE, ROBERT JOHN VALLI, JR.,
DISCRIMINATION ON WALL STREET, INC. and
DISCRIMINATION ON WALL STREET
MANHATTAN, INC. and JOHN DOES, ESQS. 1-10 and
JANE DOES, ESQS. 1-10 a fictitious designation for
presently and unknown licensed attorneys, professionals
and/or unknown persons or entities,

                          Defendants.
------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
TO VACATE AND IN SUPPORT OF THE CROSS-MOTION BY
DEFENDANTS TO CONFIRM THE ARBITRATION AWARD AND DISMISS**

                                                      Rivkin Radler LLP
                                                        Attorneys for Defendants
                                                        Leeds Morelli & Brown, P.C.
                                                        926 Rexcorp Plaza
                                                        Uniondale, NY 11556
                                                        (516) 357-3000

Of Counsel
Shari Claire Lewis

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

POINT I -

THE ARBITRATOR'S AWARD SHOULD BE CONFIRMED AS A MATTER OF LAW ........ 6

POINT II -

VAUGHN MISREPRESENTS THE APPLICABLE LEGAL STANDARD FOR VACATING THE NASD AWARD ..................................................................................................................... 8

A.   There Is Adequate Evidence In The Record ........................................................................ 10

POINT III UPON CONFIRMATION OF THE AWARD, THE FEDERAL ACTION SHOULD BE DISMISSED. .......................................................................................................................... 12

## TABLE OF AUTHORITIES

### CASES

*A. Holcoussis Shipping Ltd v. Goden Eagle Liberia Ltd.*, 1989 U.S. Dist. LEXIS 11401 (S.D.N.Y. Sept. 27, 1989) ........................................................................................ 9

*Abram Landau Real Estate v. Bevona*, 1996 Dist LEXIS 17127 (S.D.N.Y. Nov. 15, 1996), aff'd, 123 F.3d 69 (2d Cir. 1997) .......................................................................... 6

*Appel Corp. v. Katz*, 217 Fed. Appx. 3, 5 (2d Cir. 2007) .................................................... 7

*Banque de Paris v. Amoco Oil Company*, 1986 U.S. Dist. LEXIS 24145 (S.D.N.Y June 16, 1986) .................................................................................................... 9

*Bear Sterns & Co., Inc. v. 1109580 Ont., Inc.*, 409 F.3d 87 (2d Cir. 2005) ....................... 6

*Berger v. Cantor Fitzgerald Sec.*, 967 F. Supp. 91 (S.D.N.Y. 1997) ................................ 11

*Essex Cement Company v. Italmare*, 763 F. Supp. 55 (S.D.N.Y 1991) ............................. 9

*Fromm v. ING Funds Distributer LLC,*, 486 F.Supp 2d 348 (S.D.N.Y. 2007) .............. 8, 9

*Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003) ...................................................... 4

*Hart v. Canadian Imperial Bank of Commerce*, 43 F. Supp. 2d 395 (S.D.N.Y. 1999) ...... 10

*Merril, Lynch, supra*, 2007 U.S. Dist. LEXIS 23126 ......................................................... 7

*Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Savino*, 2007 U.S. Dist. LEXIS 23126 (S.D.N.Y. March 23, 2007) ...................................................................................... 6

*Nicholls v. Brookdale University Hospital*, 204 Fed. Appx. 40, 43 (2d Cir. 2006) ....... 6, 8

*Paterson v. Lehman Brothers, Inc.*, 2004 U.S. Dist. LEXIS 21594 (S.D.N.Y. Oct.26, 2004) ................................................................................................................. 1, 8, 10

*Sierra v. Bally Total Fitness Corp.*, 2007 U.S. Dist. LEXIS 23729 (E.D.N.Y. Mar. 30, 2007) .......................................................................................................................... 8

*Tobjy v. Citicorp/Investment Servs.*, 111 Fed. Appx. 640, 641 (2d Cir. 2004) .................. 8

