# Exhibit C

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE

NEW YORK, N.Y. 10022

(212) 687-8500

FACSIMILE: (212) 687-1505

www.liddlerobinson.com

SAMUEL FINKELSTEIN (1906-1996)
MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

AFFILIATE OFFICES:
THE LAW OFFICES OF JAMES R. HUBBARD
11300 U.S. HIGHWAY ONE, SUITE 303
NORTH PALM BEACH, FL 33408
(561) 615-8100
E-MAIL : jliddle@liddlerobinson.com

ROBERT S. CLEMENTE
OF COUNSEL

DAVID MAREK
CANDACE M. ADIUTORI
LEILA I. NOOR
JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
JOHN A. KAROL
ALYSON C. BRUNS
LISA D. SIDMAN*

*AWAITING ADMISSION

October 28, 2005

Karen Kupersmith, Esq.
Director of Arbitration
New York Stock Exchange, Inc.
20 Broad Street
New York, NY 10005

Re:    Jeffrey S. Vaughn, individually and on behalf of those class members
similarly situated v. Leeds, Morelli & Brown, P.C., Leeds, Morelli &
Brown, L.L.P., Leeds & Morelli, Leeds, Morelli & Brown, Prudential
Securities, Inc., Prudential Financial, Inc., Lenard Leeds, Steven A.
Morelli, Jeffrey K. Brown, James Vagnini, Frederic David Ostrove,
Robert John Valli, Jr., DISCRIMINATION ON WALL STREET, INC.,
DISCRIMINATION ON WALL STREET MANHATTAN, INC., and
JOHN DOES, 1-10 and JANE DOES, 1-10 a fictitious designation for
presently and unknown licensed attorneys, professionals and/or unknown
persons or entities

Dear Ms. Kupersmith:

We represent the claimant, Jeffrey S. Vaughn ("Vaughn"), and submit this matter
pursuant to Rule 600(d)(ii) of the Arbitration Rules of the New York Stock Exchange, Inc. and
the Opinion and Order of the Hon. Denise Cote, U.S. District Judge (S.D.N.Y.) dated August 12,
2005 (Exhibit A) compelling submission to arbitration the issue of whether the underlying claims
may be pursued as a class action in court.  Accordingly, Vaughn seeks an expedited hearing
before an arbitration panel for an order and decision granting Vaughn leave to return to court to
pursue his class action claims, notwithstanding the arbitration provision providing for arbitration
under the rules of the New York Stock Exchange.

LIDDLE & ROBINSON, L.L.P.

Karen Kupersmith, Esq.                    -2-                    October 28, 2005

Vaughn brought a putative class action in the United States District Court for the Southern District of New York against his employer and the lawyers he retained to represent him in an employment discrimination dispute against his employer. In his amended complaint Vaughn alleges that the settlement agreement ("Settlement Agreement") that resolved his dispute was a product of secret collusion between his employer and his lawyers. (Exhibit B – Amended Complaint)

The Defendants moved to dismiss and compel arbitration pursuant to the provisions of the Settlement Agreement. Vaughn objected, contending that the arbitration provision does not control, because the arbitration rules provided for in the Settlement Agreement (NYSE and NASD) do not permit class actions, and his lawyers are not parties to the Agreement.

In her decision, Judge Cote reasoned that, under <u>Green Tree Fin. Corp. v. Bazzle,</u> 53 9 U.S. 444 (2003), the Court was limited to determining certain gateway matters, such as whether the parties have a valid arbitration agreement or whether the arbitration clause applies to the controversy. The Court concluded that the question of whether the arbitration provision applies to an action brought as a class action is a matter for the arbitrators to decide.

The Court further held that, under the principles of estoppel, the Leeds defendants, as non-signatories to the Settlement Agreement, could compel arbitration of Vaughn's claims. The Court based its decision on the fact that the issues sought to be resolved are intertwined with the Settlement Agreement.

Accordingly, Vaughn submits this matter to the arbitrators to decide, taking into account the purpose and intent of Rule 600(d), whether Vaughn may pursue his class action claims in court. The arbitration provision of the Settlement Agreement, by virtue of the fact that it provided for arbitration only under the rules of the NYSE or NASD, demonstrates the intent of the parties that the arbitration provision <u>not</u> apply to claims "encompassed by a putative or certified class action."

The NYSE, following an amendment to the Uniform Code of Arbitration ("UCA") adopted by the Securities Industry Conference of Arbitration ("SICA"), amended its arbitration rules in 1995 to include Rule 600(d), "Class Actions." The Rule provides:

    (i)    A claim submitted as a class action shall **not** be eligible for arbitration under the Rules of the New York Stock Exchange, Inc.

    (ii)    Any claim filed by a member or members of a putative or certified class action is also **<u>ineligible for arbitration at the New York Stock Exchange, Inc. if the claim is encompassed by a putative or certified class action filed in federal or state court,</u>**

LIDDLE & ROBINSON, L.L.P.

*Karen Kupersmith, Esq.*                    -3-                    October 28, 2005

> or is ordered by a court to a non SRO arbitration forum for class-wide arbitration....

NYSE Rule 600(d)(i-ii) (emphasis added).[1]

Moreover, in direct violation of NYSE Rules, the respondents have sought to enforce the arbitration clause contained in Vaughn's Settlement Agreement. In that regard, the NYSE Rules provide:

> (iii)    No member, allied member, member organization and/or associated person **shall seek to enforce any agreement to arbitrate against a customer, member, allied member, member organization and/or associated person that has initiated in court a putative class action** or is a member of a putative or certified class with respect to any claims encompassed by the class action....

NYSE Rule 600(d)(iii)(emphasis added).[2]

The clear intent of SICA and the NYSE was to preserve the right for parties, including members, associated persons and investors, to pursue class action claims in court. In fact, in approving the adoption of NYSE Rule 600(d), the SEC stated:

> Over the years, the courts have developed procedures and expertise for managing class action litigation and duplicating the often complex procedural safeguards necessary for these lawsuits is unnecessary. In addition, access to the courts for class action litigation should be preserved for claims filed by members, allied members, member organizations, and associated persons against other members, allied members, member organization, and associated persons, as well as for claims involving investors. Hence, this rule change should provide a sound procedure for the management of class action disputes, should promote the efficient resolution of these types of class action disputes and should prevent wasteful litigation over the possible applicability of agreements to arbitrate between members, allied members, member organization, and associated persons, notwithstanding the exclusion of class actions from NYSE arbitration.[3]

---

[1] NASD Code of Arbitration Procedure Rule 10301(d) is virtually identical.
[2] Again, NASD Code of Arbitration Procedure Rule 10301(d) is virtually identical.
[3] SEC Release No. 34-36222; File No. SE-NYSE-95-25 (September 13, 1995) 60 F.R. 181 at page 48576 (September 19, 1995) (Attached as Exhibit C).

