# Exhibit M

# LIDDLE & ROBINSON, L.L.P.

## 800 THIRD AVENUE
## NEW YORK, N.Y. 10022

---

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com

MIRIAM M. ROBINSON (retired)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID I. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
JOHN A. KAROL
ANDREA M. PAPARELLA
REBECCA A. SAENGER
LISA D. SIDMAN
DAVID H. FELDSTEIN

## FACSIMILE

TO:        Gerald E. Harper, Esq.

FROM:      Blaine H. Bortnick, Esq.

DATE:      January 30, 2007

FACSIMILE NUMBER:        (212) 373-2225

OUR FACSIMILE NUMBER:        (212) 687-1505

NUMBER OF PAGES TO FOLLOW:        7

Exhibits and cases cited attached via mail only.

The information contained in this facsimile message, and any attachments, may be confidential and legally privileged, and is intended only for use by the individual(s) or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (212-687-8500), and destroy the original message. Thank you

01/30/2007  16:40 FAX  212 687 1505          LIDDLE & ROBINSON, LLP                    ☑ 002/008

# LIDDLE & ROBINSON, L.L.P.

800 THIRD AVENUE
NEW YORK, N.Y. 10022

(212) 687-8500
FACSIMILE: (212) 687-1505
www.liddlerobinson.com
E-MAIL: bbortnick@liddlerobinson.com

MIRIAM M. ROBINSON (RETIRED)

JAMES A. BATSON
BLAINE H. BORTNICK
ETHAN A. BRECHER
DAVID J. GREENBERGER
MICHAEL E. GRENERT
JAMES R. HUBBARD
JEFFREY L. LIDDLE
DAVID M. MAREK
CHRISTINE A. PALMIERI
MARC A. SUSSWEIN

JEFFREY ZIMMERMAN
STEPHEN J. STEINLIGHT
ANDREA M. PAPARELLA
REBECCA A. SAENGER
LISA D. SIDMAN
DINA N. WEINBERG
DAVID H. FELDSTEIN
AMY L. STUTIUS·

·AWAITING ADMISSION TO THE BAR

January 30, 2007

**VIA MAIL AND FACSIMILE/ (301) 527-4873**
Lewis S. Kurlantzick, Doris Lindbergh, Esq.,
     and Nathan M. Lubow
c/o Archna Curry, Case Administrator
NASD Dispute Resolution, Inc.
One Liberty Plaza
165 Broadway – 16th Floor
New York, NY 10006

Re:    Jeffrey S. Vaughn, individually and on behalf of those class members
similarly situated v. Leeds, Morelli & Brown, P.C., Leeds, Morelli &
Brown, L.L.P., Leeds & Morelli, Leeds, Morelli & Brown, Prudential
Securities, Inc., Prudential Financial, Inc., Lenard Leeds, Steven A.
Morelli, Jeffrey K. Brown, James Vagnini, Frederic David Ostrove,
Robert John Valli, Jr., DISCRIMINATION ON WALL STREET, INC.,
DISCRIMINATION ON WALL STREET MANHATTAN, INC., and
JOHN DOES, 1-10 and JANE DOES, 1-10 a fictitious designation for
presently and unknown licensed attorneys, professionals and/or unknown
persons or entities; NASD DR Arbitration No. 06-00534

Dear Mr. Kurlantzick, Ms. Lindbergh, and Mr. Lubow:

     We represent the Claimant, Jeffrey S. Vaughn ("Vaughn"). Pursuant to
the briefing schedule established during the initial pre-hearing conference on December
7, 2006, we hereby submit Mr. Vaughn's initial Pre-Hearing Brief/Motion to Dismiss
pursuant to NASD Rule 10305(a).

LIDDLE & ROBINSON, L.L.P.

The Arbitration Panel                    2                    January 30, 2007

## Preliminary Statement

In 1998, Mr. Vaughn retained the law firm of Leeds, Morelli, and Brown, P.C. (together with its individual attorneys, the "Leeds Respondents") to represent him in his claims against his employer, Prudential Securities, Inc. (together with Prudential Financial, Inc., "PSI"). On the advice of the Leeds Respondents, Mr. Vaughn reached a settlement of his claims against PSI through alternative dispute resolution. Accordingly, Mr. Vaughn and representatives of PSI entered into a Settlement Agreement and General Release (the "Settlement Agreement") on October 27, 1998. In 2004, Mr. Vaughn learned that the Leeds Respondents and PSI had entered into a secret agreement that would cap damages for PSI and allow them to settle numerous claims at once, while providing the Leeds Respondents with direct payment of attorneys' fees and an additional kickback.

Based upon these facts, Mr. Vaughn has brought a class action in the United States Federal District Court against PSI and the Leeds Respondents for common law fraud, conspiracy to defraud, aiding and abetting fraud, tortious interference with a contract, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Racketeer Influenced Corrupt Organization Act ("RICO").

## The District Court Decision

Both the Leeds Respondents and PSI brought motions to compel arbitration pursuant to an arbitration clause in the parties' Settlement Agreement. The clause reads:

> Any claim or controversy arising out of or related to this Agreement or the interpretation thereof will be settled by arbitration under the then prevailing constitution and rules of the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. Judgment based upon the decision of the arbitrators may be entered in any court having jurisdiction thereof. The governing law of this Agreement shall be the substantive and procedural law of the State of New York.

The District Court, in an Opinion and Order issued by District Court Judge Denise L. Cote on August 12, 2005 (hereinafter, the "Order," Attached as Exhibit A), stayed the federal action and compelled arbitration.