*Wallace v. Buttar*, 378 F.3d 182 (2d Cir. 2004) ............................................................ 6, 8

## STATUTES

9 U.S.C. § 10 ................................................................................................................6, 7

9 U.S.C. § 9 ......................................................................................................................6

This Memorandum of Law is respectfully submitted on behalf of Defendants, LEEDS, MORELLI & BROWN, P.C. (also incorrectly sued herein as LEEDS, MORELLI & BROWN, L.L.P., LEEDS & MORELLI, LEEDS, MORRELLI & BROWN) and JEFFREY K. BROWN (collectively the "Leeds Defendants") in opposition to the motion by plaintiff, JEFFREY VAUGHN ("Vaughn") to vacate, (except to the extent that it requests that this Court's stay be lifted) and in support of the cross-motion by the Leeds Defendants to confirm the arbitration award by the National Association of Securities Dealers ("NASD"), and upon confirmation, dismiss this action on the grounds that Vaughn is precluded from bringing a class action in the federal court.[1] The Arbitration Award dated May 10, 2007 is attached hereto as Exhibit "A" ("Arbitration Award")

Vaughn persists in his never-ending efforts to evade arbitration of his claims, as required by his Settlement Agreement with his ex-employer, co-defendant PRUDENTIAL SECURITIES, INC. ("PSI"). His latest effort is particularly egregious as he asks this Court to vacate the Arbitration Award on grounds, which his counsel knows to be unavailable in the Second Circuit. Incredibly, Vaughn argues that the Arbitration Award should be vacated because it is "irrational," notwithstanding the fact that the Panel's determination was expressly contemplated by this Court in its prior decisions and is in accord with established law and public policy.

The frivolous nature of the action is evident by the decision in *Paterson v. Lehman Brothers, Inc.*, 2004 U.S. Dist. LEXIS 21594 (S.D.N.Y. Oct.26, 2004), in which Vaughn's counsel unsuccessfully advanced the *identical* theory on which they now seek vacatur. The *Paterson* Court unambiguously concluded that the Second Circuit does *not* permit the Court to

---

[1] Although Vaughn persisted in pursuing an order from NASD arbitration permitting him to return to federal court against terminated defendants, Lenard Leeds, Steven A. Morelli, James Vagnini and Frederic Ostrove and John Robert Valli, Jr., the claims against those individuals were dismissed by this Court for lack of jurisdiction pursuant to the Court's Order of March 20, 2006. As such, the terminated defendants are no longer parties in this action and even were this Court to vacate the arbitrator's award, the action would not be restored against those individuals.

vacate an award based upon manifest disregard of the evidence and, that moreover, it was irrelevant that the Arbitrators ruled against the plaintiff based on testimony offered only by the plaintiff. Vaughn's reliance on the identical discredited theory, without citation to the overwhelming body of contrary law, demonstrates contumacious disregard for the scarce resources of this Court and willingness to mislead the Court.

## BACKGROUND

The history of this case and the underlying dispute is well known to the Court and will only be summarized herein. The underlying controversy concerns Vaughn's wholly conclusory allegations of malfeasance in connection with his settlement of his employment discrimination claim against PSI while the Leeds Defendants were his counsel. Vaughn agreed to settle his discrimination claim against PSI for $200,000.00, which reflected the total monetary loss he claimed to have sustained.[2]

In exchange, Vaughn entered into a Settlement Agreement and General Release dated October 28, 1998, annexed as Exhibit "C" ("Settlement Agreement"), which, *inter alia,* contained what this Court described as a "sweeping" arbitration provision requiring that "any claim or controversy arising out of or related to this Agreement or the interpretation thereof will be settled by arbitration under the then prevailing constitution and rules of the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc." *See,* Exhibit "C," ¶ 14, "Arbitration." There is no meaningful dispute that Vaughn voluntarily entered into the Settlement Agreement to settle his *individual claim* against PSI and accepted full payment thereunder, after participating in a private ADR process and with knowledge that the Settlement