LIDDLE & ROBINSON, L.L.P.

Karen Kupersmith, Esq.           -4-           October 28, 2005

      It was the clear intent and purpose of the NYSE in adopting Rule 600(d) to preserve a party's right to proceed in court with class action claims and that such claims were not waived by virtue of a provision to arbitrate "any claim or controversy." It was not the intent of the NYSE or the SEC that a party would be precluded from bringing a class action claim in court by virtue of the dispute being within those which may be subject to an arbitration agreement. On the contrary, the rule was intended to prevent a party from using the agreement to arbitrate as a vehicle to preclude class actions.

      Accordingly, Vaughn respectfully requests that the arbitrators issue an order and decision declaring that Vaughn may pursue his class action claims against respondents in court. Vaughn further seeks reimbursement of his filing fee, hearing deposit as well as costs and attorneys' fees incurred in bringing this action, especially given respondents violation of NYSE rules in attempting to compel arbitration.

Respectfully submitted,

Jeffrey L. Liddle

JLL/dlw

# Exhibit D

New York Stock Exchange, Inc.
20 Broad Street
New York, NY 10005



November 3, 2005

Blaine Bortnick, Esq.
Liddle & Robinson, L.L.P.
800 Third Avenue
New York, New York 10022

Dear Mr. Bortnick:

This will confirm our conversation on October 31, 2005 wherein I advised you that the NYSE, Inc. does not have jurisdiction over Leeds, Morelli & Brown, P.C., Morelli & Brown, L.L. P., Leeds & Morelli, Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederic David Ostrove, Robert John Valli, Jr., Discrimination on Wall Street, Inc., Discrimination on Wall Street Manhattan, Inc.

Pursuant to NYSE Rule 600(a), only claims between a customer or non-member and member, allied member, member organization and/or associated person shall be arbitrated under the Constituiton and Rules of the New York Stock Exchange, Inc., regardless of whether the entities or individuals have submitted to jurisdiction.

Accordingly, I am returning your submission and $30.00 check.   You may re-submit your claim if only Prudential Securities, Inc. is named as a party.

Sincerely,

Harry Albirt

HA/jmh
Enclosure

# Exhibit E

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022
———
(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

E-mail: bbortnick@liddlerobinson.com

SAMUEL FINKELSTEIN (1908-1996)
MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

ROBERT S. CLEMENTE
OF COUNSEL

DAVID MAREK
LEILA I. NOOR
JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
JOHN A. KAROL
ALYSON C. BRUNS
LISA O. SIDMAN

December 7 2005

The Hon. Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
Room 1040
New York, NY 10007

Re:    Vaughn v. Leeds, Morelli & Brown, et al.;
       04 Civ. 8391(DLC)

Dear Judge Cote:

        We represent the Plaintiff, Jeffrey Vaughn, in the above–referenced action. We write with respect to the stay in favor of arbitration which this Court ordered on August 12, 2005.

        Your Honor may recall that this case is a putative class action on behalf of certain former employees of Prudential Securities, Inc. who entered into settlement agreements with their employer concerning alleged violations of racial discrimination laws. The action alleges, at heart, that the settlement agreements were the product of secret collusion between Prudential Securities and Mr. Vaughn's attorneys.

        On August 12, 2005, the Court, in response to motions to dismiss filed by the defendants, stayed this matter in favor of arbitration over plaintiff's objection that this matter was ineligible for arbitration. A copy of this Court's Order is annexed hereto as Exhibit A. We subsequently filed an arbitration claim against all defendants with the New York Stock Exchange, Inc. ("NYSE"). On November 3, 2005, the NYSE rejected the arbitration claim, stating that under the NYSE rules the claim is not eligible for arbitration, regardless of whether the entities or individuals submit to its jurisdiction. A copy of the NYSE letter rejecting the arbitration is annexed

LIDDLE & ROBINSON, L.L.P.

The Hon. Denise Cote                                    2                              December 7, 2005

hereto as Exhibit B. Accordingly, we respectfully submit that the stay previously issued by this Court should be lifted and that the court action continue.

We respectfully suggest that it would be appropriate for the Court to hold a conference to further discuss this issue.

Respectfully submitted,

By: _____

Blaine H. Bortnick (BB 3686)

BHB:cs
Enclosures

cc:    Gerald E. Harper, Esq. (via facsimile / 212-373-2225)
       Daniel T. Hughes, Esq. (via facsimile / 212-434-0105)

# Exhibit F

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000                        FACSIMILE (212) 757-3990


GERARD E. HARPER


TELEPHONE (212) 373-3263
FACSIMILE (212) 492-0263
E-MAIL: gharper@paulweiss.com


  (212) 373-3263


  (212) 373-2225


gharper@paulweiss.com

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

December 13, 2005


BY HAND

Hon. Denise Cote
United States District Court
Southern District of New York
Room 1040
500 Pearl Street
New York, NY 10007

*Vaughn v. Leeds, Morelli & Brown, et al.*
04 Civ. 8391 (DLC)

Dear Judge Cote:

Together with Lowenstein Sandler LLP, this firm represents Prudential Securities Inc. ("PSI") in the matter to which I refer above. On August 12, 2005, this Court granted PSI's motion to compel arbitration, stayed the action pending the same, and transferred the action to the Court's suspense docket. By letter dated December 7, 2005, plaintiff asks this Court to revisit that ruling based on a letter from the New York Stock Exchange supposedly rejecting plaintiff's effort to commence an arbitration there.

Plaintiff's request "to further discuss this issue" with the Court should be rejected.

Plaintiff's December 7 letter says that, at some unidentified time subsequent to this Court's ruling, plaintiff filed an arbitration demand against PSI and the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Denise Cote                                                                     2

other defendants with the NYSE.  Plaintiff says that, over a month ago, following a telephone conversation between plaintiff's counsel and the NYSE, the NYSE advised plaintiff that it lacked jurisdiction over the arbitration because plaintiff had named as parties certain defendants – the so-called Leeds Defendants – who are not members of the NYSE.  We were unaware of this arbitration demand until receipt of a copy of plaintiff's letter to the Court.  In our experience, the NYSE ordinarily forwards a copy of any such demand to respondents before any rulings are made.  This did not happen here.  When upon receipt of the December 7 letter I asked plaintiff's counsel for a copy of the arbitration demand he initially promised only to take the request "under advisement."  He has since told me I may have it.  As of the writing of this letter, however, I have not yet seen the demand that the NYSE supposedly rejected, in consequence of which plaintiff now wants further "discussion."