01/30/2007 16:41 FAX  212 687 1505       LIDDLE & ROBINSON, LLP                            ☑ 004/008

LIDDLE & ROBINSON, L.L.P.
The Arbitration Panel                                    3                                    January 30, 2007

## The Panel's Role Is Narrowly Defined

In the Order, Judge Cote clearly and unmistakably defines the role of the arbitration panel. The Order states:

> Here, as in Bazzle,[1] the question is "not whether the parties wanted a judge or an arbitrator to decide whether they agreed to arbitrate a matter," but rather "what kind of arbitration proceeding the parties agreed to." Bazzle, 539 U.S. at 452 (emphasis in original). This question "concerns contract interpretation and arbitration procedures," and is therefore "for the arbitrator, not the courts, to decide." Id. at 453.

In other words, the District Court held that as a threshold issue, to be decided by an arbitration panel, is whether Mr. Vaughn may proceed in court with his claims or arbitrate them. Clearing up any confusion as to what she meant, during a September 5, 2006 hearing in the federal action, Judge Cote further clarified the role of the Panel (September 5, 2006 Transcript of Proceedings in *Vaughn v. Leeds, Morelli & Brown, P.C., et al.,* S.D.N.Y. Case No. 04 Civ. 08391 (DLC), attached as Exhibit B)

> Now, the arbitrator, as I see it, could decide at least three different things and there may be more but, for instance, the arbitrator could decide that the parties had intended to disallow class actions. The arbitrator could decide that the parties had agreed to arbitrate individual claims but had reserved unto themselves the right to litigate class claims. The arbitrator could decide that the party had agreed to arbitrate all claims, individual or class claims. (Exhibit B, p. 4:1-8.)

She added:

> I ruled that it is for the arbitrator to interpret the agreement and decide what the parties' intentions were. (Exhibit B, p. 4:20-22)

Accordingly, the role of this Panel is to determine what kind of arbitration proceeding the parties agreed upon. Judge Cote did not delegate judicial decision-making to the Panel. At most, Judge Cote recognized that an arbitration panel is best suited to interpret the rules of the arbitration forum.

Mr. Vaughn never agreed to waive his right to pursue a class action, and he will testify as much. In light of this testimony, it will be clear that Respondents never obtained a knowing and voluntary waiver of Mr. Vaughn's right to seek a class action.

---

[1] Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444 (2003).

01/30/2007 16:41 FAX 212 687 1505          LIDDLE & ROBINSON, LLP          Ⓧ005/008

LIDDLE & ROBINSON, L.L.P.
The Arbitration Panel                          4                          January 30, 2007

The NASD's concern that potential plaintiffs be aware of their class action rights was made clear in a Notice to Members from 1992 that required predispute arbitration agreements with customers to contain a notice that class-action matters may not be arbitrated.

## Respondents Intentionally Mislead the Panel in Their Answers

Respondents repeatedly suggest that Mr. Vaughn is asking the Panel to "overrule" Judge Cote's Order. This is simply not the case. Judge Cote has asked the Panel to interpret the arbitration clause in the Settlement Agreement. If the Panel concludes that Mr. Vaughn did not waive his rights to pursue a class action and therefore permits Mr. Vaughn to resume his claim in court, the Panel will not be acting contrary to any order or ruling from the District Court. Rather, the Panel will have decided the precise issue presented by Judge Cote.

Responding to an attorney for PSI at the September 5, 2006 hearing, Judge Cote was firm in the explanation of the issues before the Panel:

> The issue that was in dispute and that I submitted to arbitration was for an interpretation of the arbitration agreement, and that was for the arbitrator to decide the parties' intentions. I did not rule that everything had to be subject to arbitration. I contemplated, therefore, that the arbitrator, in deciding the parties' intentions, might decide that the agreement to arbitrate does not foreclose the plaintiff from coming to court and litigating a class action. ... But, I think it would be wrong for the defendants [Leeds Respondents and PSI] to characterize it the way you are today in to court to suggest that the arbitrators' hands are bound in some way such that they couldn't rule in interpreting the parties' intent that the plaintiff has the right to come to court and proceed on a class action. (Ex. B, p. 14:16 – 15:18.) (emphasis added)

PSI's Answer outrageously contradicts this, by stating that, "[a]s a matter of law, therefore, the Panel cannot, as Vaughn requests, send him back to Court to pursue class action claims because he would necessarily be a member of any such class and he must arbitrate his individual claims." (PSI Ans. at 11.)

The Leeds Respondents' Answer is equally misleading, characterizing Mr. Vaughn's Statement of Claim as, "nothing more than another attempt to collaterally attack the District Court's Order and to override the Court's decision compelling him to arbitrate his claims." (Leeds Respondents Ans. at 12.)

Clearly, the Panel will be well within its mandate if it determines that Mr. Vaughn may proceed with his class action in District Court.

LIDDLE & ROBINSON, L.L.P.
The Arbitration Panel                          5                          January 30, 2007

### NASD Rule 10305 Is the Only Ground
### Upon Which the Panel May Dismiss This Arbitration

Rule 10305 provides only three grounds for a "dismissal of proceedings," namely: (a) to refer the parties to their judicial remedies, or to any dispute resolution forum agreed to by the parties, without prejudice to any claims or defenses available to any party, (b) as a sanction for willful and intentional material failure to comply with an order of the arbitrator(s), if lesser sanctions have proven ineffective, and (c) to honor a joint request of all the parties to dismiss the proceedings. Only one of these limited grounds applies to this case.

NASD Code of Arbitration Procedure Rule 10305(a) states:

At any time during the course of an arbitration, the arbitrators may either upon their own initiative or at the request of a party, dismiss the proceeding and refer the parties to their judicial remedies, or to any dispute resolution forum agreed to by the parties, without prejudice to any claims or defenses available to any party.

By this motion, Mr. Vaughn asks the Panel to find that, in signing the Settlement Agreement, Mr. Vaughn did not waive his right to pursue a class action. Accordingly, Mr. Vaughn respectfully requests that the Panel dismiss this proceeding pursuant to Rule 10305(a), and refer the parties to their judicial remedies in court.