---

[2] *See e.g.* Exhibit "B," Transcript of September 5, 2006 Hearing before this Court. p. 7, Lines 11-15 "Mr. Vaughn...presented a piece of paper that said I think these are my damages in a certain amount. And Prudential agreed to pay that certain amount...." *See also,* Exhibit "B" p. 9, Lines 3-5. ("Mr. Vaughn did not have any intention to bring a one-on-one arbitration because he has damages issues here.")

Agreement contained the aforementioned arbitration provision. *See*, Exhibit "D," Transcript of Arbitration Hearing conducted on April 23, 2007, pp. 109-110 and 113-114.

## **PROCEDURAL HISTORY**

Nevertheless, on or about October 25, 2004, Vaughn publicly filed the instant lawsuit against the Leeds Defendants and PSI, in breach of several terms of the Settlement Agreement, including the arbitration and confidentiality provisions, which were essential consideration to PSI for the settlement. In transparent effort to evade the terms of his Settlement Agreement, Vaughn named himself as the titular head of a purported class, despite the essentially private nature of his claim against the defendants and the broad arbitration provision.

Dispositive motion practice by all defendants sought dismissal of the claims by Vaughn on numerous grounds. By Order dated August 12, 2005, this Court concluded that the arbitration provision in the Settlement Agreement contained "sweeping language concerning the scope of the questions committed to arbitration," which required Vaughn to proceed with arbitration of his claims against PSI. The Court likewise compelled arbitration of the claims against the Leeds Defendants as inextricably intertwined with the Settlement Agreement. *See*, Exhibit "E," Order dated August 12, 2003. The Court rejected Vaughn's argument that merely because the arbitration provision required the arbitration to be conducted pursuant to the rules of the NYSE or the NASD, which preclude class arbitrations, he could vitiate his contractual obligation to arbitrate by denominating himself as head of a purported class. This Court stated that even if the applicable rules precluded class action arbitration, "it would be plausible to interpret the arbitration clause to require all claims to be arbitrated and to disallow class actions with no further qualifications or caveats." The Court therefore stayed the federal action and referred Vaughn to arbitrate "not whether the parties wanted a judge or an arbitrator to decide <u>whether they agreed to arbitrate a matter</u>, but rather what <u>kind of arbitration proceeding</u> the parties agreed

3

to." *See,* Exhibit "E," p. 8, quoting *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444 at 452 (2003) (emphasis original).

In or around December, 2005, Vaughn next attempted to evade arbitration by his request that the this Court reverse its decision solely because Vaughn had solicited a statement from the NYSE that it would declined to exercise jurisdiction over an arbitration involving the Leeds Defendants. Nevertheless, because the NASD had no such jurisdictional impediment, the Court directed that the case remain stayed pursuant to the prior Order. *See,* Exhibit "F," Order dated December 27, 2005. Subsequently, by Order dated March 20, 2006, this Court denied Vaughn's application for an extension to serve certain individual defendants and granted their motions to dismiss for lack of jurisdiction. The remainder of the motion to dismiss by the Leeds Defendants was "denied with leave to be renewed through a letter request filed within 30 days of the stay being lifted." *See*, Exhibit "G," Order dated March 20, 2006.

On or about February 2, 2006, Vaughn finally filed a Statement of Claim with the NASD. However, Vaughn's request for relief was limited to seeking a declaration that he be permitted to return to the federal court to "pursue his class action claims," as well as allegations that PSI violated NASD rules by seeking to enforce Vaughn's agreement to arbitrate. *See,* Exhibit "A," p. 2, "Relief Requested." On September 5, 2006, this Court further clarified its intentions and framed the issue to be presented to the arbitrators. At the hearing, this Court characterized Vaughn's presentation of the legal issues in the NASD Statement of Claim, as well as his prior submission to the NYSE as "inaccurate and misleading." Exhibit "B," p. 3, Lines 11-18. *See also,* Exhibit "B," p. 3, Lines 19-21. ("The plaintiff clearly agreed to the arbitration of his claims and I ruled that the arbitration agreement was valid and enforceable and that legally was not in dispute.")