Nonetheless, under the present circumstances, no such further discussion is needed.  The NYSE is only one of two fora mentioned in the arbitration clause enforced by this Court.  The other is the National Association of Securities Dealers, or "NASD."  The NASD has orally confirmed to us what we already knew: that the NASD regularly hears matters in which non-members are parties.  Specifically, the NASD takes jurisdiction over a dispute involving both members and non-members, particularly when the non-member signs a Uniform Submission Agreement.  *See, e.g. In the Matter of the Arbitration between Silverberg v. Asset Mgmt Sec. Corp.*, 2005 WL 449042 (N.A.S.D.).  I am advised by their counsel that the Leeds Defendants are prepared to submit to the jurisdiction of the NASD.  Hence, plaintiff is free to file his demand with the NASD and the matter may proceed consistent with this Court's ruling of August 12.

Even if the NASD were not available, plaintiff cannot defeat PSI's contractual right to arbitration simply by adding parties over which the contractually-stipulated forum lacks jurisdiction.  As the November 3, 2005 letter from the NYSE enclosed with plaintiff's December 7 letter makes clear, plaintiff is free, if plaintiff wishes, to file its arbitration demand with the NYSE against only PSI.  Plaintiff chose not to do so.  That is no reason to deprive PSI of its right to arbitrate.

Furthermore, even if the NYSE and NASD no longer existed, plaintiff's sole remedy is reform of the arbitration clause, not escape from arbitration.  As we noted in our reply memorandum in support of the motion to compel (at p. 5 n.4), both federal and New York law hold that, if an arbitration clause provides a procedure for arbitration that later proves unworkable, the court must nevertheless enforce the arbitration clause while remedying the flawed procedure.  *Erving v. Virginia Squares Basketball Club*, 468 F.2d 1064 (2d Cir. 1972); *Morris v. New York Football Giants, Inc.*, 150 Misc.2d 271, 278, 575 N.Y.S.2d 1013, 1017 (Sup. Ct. NY Cty. 1991).  Here, if (contrary to fact) the contractually-stipulated forum is unavailable, then the remedy is to send plaintiff to a reputable arbitral alternative, such as the American Arbitration Association, not to allow him to break his promise to arbitrate.  *See Lubowiecki v. Ernst & Young U.S. LLP*, 2005 WL 339785 (N.J. Super. A.D. Dec. 8, 2005) (upholding order that proper remedy for

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Denise Cote                                                                                  3


objection to an arbitral forum is judicial designation of an alternate arbitral forum such as AAA).

In sum, I respectfully submit that there is no need for a conference with the Court. Plaintiff has a forum available to it to which he is free to resort today.


Respectfully yours,

*Gerard E. Harper*

Gerard E. Harper

cc:    Blaine H. Bortnick, Esq. (by email and hard copy)
       Daniel T. Hughes, Esq. (by email and hard copy)

# Exhibit G

# LITCHFIELD
## CAVO LLP
Attorneys at Law

WRITER'S ADDRESS:
420 Lexington Avenue
Suite 1750
New York, NY 10170
(212) 434-0102
(212) 434-0105 fax
email: hughes@litchfieldcavo.com

December 14, 2005

**BY HAND**

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007-0112

     Re:    Vaughn v. Leeds, Morelli & Brown, P.C. et al.
              04 Civ. 8391 (DLC)

Dear Judge Cote:

     As you know, this firm represents the defendant, Leeds, Morelli & Brown, LLP and individual lawyers associated with that firm (collectively "the Leeds defendants") in connection with the above-referenced matter. This letter is sent in response to the letter dated December 7, 2005 of Blaine H. Bortnick of the firm Liddle & Robinson, L.L.P. to your Honor.

     You will recall that the defendant, Prudential Securities, Inc. ("PSI") previously moved to compel arbitration based upon the arbitration clause contained in the Settlement Agreement and General Release signed by plaintiff, Vaughn. The Leeds defendants moved, as well, to compel arbitration based upon an estoppel theory where, as here, the claim is intertwined with the agreement containing the arbitration clause and insofar as plaintiff alleged concerted misconduct. Your Honor granted the motion to compel arbitration as to both defendants by decision dated August 12, 2005.

     The arbitration clause in the subject Settlement Agreement and General Release designated either the New York Stock Exchange (NYSE) or the National Association of Securities Dealers (NASD) as the arbitral bodies to resolve the dispute.

     Four months elapsed and defendants had heard nothing from plaintiff's counsel and received no statement of claim in arbitration. However, last week, counsel for Vaughn corresponded to this Court to advise that the NYSE had sua sponte declined to exercise jurisdiction over claims against the Leeds defendants and that, therefore, the stay should be lifted and the matter be litigated as against all defendants.

---

Chicago • Hartford • Boston • New York • New Jersey • Tampa • Milwaukee

www.litchfieldcavo.com

**LITCHFIELD CAVO** LLP
Attorneys at Law

Page 2

Not only has counsel failed to supply this Court or the defendants with a copy of the claim filed with the NYSE but his letter is notably silent as to why he never submitted the claim to the NASD, an alternate forum agreed to by the parties in the agreement.

Nevertheless, we have contacted the NASD, and as set forth on the attached Declaration of Shari Lewis, Esq., we were advised that there is no impediment to plaintiff's pursuit of his claims against both PSI and LM&B in an NASD arbitration.

Plaintiff's counsel, Liddle & Robinson, L.L.P., is a firm that has a substantial practice before the NASD and should, therefore, be familiar with the foregoing practice and policy. In fact, in October of this year, they secured a decision and the NASD exercised jurisdiction in arbitration against a non-member who neither executed a uniform submission agreement (agreeing to NASD jurisdiction), nor entered an agreement to arbitrate. See In The Matter Of The Arbitration Between: Moshe Marc Cohen v. 1717 Capital Management Company and Nationwide Provident, 2005 WL 3029051 (October 28, 2005) (copy enclosed).

In light of the NASD's willingness to arbitrate this dispute, there is no need for this Court's intervention or further expenditure of the resources of the Court and parties on this issue.