Rule 10305(b) does not apply since Claimants have not failed to comply with an order of the arbitration panel. Rule 10305(c) does not apply because Claimants, of course, do not join in Respondents' request for a dismissal of his claims. Rule 10305(a) is the sole basis available for the dismissal of Mr. Vaughn's claim.

The Arbitrators' Manual sets forth various grounds for pre-hearing motions, none of which covers Respondent's motion. The Arbitrators' Manual indicates that a party may make (1) motions regarding the appropriateness of arbitration; (2) motions to dismiss because of the passage of time; (3) motions to sever or consolidate claims or parties; (4) motions to change the location of the hearing; and (5) motions to bar a respondent from presenting any facts or defenses. The Arbitrators' Manual, pp. 6-8. Again, none of these limited grounds applies to Respondents' motion. In contrast, the appropriateness of the arbitration is exactly what Mr. Vaughn is arguing here, since NASD Rule 10301(d)(1) expressly states that, "[a] claim submitted as a class action shall not be eligible for arbitration under this Code at the Association." NASD Rule 10301(d)(3) adds:

LIDDLE & ROBINSON, L.L.P.
The Arbitration Panel                    6                      January 30, 2007

No member or associated person shall seek to enforce any agreement to arbitrate against a customer, other member or person associated with a member who has initiated in court a putative class action ... with respect to any claims encompassed by the class action unless and until: (A) the class certification is denied; (B) the class is decertified; (C) the customer, other member or person associated with a member is excluded from the class by the court; or (D) the customer, other member or person associated with a member elects not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

The courts have held that putative class actions, such as Mr. Vaughn's claim, merit staying any arbitration on the same issues. In *MLDX Investments, LLC v. Parse*, the District Court in Utah refused to compel arbitration pending the outcome of class certification, even though the class action was filed five days after the motion to compel arbitration. The court concluded that, although there was no class action in existence when the motion to compel was filed, once there was a pending class action, arbitration would not be suitable according to the NASD Rules. *MLDX Investments, LLC v. Parse*, 2006 WL 1579597, at *3-4 (D. Utah June 1, 2006).

Absent a permitted dismissal motion, the NASD Code of Arbitration Procedure Rule 10305 <u>requires</u> that a hearing be held, providing (emphasis added):

(a) Any dispute, claim or controversy except as provided in Rule 10203 (Simplified Industry Arbitration) or Rule 10302 (Simplified Arbitration), **shall require a hearing unless all parties waive such hearing in writing and request that the matter be resolved solely upon the pleadings and documentary evidence.**

Respondent's motion is therefore, on its face, baseless under the NASD Rules. Respondents chose to be governed by these Rules when they drafted the Settlement Agreement. Respondents cannot now seek to avoid application of the NASD Rules. Mr. Vaughn is entitled to a hearing on his claims.

In addition, SEC Release No. 34-54360 provides further evidence of the disfavor with which the NASD views dispositive motions on the merits before a hearing. The Release proposes new rules to the NASD Code of Arbitration Procedure. The rules are both titled "Motions to Decide Claims Before a Hearing on the Merits," and are essentially identical, distinguishing only between industry and customer claims. Part (a) provides that, "Except as provided in Rule 12206 [or 13206], motions to decide a claim before a hearing are discouraged and may only be granted in extraordinary circumstances." Part (d) even provides for sanctions if the panel determines that a party

LIDDLE & ROBINSON, L.L.P.

The Arbitration Panel                          7                          January 30, 2007

filed a dispositive motion in bad faith.  This proposed rule change reinforces the NASD's
general principle that parties are entitled to a hearing.

### Conclusion

In strict accordance with the Order of the District Court and the NASD
Rules, Mr. Vaughn respectfully requests that the Panel determine that he did not waive
his rights to pursue a class action, and to refer the parties back to federal court in pursuit
of their judicial remedies.

Dated: New York, New York
       January 30, 2007

Respectfully submitted,

LIDDLE & ROBINSON, L.L.P.

By: _____
        Blaine H. Bortnick
        Jeffrey L. Liddle
        Rebecca A. Saenger
Attorneys for Claimants
800 Third Avenue
New York, New York 10022
(212) 687-8500

# Exhibit N

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.
------------------------------------------------------------- X
In the Matter of Arbitration between JEFFREY S.          :
VAUGHN, individually and on behalf of those Class
Members similarly situated,                              :

                                                        :
                    Claimants,
                                                        :

                  - against -                           :        NASD-DR Case No. 06-00534

LEEDS, MORELLI & BROWN, P.C., LEEDS,                    :
MORELLI & BROWN, L.L.P., LEEDS & MORELLI,
LEEDS, MORELLI & BROWN, PRUDENTIAL                      :
SECURITIES, INC., PRUDENTIAL FINANCIAL,
INC., LENARD LEEDS, STEVEN A. MORELLI,                  :
JEFFREY K. BROWN, JAMES VAGNINI, FREDERIC
DAVID OSTROVE, ROBERT JOHN VALLI, JR.,                  :
DISCRIMINATION ON WALL STREET, INC.
DISCRIMINATION ON WALL STREET                           :
MANHATTAN, INC., JOHN DOES, 1-10 AND JANE
DOES, 1-10, a fictitious designation for presently      :
unknown licensed attorneys, professionals and/or
unknown persons or entities,                            :

                    Respondents.                        :

------------------------------------------------------------- X


# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRUDENTIAL RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Gerard E. Harper, Esq                    Gregory B. Reilly, Esq. (Of Counsel)
Theodore V. Wells, Esq.                  Julie L. Werner, Esq. (Of Counsel)
PAUL, WEISS, RIFKIND, WHARTON            LOWENSTEIN SANDLER, P.C.
    & GARRISON LLP                          1330 Avenue of the Americas
1285 Avenue of the Americas              New York, New York 10019
New York, New York 10019

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ...................................................................................................4