This Court therefore reiterated its intention that in referring the matter to arbitration "so that the arbitrator can decide what the intention of the parties was in entering into the arbitration agreement, including deciding <u>what kind of arbitration proceeding the parties had agreed to</u>." Exhibit "B," p. 3, Lines 22-25 (emphasis added). This Court recognized that there were at least three alternatives that the arbitrators could reach as to the intention of the parties, i.e., that the parties intended to disallow class actions, that the parties agreed to arbitrate individual claims and reserved litigation for class allegations or that the parties agreed to arbitrate both individual and class claims. Exhibit "B," p. 4, Lines 1-8.

## THE ARBITRATION

Notably, Vaughn did not seek adjudication of his substantive claims through arbitration, even as alternative relies, despite this Court's unambiguous determination that Vaughn's claims are arbitrable and that he risked waiving those claims if he did not assert them in arbitration.

Accordingly, following submission of responsive pleadings and significant legal briefing by the parties on April 23, 2007, a hearing was conducted before the three-member Panel on the sole issue submitted by Vaughn. The Panel considered the pleadings of the parties, significant argument by counsel and the testimony in reaching its decision. *See,* Exhibit "A," p. 3, "Award."

The arbitrators' concluded:

> "Claimant's claims are dismissed in their entirety; the Settlement Agreement dated October 27, 1998 precluded Claimant from bringing a class action in court."

The Panel's conclusion was specifically contemplated by this Court as one of the possible outcomes of the arbitration. Vaughn's argument that the Arbitration Award may be vacated as "irrational," is thus, not only lacking any legal basis, but contradicted by this Court's own recognition that it was plausible that the arbitrators would reach that conclusion.

## **POINT I**

## **THE ARBITRATOR'S AWARD SHOULD BE CONFIRMED AS A MATTER OF LAW**

In *Wallace v. Buttar,* 378 F.3d 182 (2d Cir. 2004), the Second Circuit clarified the guiding principles that govern the highly deferential judicial review of arbitration awards, which may not be evaluated *de novo*. The Court reaffirmed the principle that the party opposing confirmation bears a "heavy burden" to establish that there is some impropriety in the arbitrators' decision and that it falls within the "very narrow set of circumstances" that are delineated in 9 U.S.C. § 10 or in case law. *Wallace,* 378 F.3d at 189. Arbitrators need not set forth their reasoning or provide an explanation for their decision. *Wallace,* 378 F.3d at 190. Instead, so long as a "barely colorable justification for the outcome reached" can be inferred, the Arbitration Award should be confirmed. *Id.* at 190. *See also, Bear Sterns & Co., Inc. v. 1109580 Ont., Inc.,* 409 F.3d 87 (2d Cir. 2005).

The standard for confirmation of an award under 9 U.S.C. § 9 is mandatory, rather than permissive. "An arbitration award should be enforced despite a court's disagreement with it on its merits, if there is a *barely colorable justification* for the outcome." (Emphasis original) *Nicholls v. Brookdale University Hospital and Medical Center,* 204 Fed. Appx. 40, 43 (2d Cir. 2006); *See also, Abram Landau Real Estate v. Bevona,* 1996 Dist LEXIS 17127 (S.D.N.Y. Nov. 15, 1996), aff'd, 123 F.3d 69 (2d Cir. 1997) ("Upon application, courts must confirm an arbitral award unless that award is vacated, modified or otherwise corrected... upon statutory grounds listed in the Federal Arbitration Act.").