Very truly yours,

Daniel T. Hughes

DTH:bd
Enclosure
cc:    Blaine H. Bortnick, Esq.
       Gerard Harper, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEFFREY S. VAUGHN, individually and on behalf of
those class members similarly situated,

                         Plaintiffs,

         -against-

LEEDS, MORELLI & BROWN, P.C., LEEDS, MORELLI
& BROWN, L.L.P., LEEDS & MORELLI, LEEDS,
MORELLI & BROWN, PRUDENTIAL SECURITIES,
INC., PRUDENTIAL FINANCIAL, INC., LENARD
LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN,
and JOHN DOES, JAMES VAGNINI, FREDERIC
DAVID OSTROVE, ROBERT JOHN VALLI, JR.,
DISCRIMINATION ON WALL STREET, INC. and
DISCRIMINATION ON WALL STREET
MANHATTAN, INC. and JOHN DOES, ESQS. 1-10 and
JANE DOES, ESQS. 1-10 a fictitious designation for
presently and unknown licensed attorneys, professionals
and/or unknown persons or entities,

                       Defendants.
-------------------------------------------------------------X

Index No. 04 Civ. 8391 (DLC)

**DECLARATION OF SHARI
CLAIRE LEWIS**

I, SHARI CLAIRE LEWIS, pursuant to 28 U.S.C. § 1746, hereby declare the following:

    1.     I am a partner in the law firm Rivkin Radler LLP. We are counsel for defendants,

Leeds Morelli & Brown P.C., Leeds, Morelli & Brown, L.L.P., Leeds & Morelli, Leeds, Morelli

& Brown, Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederic David

Ostrove, and Robert John Valli, Jr. (collectively "Leeds Defendants") in other matters.

    2.     Litchfield Cavo LLP, counsel of record for the Leeds defendants herein, received

a letter from plaintiff's counsel to the Court stating that the New York Stock Exchange

("NYSE") declined to exercise jurisdiction over the plaintiff's claims against the Leeds

defendant. The Leeds defendants have not heretofore been provided with a copy of plaintiff's

submission to NYSE nor are they privy to the telephone conversation referred to in plaintiff's counsel's letter.

3.     In any event, the plaintiff's counsel's letter conspicuously made no mention of whether the National Association of Securities Dealers, Inc. ("NASD") would entertain jurisdiction, despite the fact that the NASD was also a forum selected by the parties in the arbitration clause at issue.

4.     Therefore, on December 12, 2005, I telephoned the office of NASD Chief Counsel, Jean Feeney, whose phone number is listed as the proper contact for "Arbitration Rule Questions" at the NASD website: http://www.nasd.com.

5.     Although Ms. Feeney was unavailable, I left a message explaining that we had a question regarding the ability of the NASD Dispute Resolution program to hear an arbitration brought by an ex-employee of a member against an NASD member and non-member who is alleged to have acted in concert.

6.     On December 12, 2005 and December 13, 2005 I spoke with John Nachmann, Esq. of the NASD. I stated that we had a claim between an ex-employee of a member against an NASD member and a non-member law firm, who are alleged to have acted in concert (conspired) in connection with the settlement of an employment discrimination claim. I advised him that there was a Federal Court Order directing that the claim be arbitrated pursuant to the agreement between the ex-employee and member and that the agreement designated the NASD as a proper forum for arbitration of the dispute. I also advised Mr. Nachmann that the Court ordered the claims against the law firm to proceed to arbitration, despite the fact that the law firm was not a signatory to the agreement, under the estoppel/intertwining doctrine.

7.     Based upon these facts, I asked Mr. Nachmann whether there was any impediment to NASD Dispute Resolution's program hearing the arbitration. At the outset, Mr.

Nachmann stated that any decision to deny use of the facility would only occur after the issue had been briefed by both sides and a hearing conducted. He also advised that the circumstance we were discussing was apparently not unusual and that under Rule 10101 of the NASD's Rules for Arbitration, as long as there is an associated person, a member, or a customer on both sides of the claim, the NASD can hear the entire controversy, including the non-member claim.

8.    There is no dispute that defendant Prudential Securities, Inc. is a NASD member and that its ex-employee, plaintiff Vaughn, is therefore an "associated person", as defined by the NASD.

9.    Accordingly, there appears to be no impediment to the use of the NASD Dispute Resolution facility for arbitration as compelled by this Court's Order of August 12, 2005.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: Uniondale, New York
         December 13, 2005

Shari Claire Lewis (SCL-0527)

1906479 v2

3

Westlaw Attached Printing Summary Report for SPAGNOLI,KEVIN 5233453

Date/Time of Request:          Wednesday, December 14, 2005 13:01:00 Central
Client Identifier:             2635-2
Database:                      NASD-ARB
Citation Text:                 2005 WL 3029051 (N.A.S.D.)
Lines:                         195
Documents:                     1
Images:                        0

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Westlaw.

2005 WL 3029051 (N.A.S.D.)

2005 WL 3029051 (N.A.S.D.)

(Cite as: 2005 WL 3029051 (N.A.S.D.))

National Association of Securities Dealers, Inc.

*1 IN THE MATTER OF THE ARBITRATION BETWEEN:
MOSHE MARC COHEN, ("CLAIMANT") v.
1717 CAPITAL MANAGEMENT COMPANY AND NATIONWIDE PROVIDENT, ("RESPONDENTS")
Docket Number 04-05841
Date of Service (For NASD Dispute Resolution use only): October 28, 2005

Signature Date: October 28, 2005

Award

Hearing Site: New York, New York

Nature of the Dispute: Associated Person vs. Member and Non-Member.

REPRESENTATION OF PARTIES: Claimant Moshe Marc Cohen hereinafter referred to as ("Claimant"): Mark A. Sussewein, Esq., Liddle & Robinson, L.L.P., NewYork, NY, previously represented by Alyson C. Bruns, Esq., Liddle & Robinson, L.L.P. New York, NY.

Respondents 1717 Capital Management Company ("1717 Capital") and Nationwide Provident ("Nationwide"), hereinafter collectively referred to as ("Respondents"): Christopher C. Coss, Esq., Coss & Momjian, LLP, Bala Cynwyd, PA.

CASE INFORMATION: Statement of Claim filed on or about: August 18, 2004.

Claimant signed the Uniform Submission Agreement: August 16, 2004.

Statement of Answer and Counterclaim filed by Respondent 1717 and Nationwide on or about: November 2, 2004.

Respondents did not sign a Uniform Submission Agreement.

CASE SUMMARY: Claimant asserted the following causes of action: defamation, tortious interference with prospective economic advantage, injurious falsehood, libel for earned commissions and renewal commissions, failure to pay earned commission compensation and violation of the New York Labor Law.