ARGUMENT ....................................................................................................................10

I.   AS A MATTER OF LAW AND PUBLIC POLICY, THE PARTIES'
     AGREEMENT TO ARBITRATE MUST BE ENFORCED ...................................10

     A.   The District Court's Order That the Arbitration Agreement Is "Valid and
          Enforceable" Renders The Relief Sought By Vaughn Impermissible .................10

     B.   Vaughn May Not Avoid His Agreement To Arbitrate By Asserting A
          Class Claim ....................................................................................................14

     C.   The Clear And Unambiguous Language of the Arbitration Agreement
          Demonstrates That The Parties Intended to Arbitrate All Claims Between
          Them ...............................................................................................................19

     D.   Extrinsic Evidence Should Not Be Permitted to Vary or Contradict the
          Terms of the Arbitration Agreement .................................................................23

     E.   Public Policy Favors Enforcement Of The Parties' Arbitration Agreement .........26

II.  CLAIMANT'S RULE 10301(d)(3) "CLAIM" MUST BE DISMISSED .......................27

     A.   Rule 10301(d)(3) Does Not Provide A Cause of Action .....................................28

     B.   PSI Acted Appropriately In Enforcing Its Rights Under the Arbitration
          Agreement .......................................................................................................29

Conclusion ......................................................................................................................31

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Acquaire v. Canada Drybottling*, 906 F.Supp. 819 (E.D.N.Y. 1995)...........................................25

*Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002)...........................................18

*Adler & Shaykin v. Wachner*, 721 F.Supp. 472 (S.D.N.Y. 1988)...........................................24

*American Centennial Insurance Co. v. National Casualty Co.*, 951 F.2d 107 (6th Cir. 1991)...........................................20

*Arakawa v. Japan Network Group*, 56 F.Supp.2d 349 (S.D.N.Y. 1999)...........................................25

*Baesler v. Continental Grain Co.*, 900 F.2d 1193 (8th Cir. 1990)...........................................20

*Berger v. Cantor Fitzgerald Securities*, 967 F.Supp. 91 (S.D.N.Y. 1997)...........................................26

*Bischoff v. DirecTV, Inc.*, 180 F.Supp.2d 1097 (C.D. Cal. 2002)...........................14, 16, 27

*Bloch v. Prudential-Bache Securities*, 707 F.Supp. 189 (W.D. Pa. 1989)...........................................29

*Buckeye Check Cashing, Inc. v. Cardegna*, 126 S.Ct. 1204 (2006)...........................................19

*Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 2020 (2006)...........................................17

*Carrott v. Shearson Hayden Stone, Inc.*, 724 F.2d 821 (9th Cir. 1984)...........................................29

*Carter v. Countrywide Credit Industries Inc.*, 362 F.3d 294 (5th Cir. 2004)...........................................18

*Champ v. Siegel Trading Co., Inc.*, 55 F.3d 269 (7th Cir. 1995)...........................14, 18

*Chappel v. Laboratory Corp. of America*, 232 F.3d 719 (9th Cir. 2000)...........................................27

*Coady v. Ashcraft & Gerel*, 223 F.3d 1 (1st Cir. 2000)...........................................12

*Coleman v. Prudential Bache Securities, Inc.*, 802 F.2d 1350 (11th Cir. 1986)...........................................19

*Continental Group, Inc. v. NPS Communications, Inc.*, 873 F.2d 613 (2d Cir. 1989)...........................................12

*D.E. Frey & Co., Inc. v. Wherry*, 27 F.Supp. 2d 950 (S.D. Tex. 1998)...........................................18

*Davis v. General Foods Corp.*, 21 F.Supp. 445 (S.D.N.Y. 1937)...........................................22

*Dean Witter Reynolds, Inc. v. Byrd*, 450 U.S. 213 (1985)...........................................17

*Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975 (2d Cir. 1996)...........................................16

*Fisher v. Prudential-Bache Securities, Inc.*, 635 F.Supp. 234 (D. Md. 1986), *aff'd in part, rev'd in part*, 831 F.2d 290 (4th Cir. 1987)................................................................22

*Forness v. Cross Country Bank Inc.*, 2006 WL 7236233 (S.D. Ill. Mar. 20, 2006)....................18

*Gammaro v. Thorp Consumer Discount Co.*, 828 F. Supp. 673 (D. Minn. 1993) ...............14, 16

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991).............................................17

*Gipson v. Cross Country Bank*, 354 F.Supp.2d 1278 (M.D. Ala. 2005) .......................................18

*Government of United Kingdom v. Boeing Co.*, 998 F.2d 68 (2d Cir. 1993) ...............................20

*Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003) ........................................7, 30

*Happy Dack Trading Co., Ltd. v. Agro-Industries, Inc.*, 602 F.Supp. 986 (S.D.N.Y. 1984) ................................................................................24

*Herrington v. Union Planters Bank, N.A.*, 113 F. Supp. 2d 1026 (S.D. Miss. 2000), *aff'd*, 265 F.3d 1059 (5th Cir. 2001) ................................................................................20

*Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999)................................................................................14

*Indemnified Capital Investments, SA. v. R.J. O'Brien & Associates*, 12 F.3d 1406 (7th Cir. 1993)................................................................................28

*Lantz v. Private Satellite Television, Inc.*, 813 F.Supp. 554 (E.D. Mich. 1993)....................29

*Livingston v. Associates Finance, Inc.*, 339 F.3d 553 (7th Cir. 2003)..............................18

*Luckie v. Smith Barney, Harris Upham & Co., Inc.*, 999 F.2d 509 (11th Cir. 1993)....................22

*Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995) ........................................22, 26

*Meinrath v. The Singer Co.*, 482 F.Supp. 457 (S.D.N.Y. 1979), *aff'd*, 697 F.2d 293 (2d Cir. 1982)................................................................................25