Assuming, *arguendo*, an arbitrators' decision was based on an error of law or fact, it must nevertheless be confirmed, as such an error does not provide legal justification for vacatur. *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Savino,* 2007 U.S. Dist. LEXIS 23126 * 19

6

(S.D.N.Y. March 23, 2007) (citations omitted.) In the Second Circuit, there exist only five grounds for vacatur. Four of those grounds are set forth in 9 U.S.C §10. Additionally, there is a judicially created basis of manifest disregard of the law, which is severely limited and goes beyond mere error in law or failure to follow it. *Merril, Lynch, supra,* 2007 U.S. Dist. LEXIS 23126 at *19.

Vaughn does not assert that any legally cognizable ground for vacatur exists. Instead, he argues that there was "manifest disregard of the facts" which has unambiguously been rejected as a ground for vacatur in this jurisdiction. *See,* Point II, *Infra. S*ummary confirmation of the Arbitration Award is therefore warranted.

Moreover, there exists more than ample reason to infer that there is a "barely colorable basis justification for the award" at issue. Indeed, we need not look further than the arbitrators' reliance on the Settlement Agreement itself, which contained an enforceable, expansive arbitration provision requiring Vaughn to arbitrate any claim or controversy under the NASD rules that prohibit class arbitrations. Whereas the arbitrators were perhaps also aided in their determination by the submissions of the parties and perhaps even the testimony, including cross-examination, of Vaughn, the Settlement Agreement and the incorporated Rules, without more, provide the "barely colorable basis" to justify the decision so as to require confirmation.

A court is required to confirm an award in which "the arbitrator is even arguably construing or applying the contract." *Appel Corp. v. Katz,* 217 Fed. Appx. 3, 5 (2d Cir. 2007) (citations omitted.) (The Court has "generally refused to second guess an arbitrator's resolution of a contract dispute.") This Court previously determined that it was necessary for the arbitrators to construe the Settlement Agreement to determine not whether Vaughn had to arbitrate his claim, but what that arbitration would look like. Their Arbitration Award is consistent with the

7

arbitrators' mandate from this Court and the limited issue that Vaughn elected to submit to the arbitrators for adjudication.

## POINT II

## VAUGHN MISREPRESENTS THE APPLICABLE LEGAL STANDARD FOR VACATING THE NASD AWARD

"A party seeking to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law" *Tobjy v. Citicorp/Investment Servs.*, 111 Fed. Appx. 640, 641 (2d Cir. 2004). The gravaman of Vaughn's argument requests this Court to conduct an impermissible "reassessment of the evidentiary record" as justification to vacate the award. *See, Nicholls v. Brookdale University Hospital*, 204 Fed. Appx. 40, 43 (2d Cir. 2006). In doing so, Vaughn ignores the overwhelming precedent that rejects evidentiary adequacy as a basis for vacatur in this jurisdiction, including a decision secured against his own counsel. *See, Paterson v. Lehman Brothers*, 2004 U. S. Dist. LEXIS 21594 (S.D.N.Y. Oct. 26, 2004) (Second Circuit law does not permit the Court to review the adequacy of the evidence.) In *Wallace*, the Court stated:

> "...the Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award... A federal court may not conduct a reassessment of the evidentiary record... upon the principle that an arbitral award may be vacated when it runs 'contrary to "strong" evidence favoring the party bringing the motion to vacate'" the award. Instead, whatever the weight of the evidence considered as a whole, 'if a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed.'"

*Wallace*, 378 F.3d at 193.

*See also, Sierra v. Bally Total Fitness Corp.*, 2007 U.S. Dist. LEXIS 23729 *22 (E.D.N.Y. Mar. 30, 2007) ("...the Second Circuit does not recognize manifest disregard of evidence as a basis to vacate an arbitration award..."); *Fromm v. ING Funds Distributer LLC*,

8

486 F.Supp 2d 348, 352 (S.D.N.Y. 2007) (Rejecting "irrationality" as a ground for vacating an award because, *inter alia*, there is "…no case authority in this [Second] Circuit applying such a test.")