Unless specifically admitted in their Answer, Respondents 1717 Capital and Nationwide denied the allegations made in the Statement of Claim and asserted various affirmative defenses. In their Counterclaim, Respondents asserted the following cause of action: failure to repay monies owed.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3029051 (N.A.S.D.)

2005 WL 3029051 (N.A.S.D.)

(Cite as: 2005 WL 3029051 (N.A.S.D.))

RELIEF REQUESTED: Claimant requested that the Panel award him damages in an amount to be determined at hearing, interest at the statutory rate of 9% per annum on all claims from the date said amounts were due, attorneys' fees, costs, and such other and further relief as the Panel deems appropriate.

In their Statement of Answer, Respondents requested that the Statement of Claim be dismissed in its entirety, that Respondents be awarded their attorneys' fees and costs in defending this proceeding and also be awarded relief on the Counterclaim.

In their Counterclaim, Respondents requested damages in the amount of $1,395.84, together with their cost, attorneys' fees and any additional relief this panel deems proper. In his response to the Counterclaim, Claimant requested that the Panel dismiss the Counterclaim in its entirety.

OTHER ISSUES CONSIDERED AND DECIDED: Respondents 1717 Capital did not file with NASD Dispute Resolution a properly executed Uniform Submission Agreement but is required to submit to arbitration pursuant to the Code and, having answered the claim, and appeared and testified at the hearing, is bound by the determination of the Panel on all issues submitted.

*2 Respondent Nationwide is not a member of NASD and does not have an agreement to arbitrate. However, Nationwide answered the Statement of Claim, appeared and testified at the hearing and is, therefore, bound by the determination of the Panel on all issues submitted.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

AWARD: After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claims are denied in their entirety.

2. The Panel recommends the expungement of all reference to the above captioned arbitration from Moshe Marc Cohen registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to NASD Notices to Members 99-09 and 99-54, Cohen must obtain confirmation from a court of competent jurisdiction before CRD will execute the expungement directive.

3. The Panel further recommends that the following record should be expunged:

a) The termination comment that currently appears in item 3 on the Form U-5 filed with CRD by Respondent 1717 Capital Management Company (CRD 4082) on behalf of Claimant Moshe M. Cohen should be expunged (i.e., "Firm concluded that representative violated firm policies and procedures.") The following language shall replace the original termination comment: "Association between firm and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3029051 (N.A.S.D.)                                                    Page 3

2005 WL 3029051 (N.A.S.D.)

**(Cite as: 2005 WL 3029051 (N.A.S.D.))**

registered representative ended following a good faith disagreement regarding the
application of a company policy concerning the use of money orders." The reason
for termination shall remain as "discharge".

  b) The description of the nature of the internal review located in item 3 of
Part 1 of the Internal Review DRP which now reads "Asset Management Company
brought activity in two customer accounts to attention of firm. Investigation led
firm to conclude that representative violated various firm policies and
procedures. Conclusion of investigation was termination of representative's
registration" should also be expunged. The replacement language to item 3 of Part
1 of the Internal Review DRP is as follows: "Association between firm and
registered representative ended following a good faith disagreement regarding the
application of a company policy concerning the use of money orders." "The
affirmative response to Form U-5 question 7B should be expunged and replaced with
"no". In addition, the accompanying Form U-5 Internal Review DRP should also be
expunged in its entirety as the Internal Review was concluded with Claimant's
termination and therefore Claimant was not subject to Internal Review at the time
of termination or when the Form U-5 was filed with CRD."

  c) In addition, all Form U-4 references to and disclosure of Claimant's
termination from 1717 Capital Management Company should be expunged (e.g., "yes"
answer to Form U-4 question 14J(1) and accompanying U-4 Termination DRP).

  *3 d) The expungement recommendations are made with the understanding that,
pursuant to NASD Notices to Members 99-09 and 99-54, Claimant Moshe M. Cohon must
obtain confirmation of the expungement recommendations contained in the Award from
a court of competent jurisdiction before CRD will execute the expungement
directives.

  4. Any and all relief not specifically addressed herein is denied.

  FEES: Pursuant to the Code, the following fees are assessed:

  Filing Fees: NASD Dispute Resolution will retain or collect the non-refundable
filing fees for each claim:


Initial claim filing fee =   $ 250.00
Counter claim filing fee =   $ 300.00


  Member Fees: Member fees are assessed to each member firm that is a party in
these proceedings or to the member firm that employed the associated person at the
time of the events giving rise to the dispute. Accordingly, the Respondent 1717
Capital Management Company is a party.


  Member surcharge =        $ 1,500.00

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3029051 (N.A.S.D.)                                          Page 4

2005 WL 3029051 (N.A.S.D.)

(Cite as: 2005 WL 3029051 (N.A.S.D.))


Pre-hearing process fee =   $   750.00
Hearing process fee =       $ 2,200.00
-----------------------------------------
Total Member fees =           $ 4,450.00


   Adjournment Fees: Adjournment granted during these proceedings for which fees
were assessed:


October 10 and 12, 2005, adjournment by Claimant =              $ 500.00
October 10 and 12, 2005, adjournment by Respondents joint and several $ 500.00
   =


   Forum Fees and Assessments: The Panel has assessed forum fees for each session
conducted. A session is any meeting between the parties and the arbitrator(s),
including a pre-hearing conference with the arbitrators, that lasts four (4) hours
or less. Fees associated with these proceedings are:


One (1) Pre-hearing conference session with       = $ 1,000.00
   Panel @ $1,000.00 per session
Pre-hearing conference:          January   1 session
                                 18,
                                 2005


One (1) Hearing session with the Panel @          = $ 1,000.00
   $1,000.00 per session
Hearing Date:                    October   1 session
                                 11,
                                 2005


-----------------------------------------------------------------------
Total Forum Fees                                  = $ 2,000.00


   1. The Panel has assessed $1,000.00 of the forum fees to Claimant.

   2. The Panel has assessed $1,000.00 of the forum fees jointly and severally to
Respondents.

   Fee Summary: 1. Claimant is solely liable for:


Initial Filing Fee =        $   250.00
Adjournment Fee =           $   500.00
Forum Fees =                $ 1,000.00

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3029051 (N.A.S.D.)