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Georgiadis*, 903 F.2d 109 (2d Cir. 1990) ................................................................................22, 20

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983) ................................................................................26

*National Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656 (S.D.N.Y. 1991) ..............................26

*Newmont Mines, Ltd. v. Hanover Insurance Co.*, 784 F.2d 127 (2d Cir. 1986)..........................23

*Oldroyd v. Elmira Savings Bank, FSB*, 134 F.3d 72 (2d Cir. 1998)...........................................26

iii

*Omni Berkshire Corp. v. Wells Fargo Bank, N.A.*, 307 F. Supp. 2d 534 (S.D.N.Y. 2004) ..................................................................................................23

*PPG Industries, Inc. v. Webster Automobile Parts, Inc.*, 128 F.3d 103 (2d Cir. 1997) ..................................................................................................27

*PaineWebber, Inc. v. Rutherford*, 903 F.2d 106 (2d Cir. 1990) ........................22

*Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395 (1967) ..................19

*Protective Life Insurance Corp. v. Lincoln National Life Insurance Corp.*, 873 F.2d 281 (11th Cir. 1989) ......................................................................20

*Republic National Bank v. Hales*, 75 F.Supp.2d 300 (S.D.N.Y. 1999) ...............25

*Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan*, 7 F.3d 1091 (2d Cir. 1993) ...........................................................................22

*Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698 (2d Cir. 1985) ...................12

*Spicer v. Chicago Board of Options Exchange, Inc.*, 977 F.2d 255 (7th Cir. 1992) ...........29

*Steinberg v. Illinois Co., Inc.*, 635 F.Supp. 615 (N.D. Ill. 1986) .......................22

*Thompson v. Smith Barney, Harris Upham & Co., Inc.*, 709 F.2d 1413 (11th Cir. 1983) ....................................................................................................29

*Wayland Investment Fund, LLC v. Millenium Seacarriers, Inc.*, 111 F.Supp.2d 450 (S.D.N.Y. 2000) ...........................................................................24, 25

*Yaeger v. National Westminster*, 962 F.2d 1 (2d Cir. 1992) .............................26


## STATE CASES

*Chiapparelli v. Baker, Kellogg & Co.*, 169 N.E. 274 (N.Y. 1929) ......................22

*Emigrant Industrial Sav. Bank v. Willow Builders*, 48 N.E.2d 293 (N.Y. 1943) .........26

*Hayes v. County Bank*, 26 A.D.3d 465, 467 (N.Y.A.D., 2 Dept., 2006) ..............16

*Levitan v. Fanfare Media Works, Inc.*, 2003 WL 21028339 (Cal. App. 2d Dist. 2003) .........17

*Lumber Industrial, Inc. v. Woodlawn Furniture Corp.*, 274 N.Y.S.2d 813 (N.Y.A.D. 1st Dep't 1996) ................................................................................26

*Primex Intern. Corp. v. Wal-Mart Stores, Inc.*, 679 N.E.2d 624 (N.Y. 1997) ...........24

*Ranieri v. Bell Atlantic Mobile*, 304 A.D.2d 353 (N.Y.A.D. 1st Dept. 2003) ...............................17

*Rentways, Inc. v. O'Neill Milk & Cream Co.*, 126 N.E.2d 271 (N.Y. 1955) ...............................22

*Spasiano v. Provident Mutual Life Insurance Co.*, 770 N.Y.S.2d 534 (N.Y.A.D. 4th Dep't 2003) ...............................................................................................................................11

*Veliz v. Cintas Corp.*, 2005 WL 1048699 (N.D. Cal. May 4, 2005) ...............................17

*W.W.W. Associates, Inc. v. Giancontieri*, 566 N.E.2d 639 (N.Y. 1990).........................24

NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.
-------------------------------------------------------------- X
In the Matter of Arbitration between JEFFREY S.        :
VAUGHN, individually and on behalf of those Class
Members similarly situated,                            :

                          Claimants,                  :

                                                            NASD-DR Case No. 06-00534
       - against -                                    :

LEEDS, MORELLI & BROWN, P.C., LEEDS,                  :
MORELLI & BROWN, L.L.P., LEEDS & MORELLI,
LEEDS, MORELLI & BROWN, PRUDENTIAL                   :
SECURITIES, INC., PRUDENTIAL FINANCIAL,
INC., LENARD LEEDS, STEVEN A. MORELLI,               :
JEFFREY K. BROWN, JAMES VAGNINI, FREDERIC
DAVID OSTROVE, ROBERT JOHN VALLI, JR.,               :
DISCRIMINATION ON WALL STREET, INC.
DISCRIMINATION ON WALL STREET                        :
MANHATTAN, INC., JOHN DOES, 1-10 AND JANE
DOES, 1-10, a fictitious designation for presently   :
unknown licensed attorneys, professionals and/or
unknown persons or entities,                         :

                          Respondents.                :
-------------------------------------------------------------- X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRUDENTIAL RESPONDENTS' MOTION FOR JUDGMENT ON THE PLEADINGS

### INTRODUCTION

Approximately eight years ago, Jeffrey S. Vaughn ("Vaughn"), a former Prudential Securities Incorporated ("PSI") employee, executed a settlement agreement and general release of his claims against PSI in exchange for $200,000 (the "Settlement Agreement"). That Settlement Agreement includes a clear and unambiguous provision requiring the parties to arbitrate "any dispute" before the NASD or NYSE. The sole issue before this

Panel is whether Vaughn — whose individual claims, as the District Court has ruled, are indisputably subject to arbitration — may abrogate the Settlement Agreement's arbitration provision merely by asserting purported class claims. Because there is no legal or factual support for Vaughn's attempt to evade the Settlement Agreement's "valid and enforceable" arbitration provision, this Panel must reject the relief sought by Vaughn and enforce the Settlement Agreement in accordance with its plain language.[1]