Vaughn relies on three outdated Southern District cases to stand for the proposition that certain courts, albeit not in the Second Circuit, have permitted vacatur on the ground that an award is irrational when it is without any factual basis. *See, Banque de Paris v. Amoco Oil Company,* 1986 U.S. Dist. LEXIS 24145 (S.D.N.Y June 16, 1986) (Citing Third and Sixth Circuit law, the Court nevertheless denied vacatur because there "must be more than 'mere error' in a decision of law or fact.") *See also, Essex Cement Company v. Italmare,* 763 F. Supp. 55 (S.D.N.Y 1991) (Denying vacatur because sufficient evidence existed to support the award and not addressing whether a purported lack of evidence was an appropriate ground for vacatur in the Second Circuit.) *See also, A. Holcoussis Shipping Ltd v. Goden Eagle Liberia Ltd.,* 1989 U.S. Dist. LEXIS 11401 * 12 (S.D.N.Y. Sept. 27, 1989) (Denying vacatur, despite plaintiff's argument that the decision was irrational. "When arbitrations explain their conclusions…in terms that offer even a barely colorable justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however, persuasively, for a different result.")

This Court is not permitted to sit as an appellate court to determine either factual or legal errors by the arbitrators. *Fromm,* 486 F.Supp 2d at 350. To do so would frustrate the "twin goals of arbitration" – to settle disputes efficiently and avoid long and expensive litigation. *Id.* Vaughn has already undermined those goals by his unending assault on the process of arbitration and should not be permitted to compound his strategy by raising sham issues to evade confirmation of the arbitrators' award.

### A. There Is Adequate Evidence In The Record

Even assuming, *arguendo,* that it was appropriate to assess the adequacy of the evidence relied on by the arbitrators, there was more than ample evidence to support the Panel's conclusion. Indeed, Vaughn's claim that no evidence was submitted in support of the Defendants' position is both factually incorrect and immaterial to the analysis. "That the arbitrators reached their award upon the testimony only of witnesses called by plaintiff is, at bottom, irrelevant." *Paterson,* 2004 U.S. Dist. LEXIS 21594 at * 5. Nevertheless, Vaughn's counsel persists in repeating the identical, discredited argument in the instant application.

Contrary to Vaughn's assertion, a review of the record before the arbitrators demonstrates that there was a great deal more substantive evidence available than just Vaughn's self-serving disclaimers. The single most significant evidence before the Panel was the legally enforceable Settlement Agreement, which contained the sweeping arbitration provision incorporating NASD rules. Indisputably, the NASD Rules included a proscription against maintaining class action arbitration. Thus, as this Court stated, "it would be plausible to interpret the arbitration clause to require all claims to be arbitrated and to disallow class actions with no further qualifications or caveats." Exhibit "E," p. 8.

Pursuant to the governing NASD Rule, the arbitrators were empowered to interpret NASD rules and that interpretation is meant to be final and binding on the parties. NASD Rule 10324. Thus, the Panel's interpretation of those rules in the present matter are entitled to great deference and provide a basis for their determination. Vaughn's self-serving testimony, which included his concession that he did not even inquire as to the content of the NASD Rules, is inadequate to meet his heavy burden to vacate the arbitration award. *See, e.g., Hart v. Canadian Imperial Bank of Commerce,* 43 F. Supp. 2d 395, 401 (S.D.N.Y. 1999) ("P]laintiff's subjective

knowledge of the scope of the arbitration clause is irrelevant and he is presumed to have agreed to all the terms of the contract," including the NASD provisions incorporated therein by reference.) It is well established that NASD rules are incorporated by reference by the selection of the NASD as the arbitral forum. *See also, Berger v. Cantor Fitzgerald Sec.*, 967 F. Supp. 91, 96 (S.D.N.Y. 1997) (Claimant bound by the arbitration provision and incorporated NASD rules, despite claim that he never received a copy of those rules.) [3]