2005 WL 3029051 (N.A.S.D.)

(Cite as: 2005 WL 3029051 (N.A.S.D.))

```
-----------------------------------------------
Total Fees =                        $ 1,750.00
Less payments =                     $ 1,500.00
-----------------------------------------------
Balance Due NASD Dispute Resolution = $  250.00
```

   2. Respondent 1717 Capital is solely liable for:

```
Member Fees =                       $ 4,450.00
-----------------------------------------------
Total Fees =                        $ 4,450.00
Less payments =                     $ 4,450.00
-----------------------------------------------
Balance Due NASD Dispute Resolution = $   00.00
```

   3. Respondents are jointly and severally liable for:

```
Counterclaim filing fee =$   300.00
Forum Fee =                         $ 1,000.00
Adjournment fee =                   $   500.00
-----------------------------------------------
Total Fees =                        $ 1,800.00
Less payment =                      $    00.00
-----------------------------------------------
Balance Due NASD Dispute Resolution = $ 1,800.00
```

   *4 All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

   ARBITRATION PANEL: Ernest Fanwick, Esq.- Public-Arbitrator, Presiding Chairperson

   William E.S. Browning, Esq.-Non-Public Arbitrator

   Bennett A. Hall-Public Arbitrator

   Concurring Arbitrators' Signature(s): I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

   Ernest Fanwick, Esq.

   Public Arbitrator, Presiding Chairperson

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 3029051 (N.A.S.D.)                                    Page 6

2005 WL 3029051 (N.A.S.D.)

(Cite as: 2005 WL 3029051 (N.A.S.D.))

William E.S. Browning, Esq.

Non-Public Arbitrator

Bennett A. Hall

Public Arbitrator

 2005 WL 3029051 (N.A.S.D.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



WRITER'S ADDRESS:
420 Lexington Avenue
Suite 400
New York, NY 10170
(212) 434-0102
(212) 434-0105 fax
email: hughes@litchfieldcavo.com

# Facsimile Transmittal

**To:**  Gerard E. Harper       **Fax No.:**  212-373-2225

**From:**  Daniel T. Hughes, Esq.       **Date:**  December 14, 2005
Litchfield Cavo
212-434-0102

**Re:**  Vaughn v. Leeds, Morelli & Brown, P.C., et al.

**CC:**                                        **Pages:**  13

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

---

**Notes:** Please see attached.

---

| ILLINOIS | CONNECTICUT | WISCONSIN | NEW JERSEY | MASSACHUSETTS | NEW YORK |
|---|---|---|---|---|---|
| 303 W. Madison St. | 40 Tower Lane | 13555 Bishop's Court | 1930 East Marlton Pike, Ste Q2 | 6 Kimball Lane | 420 Lexington Avenue |
| Suite 300 | Suite 200 | Suite 230 | Cherry Hill, NJ 08003 | Suite 100 | Suite 400 |
| Chicago, IL 60606 | Avon, CT 06001 | Brookfield, WI 53005-6224 | (K. Collins Man. Atty.) | Lynnfield, MA 01940 | New York, NY 10170 |
| (312) 781-6677 | (860) 255-5577 | (262) 784-8800 | (856) 854-3636 | (781) 309-1500 | (212) 434-0100 |
| (312) 781-6630 Fax | (860) 255-5566 Fax | (262) 784-8812 Fax | (856) 751-1230 Fax | (781) 246-0167 Fax | (212) 434-0105 Fax |

# Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

JEFFREY S. VAUGHN, individually and on    :
behalf of those class members similarly   :
situated,                                 :

               Plaintiff,    :     04 Civ. 8391 (DLC)

         -v-                              :         ORDER

LEEDS, MORELLI & BROWN, P.C., LEEDS,      :
MORELLI & BROWN, L.L.P., LEEDS &          :
MORELLI, LEEDS, MORELLI & BROWN,          :
PRUDENTIAL SECURITIES, INC., PRUDENTIAL   :
FINANCIAL, INC., LENARD LEEDS, STEVEN     :
A. MORELLI, JEFFREY K. BROWN, and JOHN    :
DOES, JAMES VAGNINI, FREDERIC DAVID       :
OSTROVE, ROBERT JOHN VALLI, JR.,          :
DISCRIMINATION ON WALL STREET, INC. and   :
DISCRIMINATION ON WALL STREET             :
MANHATTAN, INC., and JOHN DOES, ESQS.     :
1-10 and JANE DOES, ESQS., 1-10 a         :
fictitious designation for presently      :
and unknown licensed attorneys,           :
professionals and/or unknown persons or   :
entities,                                 :

             Defendants.    :

------------------------------------------X

DENISE COTE, District Judge:

    Having reviewed letters from plaintiff, dated December 7 and

16, 2005 and from defendants, dated December 13, 14, 20, and two

dated December 15, 2005, it is hereby

    ORDERED that the case remains stayed and on the Court's

suspense docket pursuant to the Opinion and Order dated August

12, 2005.

SO ORDERED:

Dated:   New York, New York
       December 27, 2005

                               DENISE COTE
                  United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/27/05

# Exhibit I

NASD DISPUTE RESOLUTION, INC.

-------------------------------------------------- x

In the Matter of Arbitration between
JEFFREY S. VAUGHN, individually and on behalf of
those Class Members similarly situated,

                Claimants,

      -against-

LEEDS, MORELLI & BROWN, P.C., LEEDS,
MORELLI & BROWN, L.L.P., LEEDS & MORELLI,
LEEDS, MORELLI & BROWN, PRUDENTIAL
SECURITIES, INC., PRUDENTIAL FINANCIAL,
INC., LENARD LEEDS, STEVEN A. MORELLI,
JEFFREY K. BROWN, JAMES VAGNINI,
FREDERIC DAVID OSTROVE, ROBERT JOHN
VALLI, JR., DISCRIMINATION ON WALL
STREET, INC. DISCRIMINATION ON WALL
STREET, MANHATTAN, INC., JOHN DOES, 1-10
AND JANE DOES, 1-10 a fictitious designation for
presently unknown licensed attorneys, professionals
and/or unknown persons or entities,

              Defendants.

-------------------------------------------------- x

                              **STATEMENT OF CLAIM**

     Claimant, Jeffrey S. Vaughn, ("Vaughn") individually and on behalf of those Class Members similarly situated, submit this matter pursuant to the Opinion and Orders of the Hon. Denise Cote, U.S. District Judge (S.D.N.Y.) dated August 12, 2005 and December 27, 2005 (Exhibit A).