As an initial matter, the District Court has already considered and rejected Vaughn's arguments. The Honorable Denise L. Cote of the U.S. District Court for the Southern District of New York has ruled that the Settlement Agreement's arbitration clause is "valid and enforceable" and compelled Vaughn's individual claim to arbitration. In doing so, the District Court held that Vaughn "clearly agreed to the arbitration of his claims." Thus, under black letter principles of *res judicata* and law of the case, Vaughn cannot relitigate these issues before this Panel. Nor can this Panel issue a ruling which contradicts the District Court's Order of reference. Because Vaughn must arbitrate his individual claims, this Panel cannot, as a matter of law, send Vaughn back to Court to litigate those claims. Indeed, the District Court has expressly warned that if Vaughn does not arbitrate his individual claims before this Panel, he will have

---

[1]    In his Statement of Claim, Vaughn has not submitted for adjudication by the NASD the claims alleged in the Amended Complaint that he filed with the District Court, although he has attached the Amended Complaint as an exhibit. Accordingly, PSI and Prudential Financial, Inc. ("Prudential Respondents") are moving for judgment on the claims asserted in Vaughn's Statement of Claim as written. Prudential Respondents are ready, however, to address: (1) the merits of Vaughn's claims as alleged in the District Court; (2) the suitability of those claims for class treatment; and (3) Vaughn's appropriateness as a class representative – if the Panel so requests. By addressing in this brief only the issues raised in the Statement of Claim, Prudential Respondents do not waive the right to respond to the merits of Vaughn's claims, to assert any defenses to such claims, or to assert their own claims related to these matters.

waived them.  Furthermore, because he must arbitrate his individual claims, Vaughn cannot properly serve as a representative plaintiff in any class action asserted in court.  Accordingly, because: (i) the District Court has already rejected the same arguments Vaughn is rehashing before this Panel; (ii) the District Court has ruled that Vaughn cannot litigate his individual claims in court; and (iii) the law does not permit Vaughn to serve as a class representative, the ruling Vaughn is seeking from this Panel is simply impermissible.  Moreover, since all of the other PSI employees that settled their employment-related claims against PSI did so in the same manner as Vaughn and signed the exact form of settlement agreement and general release as that signed by Vaughn, all other potential claimants have agreed to arbitrate their individual claims as well.  Therefore, all putative class members similarly situated to Vaughn would have their individual claims compelled to arbitration and could not serve as class representatives in any class action litigation in court.

The FAA requires that arbitration agreements be enforced according to their terms.  Thus, courts overwhelmingly have concluded that where an arbitration agreement is silent on the issue of class arbitration, a plaintiff can only arbitrate his individual claim.  The language of the parties' "valid and enforceable" arbitration agreement is broad, clear and unambiguous:  the parties agreed to arbitrate "any" disputes between them "arising out of or related to" the Settlement Agreement and to arbitrate all such claims "under" NASD and NYSE rules – rules which cannot be read so as to overcome a contractual agreement to arbitrate.  If Vaughn is permitted to litigate his claim in court, the parties' arbitration agreement (and, indeed, any arbitration agreement providing that the arbitration is to be governed by NASD or NYSE rules) would be illusory because it could be easily circumvented, at Vaughn's sole prerogative, by the mere assertion of a class claim.

3

Nothing more should be required for this Panel to rule that the parties' arbitration agreement is "valid and enforceable" (as the District Court has already done) and that Vaughn cannot evade his agreement to arbitrate. Moreover, where – as here – there is an integrated contract with clear and unambiguous terms, the parol evidence rule bars the introduction of any extrinsic evidence Vaughn may seek to introduce to vary or contradict one of the terms of the parties' arbitration agreement.

Finally, Vaughn's claim under NASD Rule 10301(d)(3) is meritless and must be denied. Rule 10301(d)(3) by its terms does not apply here. And, the law is well-settled that there is no private right of action based on an alleged violation of a Self-Regulatory Organization's rules. Moreover, PSI's motion to compel was authorized under the Federal Arbitration Act as well NASD Rules, and *granted* by the District Court. There can be no question that PSI acted appropriately in moving to enforce its bargained-for rights under the arbitration agreement and certainly no plausible argument that the District Court's order compelling arbitration was not well-grounded in law.

For these and other reasons, Vaughn's claims should be dismissed and the Panel should enter an award in favor of the Prudential Respondents.

## STATEMENT OF FACTS

Claimant Jeffrey Vaughn is a former PSI employee who, along with other former PSI employees, retained the law firm of Leeds, Morelli & Brown ("the Leeds Firm") in or around 1998 to assert employment discrimination claims against PSI. In an effort to resolve these claims expeditiously and fairly, PSI, the Leeds Firm and those employees, including Vaughn, agreed to enter into an alternate dispute resolution process. Pursuant to that process, on or about October 27, 1998, expressly upon advice of his counsel of choice, and in consideration

4

of (among other things) a payment from PSI of $200,000.00, Vaughn executed an agreement

settling and completely releasing his claims against PSI (the "Settlement Agreement").

Paragraph 4 of the Settlement Agreement provides in pertinent part (emphasis added):

> In consideration for PSI's commitment to the various arrangements described in the preceding paragraphs, and in lieu of any other benefits, as a full and final settlement, *Vaughn hereby releases and discharges PSI, its parent, divisions, subsidiaries and affiliates and their current and former directors, officers, shareholders, agents and employees, and each of their predecessors, successors, and assigns (hereinafter "the Company"), from any and all claims and causes of action* ... arising out of or related to Vaughn's employment or separation from employment ... that Vaughn, his heirs ... now have, ever had or may hereafter have, whether known or unknown, suspected or unsuspected, up to and including the date of this Agreement.

(*See* Settlement Agreement, dated October 27, 1998, attached to the Affidavit of Liza M.

Velazquez, sworn to January 30, 2007 ("Velazquez Aff."), as Exhibit ("Ex.") A.)