Finally, should there have been any need for further evidence beyond the contract in dispute, the Arbitrators were entitled to and apparently did assess Vaughn's credibility on the issue of intent and found it lacking. Most significantly, Vaughn admitted that he knowingly entered the Settlement Agreement, Exhibit "D," p. 90, Lines 17-21, received full payment thereunder, and has never sought to rescind that settlement. Exhibit "D," p. 105, Lines 10-13, p. 107, Lines 14-16, p. 118, lines 5-9 and 18-22. He conceded that he was aware that he participated in an alternative dispute process to reach his compromise with PSI and that by doing so, he was aware that he was waiving his right to bring the claim in federal court. Exhibit "D," p. 109, Lines 9-13. Vaughn acknowledged that he was fully aware of what a class action was at the time of his settlement, and that he was pressing an individual claim against PSI. Exhibit "D," p. 77, Lines 22-25. Vaughn testified that he understood that he would be required to arbitrate any claim or controversy that might arise in connection with his settlement and, that such arbitration would be conducted under the rules of the NASD or NYSE. Exhibit "D," pp. 113-117. Vaughn

---

[3] It was no doubt an oversight by Vaughn that led to the omission of Arbitrator's Exhibit "1." See, Exhibit "D," p. 10, Lines 2-8. Nevertheless, as stated in the award itself, the arbitrators' also considered the parties' pleadings in reaching their award. Vaughn likewise neglects to mention the substantial legal submissions that were provided to the Panel, at their request, prior to the hearings, so that the Arbitrators were substantially "educated" by the parties as to their respective arguments. As these submissions reiterated the parties' previous submissions to this Court, they will not be repeated herein.

admitted that whether or not he could bring a class action at some point in the future was immaterial to his settlement of his claim. Id.

Based upon the foregoing, the Arbitration Award is not irrational. Plainly at least "a colorable basis" can be inferred to justify the Panel's decision that Vaughn's Settlement Agreement precludes him from proceeding with a class action in Court.

## POINT III

## UPON CONFIRMATION OF THE AWARD, THE FEDERAL ACTION SHOULD BE DISMISSED.

Plaintiff and the Leeds Defendants agree that the Court's stay of action should be lifted based upon the completion of the NASD arbitration proceeding in the form initiated by the plaintiff. *See*, Exhibits "E" and "G." Upon lifting that stay, it is requested that this Court confirm the Arbitration Award and thereafter dismiss the action in its entirety. The Arbitrators' decision that Vaughn is "precluded" from bringing a class action in federal court, disposes of the only outstanding issue before the Court.

## CONCLUSION

Vaughn's characterization of the Arbitration Award as "irrational" is frivolous, on its face, as that result was one of the "possible outcomes" expressly envisioned by this Court. Vaughn's reliance on distortion of the record and misrepresentation of the controlling law in this jurisdiction does not justify vacating the Arbitration Award, nor prevent its confirmation. As such, it is respectfully requested that the motion to vacate be denied and the cross-motion for confirmation and dismissal of the action be granted in its entirety with whatever further and different relief that to this Court may seem just proper and equitable.

Dated: Uniondale, New York
      September 12, 2007

                Respectfully submitted,

                RIVKIN RADLER LLP
                Attorneys for Respondents,
                LEEDS MORELLI & BROWN, P.C., (also incorrectly sued herein as LEEDS, MORELLI & BROWN, LLP, LEEDS & MORELLI, LEEDS, MORELLI & BROWN) and JEFFREY K. BROWN

     By:  /s/ Shari Claire Lewis (SL-0527)
            SHARI CLAIRE LEWIS
            926 Rexcorp Plaza
            Uniondale, New York  11556-0926
            (516) 357-3000

2071596 v1