     Vaughn commenced a putative class action in the United States District Court for the Southern District of New York, individually and on behalf of all Class Members, against his employer and the lawyers he retained to represent him in an employment discrimination dispute

against his employer. In his amended complaint, filed on or about March 15, 2005, Vaughn alleges that the settlement agreement ("Settlement Agreement") that resolved his dispute was a product of secret collusion between his employer and his lawyers. (Exhibit B – Amended Complaint)

The defendants, Leeds, Morelli & Brown, P.C., Leeds, Morelli & Brown, L.L.P., Leeds & Morelli, Leeds, Morelli & Brown Leonard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederic David Ostrove, Robert John Valli, Jr., Discrimination on Wall Street, Inc., Discrimination on Wall Street Manhattan, Inc. (the "Leeds Defendants") and Prudential Securities Incorporated and Prudential Financial, Inc. ("Prudential") moved to dismiss or compel arbitration pursuant to the provisions of the Settlement Agreement. Vaughn opposed the motion, contending that the arbitration provision is not enforceable because the arbitration rules provided for in the Settlement Agreement (i.e.: NYSE and NASD) do not permit class actions, or the enforcement of an arbitration agreement against Vaughn's claims submitted as part of a putative class action. In addition, Vaughn objected to arbitration by reason of the fact that his lawyers (the Leeds Defendants) are not parties to the Agreement.

In her decision, Judge Cote reasoned that, under Green Tree Fin. Corp. v. Bazzle, 53 9 U.S. 444 (2003), the Court was limited to determining "certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy" (internal quotations and citation omitted). The court went on to state that "in a case where an arbitration clause provided that the parties agreed to submit to the arbitrator [a]ll disputes, claims or controversies arising from or

relating to this contract, the Supreme Court held that a dispute about whether the arbitration clause forbids the use of class action procedures ... is a dispute relating to this contract. In such a case, it was apparent that the parties agreed that an arbitrator, not a judge, would answer the relevant question" (internal quotes and citation omitted). The Court concluded that the question of whether the arbitration provision applies to an action brought as a class action is a matter for the arbitrators to decide.

Vaughn respectfully submits that, although the District Court's interpretation of Bazzle is correct, on the facts of that case, however, the court in Bazzle was not interpreting an arbitration agreement subject to and controlled by the rules of the self-regulatory organizations ("SROs"), such as the NASD or NYSE.

Vaughn asserts that NASD Rule 10301(d)(3) precludes defendants from enforcing the arbitration agreement against him, as they have done, by compelling Vaughn's claims, encompassed in a class action filed in court, to arbitration.

In addition the Court held that, under the principles of estoppel, the Leeds defendants, as non-signatories to the Settlement Agreement, could compel arbitration of Vaughn's claims. The Court based its decision on the fact that the issues sought to be resolved are intertwined with the Settlement Agreement. However, since the Leeds defendants' right to compel arbitration stems solely from defendant, Prudential's being a signatory to the arbitration agreement, there is no independent basis upon which the Leeds defendants could compel arbitration that Prudential itself is barred from enforcing under NASD Rules.

By letter dated December 7, 2005, Vaughn informed the Court that the NYSE had rejected Vaughn's submission due to the inclusion of the Leeds defendants, notwithstanding their voluntary submission to jurisdiction. Vaughn sought a conference with the Court to discuss lifting the stay and permitting the case to proceed in court.

Before the Court could coordinate the scheduling of a conference the defendants submitted several letters to the Court opposing Vaughn's request. Prudential argued that Vaughn should be required to submit his claim to the NASD, as it was also named as one of the SRO forums named in the agreement. Alternatively, Prudential suggested, "the court must nevertheless enforce the arbitration clause while remedying the flawed procedure (presumably the unavailability of the NYSE). Here, if (contrary to fact) the contractually-stipulated forum is unavailable, then the remedy is to send plaintiff to a reputable arbitral alternative, such as the American Arbitration Association, not to allow him to break his promise to arbitrate". (citation omitted) (Exhibit D, December 13, 2005 letter of Gerard E. Harper, Esq.)

In a letter to the Court dated December 14, 2005, counsel for the Leeds defendants represented that they had spoken with John Nachmann, Esq. of the NASD and was advised that "any decision to deny use of the facility would only occur after the issue had been briefed by both sides and a hearing conducted", and further that "NASD can hear the entire controversy, including the non-member claim" (Hughes letter of December 14, 2005 w/Declaration of Shari Lewis - Exhibit E). It is obvious from Ms. Lewis' Declaration that counsel for the Leeds Defendants failed to advise Mr. Nachmann of all relevant facts regarding the issue of the application and interpretation of NASD Rule 10301 (d).

Nevertheless, despite granting defendants' motion to compel arbitration, the court did not determine whether the arbitration agreement at issue precluded Vaughn from bringing a class action. The Court's decision left to the arbitrators to interpret the meaning of NASD Rule 10301(d) or NYSE Rule 600(d).

In reference to Vaughn's contention that the NASD and NYSE rules preclude class actions in arbitration, Judge Cote stated, "it would be plausible to interpret the arbitration clause to require all claims to be arbitrated and to disallow class actions with no further qualifications or caveats." Vaughn respectfully submits that NASD Rule 10301(d)(3) clearly warrants a different conclusion, one in favor of Vaughn's right to proceed with his putative class action in court. Vaughn further asserts that defendants knowingly misrepresented the application of the NASD (and/or NYSE) arbitration rules with respect to class actions.

By letter dated October 28, 2005, Claimant, pursuant to the District Court's Order, submitted the dispute to New York Stock Exchange Arbitration and requested an order and decision granting Vaughn leave to return to court to pursue his class action claims, pursuant to NYSE Rule 600(d). By letter dated November 3, 2005, the NYSE declined to accept Vaughn's submission due to the inclusion of the Leeds Defendants, non-members of the NYSE (Exhibit C – letter of Harry Albirt – NYSE). The NYSE did not address the issue of whether a class action is eligible for arbitration or whether the arbitration agreement was enforceable against claimants' claims submitted as part of a putative class action filed in court, or, as stated by the Court, if claimant was required to submit his claim individually to arbitration.

Subsequently, the District Court issued the Order dated December 27, 2005, wherein the Court "Ordered that the case remains stayed and on the Court's suspense docket pursuant to the Opinion and Order dated August 12, 2005."

Accordingly, Vaughn submits this matter to the NASD in order to decide, taking into account the purpose and intent of Rule 10301(d), whether Vaughn is entitled to pursue his class action claims in court, or whether, notwithstanding NASD Rule 10301(d)(3), Vaughn may be compelled to pursue his claims individually in arbitration.

As stated above, Vaughn maintains that the arbitration provision of the Settlement Agreement, by virtue of the fact that it provided for arbitration only under the rules of the NYSE or NASD, demonstrates the intent of the parties that the arbitration provision not apply to claims "encompassed by a putative or certified class action." It does not, as defendants argued before the Judge Cote, preclude Vaughn from bringing a class action in court.