Nearly six years later, notwithstanding this Settlement Agreement and general

release, on October 25, 2004, Vaughn filed a putative class action complaint (amended on March

15, 2005) in the U.S. District Court for the Southern District of New York. The complaint

alleges that PSI secretly agreed in February 1998 to pay attorney's fees to the Leeds Firm, in

exchange for the Leeds Firm's agreement to cap any damages awarded to Vaughn and other

former PSI employees in connection with the dispute resolution process to which those former

PSI employees (including Vaughn) expressly agreed to submit their employment discrimination claims.[2]

*The Court Grants PSI's Motion to Compel Arbitration*

On April 22, 2005, PSI moved the District Court to compel arbitration of, and dismiss, Vaughn's claims against PSI because those claims are encompassed by the parties' broad arbitration agreement. Specifically, paragraph 14 of the Settlement Agreement provides:

> ***Any*** claim or controversy ***arising out of or related to*** this Agreement or the interpretation thereof will be settled by arbitration under the then prevailing constitution and rules of the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. Judgment based upon the decision of the arbitrators may be entered in any court having jurisdiction thereof. The governing law of this Agreement shall be the substantive and procedural law of the State of New York.

(*See* Velazquez Aff., Ex. A, at ¶ 14.)

Although Vaughn conceded that his claims against PSI were arbitrable pursuant to the Settlement Agreement, Vaughn opposed PSI's Motion to Compel. In so doing, Vaughn made precisely the same arguments before Judge Cote that he is now rehashing before this Panel -- namely, that, because the rules of the NASD and NYSE (which the Settlement Agreement expressly contemplated would govern the conduct of the parties' arbitration proceedings) do not permit class actions, Vaughn is not bound by the arbitration agreement and should be allowed to breach that agreement simply by casting his arbitrable claims as class claims. (*See* Vaughn's

---

[2]    Specifically, Vaughn's complaint asserts claims against PSI for: (1) aiding and abetting fraud by the Leeds Firm; (2) civil RICO; (3) civil RICO conspiracy; (4) tortious interference with the contract between the Leeds Firm and its clients; and (5) civil fraud conspiracy. In his complaint, Vaughn seeks disgorgement of any attorneys' fees paid to the Leeds Firm in connection with their representation of Vaughn and the putative class members, in addition to punitive and treble damages.

Memorandum of Law in Opposition to Prudential Defendants' Motion to Dismiss, dated May 24, 2005, attached to the Velazquez Aff. as Ex. B.)

The District Court rejected Vaughn's arguments. On August 12, 2005, the District Court issued an Opinion and Order granting PSI's motion to compel arbitration and staying any future litigation until the resolution of the arbitration proceedings. (*See* August 12, 2005 Opinion and Order in *Vaughn v. Leeds, Morelli & Brown, P.C., et al.*, S.D.N.Y. Case No. 04 Civ. 08391 (DLC), attached to the Velazquez Aff. as Ex. C, at 6.) Citing the Supreme Court's decision in *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), the Court ruled that, "[i]n the absence of 'clear and unmistakable evidence to the contrary' in an arbitration clause, only in limited circumstances will a court 'assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter.'" (*See* Velazquez Aff., Ex. C, at 6 (internal citation omitted).) The Court also held that "[t]he question of whether arbitration clauses 'forbid class arbitration . . . does not fall into this narrow exception' because it involves 'neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties.'" (*Id.* at 6-7 (internal citation omitted).)

Noting that the arbitration clause in the Settlement Agreement "contains 'sweeping language concerning the scope of the questions committed to arbitration,'" the Court expressly rejected Vaughn's arguments that the parties could not have intended the arbitration of his class claim because the NYSE and NASD "rules do not permit class action arbitrations." (*Id.* at 7 (internal citation omitted).) The Court pointed out that Vaughn's argument "contradicts the clear statement that the arbitration clause applies to 'any' claim or controversy related to the Agreement." (*Id.* at 8.) The Court further noted that, "[e]ven assuming that Vaughn is right, and the applicable arbitration rules do, indeed, forbid class action arbitrations under all

7

circumstances, it would be plausible to interpret the arbitration clause to require all claims to be arbitrated and to disallow class actions with no further qualifications or caveats." (*Id.* at 8.) The Court's ruling thus made clear that Vaughn must arbitrate his individual claims against PSI, but that whether the parties intended to allow class claims and, if so, in what forum those claims should be brought were questions "for the arbitrator, not the courts, to decide." (*Id.* at 8 (internal quotation omitted).) The Court also granted the Leeds Firm and related defendants' (the "Leeds Defendants") motion to compel arbitration. (*Id.* at 8-12.)

*The Court Issues a Second Order Compelling Vaughn to Arbitrate*

On December 27, 2005, following Vaughn's unsuccessful attempt to seek the same relief he now requests from this Panel from the NYSE, the District Court issued an Order affirming its August 12, 2005 Order and stating, "the case remains stayed and on the Court's suspense docket." (*See* August 12, 2005 Order in *Vaughn* v. *Leeds, Morelli & Brown, P.C., et al.*, S.D.N.Y. Case No. 04 Civ. 08391 (DLC), attached to the Velazquez Aff. as Ex. D.)