The arbitration rules of the SROs, and the U.S. Securities and Exchange Commission's ("SEC") approval of those rules, make clear the intent that class action not be subject to SRO arbitration and that arbitration agreements shall not be enforced against a party seeking to bring a class action in court.

NASD Rule 10301(d), "Class Actions." Provides:

(1)    A claim submitted as a class action shall not be eligible for arbitration under this Code at the Association.

(2)    Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration at the Association if the claim is encompassed by a putative or certified class action filed in federal or state court, or is ordered by a court to an arbitral forum not sponsored by a self-regulatory organization for a class wide arbitration. However, such claims shall be eligible for arbitration in accordance with paragraph (a) or pursuant to the parties' contractual agreement, if any, if a claimant demonstrates that it has elected not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

Disputes concerning whether a particular claim is encompassed by a putative or certified class action shall be referred by the Director of Arbitration to a panel of arbitrators in accordance with <u>Rule 10302</u> or <u>Rule 10308,</u> as applicable. Either party may elect instead to petition the court with jurisdiction over the putative or certified class action or resolve such disputes. Any such petition to the court must be filed within ten business days of receipt of notice that the

Director of Arbitration is referring to the dispute to a panel of arbitrators.

NASD Rule 10301(d)(1) and (2) (emphasis added).

Moreover, NASD Rule 10301(d)(3) provides:

(3)   No member or associated person shall seek to enforce any agreement to arbitrate against a customer, other member or person associated with a member who has initiated in court a putative class action or is a member of a putative or certified class with respect to any claims encompassed by the class action unless and until: (A) the class certification is denied; (B) the class is decertified; (C) the customer, other member is excluded from the class by the court; or (D) the customer, other member or person associated with a member elects not to participate in the putative or certified class action, or if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

NASD Rule 10301(d)(3) (emphasis added).

Clearly, by filing its motion to compel arbitration, defendant Prudential violated the specific prohibition contained in Rule 10301(d)(3). Moreover, defendant Prudential continues to attempt enforcement of the arbitration agreement by misrepresenting to the Court that it is entitled to arbitrate this matter. In its letter of December 20, 2005 to Judge Cote, Prudential took the position, contrary to the NASD rules, that the only question for the arbitrators was "the discrete procedural question of the type of arbitration Plaintiff would be entitled to obtain (class-wide or individual)." (Exhibit F)

The NASD made clear its intent in its 1993 filing with the SEC for approval of Rule 10301(d)(3), wherein it stated:

> Section 12(d)(3) (prior iteration of section 10301(d)(3)) of the Code currently bars members or associated persons from seeking to enforce an agreement to arbitrate against a customer where the customer has initiated in court a putative class action or is a member of a putative or certified class with respect to any claims encompassed by the class action. The section, however, omits specific reference to claims filed by associated persons against members and claims filed by members against other members. As a result, some respondents have argued that class actions encompassing such claimants can be submitted to arbitration under the Code. The NASD determined that

the original intent of the section was to exclude class action claims by associated persons, including employment-related claims, and other industry class actions from arbitration, as well as customer-related class actions. Accordingly, the NASD proposed to amend section 12(d)(3) of the Code to clarify that the prohibition in the provision is total and encompasses class actions in which a member or an associated person may be the subject of a class action.

The amendment to section 12(d)(3) of the Code adds references to "other member and person associated with a member" to clarify that the prohibition against seeking to enforce an agreement to arbitrate applied not only to class actions in which a claimants is a customer, but to class actions in which an associated person or a member is a party.[1] (Emphasis added.)

It is evident that the NASD wanted to preserve the right for parties, including members, associated persons and investors, to pursue class action claims in court. Moreover, in approving the adoption of NASD Rule 10301(d), the SEC stated:

---

[1] SEC Release No. 34-33939, File No. SR-NASD-93-65 (April 20, 1994) 59 F.F. (April 28, 1994) (Attached as Exhibit E.)

10

Over the years, the courts have developed procedures and expertise for managing class action litigation and duplicating the often complex procedural safeguards necessary for these lawsuits is unnecessary. <u>In addition, access to the courts for class action litigation should be preserved for claims filed by members, allied members, member organizations, and associated persons against other members</u>, allied members, member organization, and associated persons, as well as for claims involving investors. Hence, this rule change should provide a sound procedure for the management of class action disputes, should promote the efficient resolution of these types of class action disputes <u>and should prevent wasteful litigation over the possible applicability of agreements to arbitrate between members, allied members, member organization, and associated persons, notwithstanding the exclusion of class actions from NASD arbitration</u>.[2]  (Emphasis added.)

It is clearly the intent and purpose of the NASD, in adopting Rule 10301(d), to preserve a party's right to proceed in court with class action claims and that such claims were not waived by virtue of a provision to arbitrate "any claim or controversy."  It was not the intent of the NASD or the SEC that a party be precluded from bringing a class action claim in court by virtue of the parties having entered into an arbitration agreement.  On the contrary, the rule was intended to prevent a party, such as defendants attempt here, from using the agreement to arbitrate as a vehicle to preclude class actions.

---

[2] <u>Id.</u>

It is equally clear that, in direct violation of NASD Rules, Respondents have sought to enforce the arbitration agreement contained in Vaughn's Settlement Agreement. In this regard, Vaughn requests NASD Dispute Resolution refer this matter to the Enforcement Division for the purpose of considering disciplinary action against Prudential for its violation of NASD Rule 10301(d)(3).

Accordingly, Vaughn respectfully requests that the arbitrators issue an order and decision declaring that Vaughn may pursue his class action claims against defendants in court and directing defendants to withdraw their objections and stipulate that the agreement to arbitrate does not preclude Claimants' right to proceed with a class action in court and, therefore, is not enforceable. Vaughn further seeks reimbursement of his filing fee, hearing deposit as well as costs and attorneys' fees incurred in bringing this action, especially given defendant Prudential's repeated violations of NASD rules in attempting to compel arbitration. Additionally, Vaughn requests that defendant Prudential's flagrant violation of NASD rules be referred for disciplinary action.

Dated: New York, New York
        May 25, 2006

                                    Respectfully submitted,

                                    LIDDLE & ROBINSON, L.L.P.


                                    By: _Blaine H. Bortnick /RA_
                                        Blaine H. Bortnick
                                    Attorneys for Claimants
                                    800 Third Avenue
                                    New York, New York 10022
                                    (212) 687-8500

12