*The Instant Proceeding*

In his Statement of Claim, Vaughn does not assert the claims he submitted to the District Court. Instead, Vaughn recounts the errors that he perceives in the District Court's August 12, 2005 Opinion and Order and states that he is "submit[ting] this matter to the NASD in order to decide . . . whether Vaughn is entitled to pursue his class action claims in court, or whether . . . Vaughn may be compelled to pursue his claims individually in arbitration." (*See* Statement of Claim, dated May 25, 2006, attached to the Velazquez Aff. as Ex. E, at 6.) Specifically, in his Statement of Claim, Vaughn asks the NASD panel to "issue an order and decision declaring that Vaughn may pursue his class action claims against defendants in court and directing defendants to withdraw their objections and stipulate that the agreement to arbitrate

8

does not preclude Claimants' right to proceed with a class action in court and, therefore, is not enforceable." (*Id.* at 12.) Vaughn also seeks costs and that PSI be referred for disciplinary action for seeking to enforce its rights under the parties' arbitration agreement. (*Id.*)

*PSI Asks the Court to Enforce its Prior Orders Compelling Vaughn to Arbitrate*

On August 30, 2006, PSI moved the District Court for an Order enforcing its prior Orders compelling Vaughn to arbitrate his claims against PSI. At the September 5, 2006 conference on PSI's Motion to Enforce, the District Court stated that it found – upon review of Vaughn's prior submissions to the NYSE, the Statement of Claim submitted in this proceeding and Vaughn's August 15, 2006 letter to the NASD – Vaughn's "presentation of the legal issue" to be "inaccurate and misleading." (*See* September 5, 2006 Transcript of Proceedings in *Vaughn v. Leeds, Morelli & Brown, P.C., et al.*, S.D.N.Y. Case No. 04 Civ. 08391 (DLC), attached to the Velazquez Aff. as Ex. F, at 3:11-18.)

Most critically, the District Court stated in no uncertain terms that: (i) Vaughn had "clearly agreed to the arbitration of his claims"; and (ii) "the arbitration agreement was valid and enforceable." (*Id.* at 3:19-21.) Indeed, the District Court emphasized that these fundamental issues are "legally . . . not in dispute." (*Id.* at 3:19-21.)

The District Court noted that, in keeping with the Supreme Court decision in *Green Tree*, it "referred this matter to arbitration so that the arbitrator can decide what the intention of the parties was in entering into that arbitration agreement, including deciding what kind of arbitration proceeding the parties had agreed to." (*Id.* at 3:22-25.) The District Court then stated its view as to the range of options available to the Panel in ascertaining the parties' intention in entering into the arbitration agreement with respect to the issue of class claims:

> [T]he arbitrator, as I see it, could decide at least three different
> things and there may be more but, for instance, the arbitrator could

> decide that the parties had intended to disallow class actions. The arbitrator could decide that the parties had agreed to arbitrate individual claims but had reserved unto themselves the right to litigate class claims. The arbitrator could decide that the party had agreed to arbitrate all claims, individual or class claims.

(*Id.* at 4:1-8.) Notably <u>absent</u> from the possibilities presented by the District Court is any decision by the Panel that Vaughn is not bound to arbitrate his claims.

The District Court was careful to warn Vaughn that, even if he is ultimately successful in overturning the District Court's decision to compel arbitration upon judicial review of this Panel's award, if he does not submit his individual claims to this Panel for adjudication, it is likely that "he can't get a second bite at the apple" and "either forfeiture or waiver rules or res judicata would apply. And that's it." (*Id.* at 5:18-20.) Vaughn's counsel conceded this point. (*Id.* at 10:20-11:4.)

## ARGUMENT

### I.

### AS A MATTER OF LAW AND PUBLIC POLICY, THE PARTIES' AGREEMENT TO ARBITRATE MUST BE ENFORCED

**A.    The District Court's Order That the Arbitration Agreement Is "Valid and Enforceable" Renders The Relief Sought By Vaughn Impermissible**

Vaughn asks the Panel to rule that his arbitration agreement is not enforceable and therefore that he may pursue class claims in court because the NASD arbitration rules do not permit class actions. As the District Court noted at the September 5, 2006 hearing, Vaughn's presentation of the legal issues to the Panel in his Statement of Claim is "inaccurate and misleading." (*See* Velazquez Aff., Ex. F, at 3:11-18.)

In fact, the argument that Vaughn is now making before this Panel is exactly the same argument he presented to – and that was rejected by – the District Court. (*See* Velazquez Aff., Exs. B & C.) In its August 12, 2005 Opinion and Order, the District Court ruled (and deliberately stated during the September 5, 2006 hearing) that: (1) Vaughn has "clearly agreed to the arbitration of his claims"; and (2) the parties' arbitration agreement is "valid and enforceable" – and that these fundamental issues are "legally … not in dispute." (*See* Velazquez Aff., Ex. F at 3:19-21.) In so ruling, the District Court expressly considered Vaughn's arguments that the parties could not have intended the arbitration of his class claim because the NYSE and NASD "rules do not permit class action arbitrations." (*See* Velazquez Aff., Ex. C at 7 (internal citation omitted).)   The Court pointed out that Vaughn's argument "contradicts the clear statement that the arbitration clause applies to 'any' claim or controversy related to the Agreement." (*Id.* at 8.) The Court further noted that, "[e]ven assuming that Vaughn is right, and the applicable arbitration rules do, indeed, forbid class action arbitrations under all circumstances, it would be plausible to interpret the arbitration clause to require all claims to be arbitrated and to disallow class actions with no further qualifications or caveats." (*Id.* at 8.)

Under well-settled principles of *res judicata* and law of the case, Vaughn is bound by the District Court's Orders compelling arbitration and cannot relitigate before this Panel issues which have already been decided by the District Court.  Principles of *res judicata*, which are fully applicable in the arbitration context, "bar all claims that were or could have been raised by a party to prior litigation on the same cause of action." *In re Burmah Oil Tankers, Ltd.*, 687 F. Supp. 897, 899 (S.D.N.Y. 1988); *see also Evangelical Alliance Mission/Nihon Domei Kirisuto Kyodan v. Lockman Foundation*, 1995 WL 688958, at *2 (S.D.N.Y. Nov. 21, 1995); *Spasiano v. Provident Mut. Life Ins. Co.*, 770 N.Y.S.2d 534, 536 (N.Y.A.D. 4th Dep't 2003).  The same