UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JEFFREY S. VAUGHN, individually and on behalf of
those class members similarly situated,                                           Index No. 04 Civ. 8391 (DLC)

                                         Plaintiffs,

                              -against-

LEEDS, MORELLI & BROWN, P.C., LEEDS, MORELLI
& BROWN, L.L.P., LEEDS & MORELLI, LEEDS,
MORELLI & BROWN, PRUDENTIAL SECURITIES,
INC., PRUDENTIAL FINANCIAL, INC., LENARD
LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN,
and JOHN DOES, JAMES VAGNINI, FREDERIC
DAVID OSTROVE, ROBERT JOHN VALLI, JR.,
DISCRIMINATION ON WALL STREET, INC. and
DISCRIMINATION      ON       WALL       STREET
MANHATTAN, INC. and JOHN DOES, ESQS. 1-10 and
JANE DOES, ESQS. 1-10 a fictitious designation for
presently and unknown licensed attorneys, professionals
and/or unknown persons or entities,

                                         Defendants.
--------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW BY LEEDS DEFENDANTS IN SUPPORT OF THE
CROSS-MOTION TO CONFIRM THE ARBITRATION AWARD AND DISMISS**

                                              Rivkin Radler LLP
                                              *Attorneys for Defendants*
                                              *Leeds Morelli & Brown, P.C., (also*
                                              *incorrectly sued herein as Leeds,*
                                              *Morelli & Brown, LLP, Leeds &*
                                              *Morelli, Leeds, Morelli & Brown)*
                                              *and Jeffrey K. Brown*
                                              926 Rexcorp Plaza
                                              Uniondale, NY 11556
                                              (516) 357-3000

Of Counsel
Shari Claire Lewis

# TABLE OF CONTENTS

Page

POINT I ..................................................................................................3

    ALLEGED LACK OF EVIDENTIARY SUPPORT IN THE RECORD

    IS NOT A GROUND FOR VACATUR IN THIS JURISDICTION ...............3

POINT II ................................................................................................5

    VAUGHN CANNOT DEFEAT CONFIRMATION BY HIS

    NEWLY MINTED CLAIM UNDER SECTION 10(d).....................................5

POINT III ...............................................................................................7

    VAUGHN IMPROPERLY ASKS THIS COURT TO CONDUCT A DE

    NOVO ASSESSMENT OF THE IMPORT OF THE ARBITRATION

    RECORD ...............................................................................................7

CONCLUSION ......................................................................................10

# TABLE OF AUTHORITIES
## CASES

*Abram Landau Real Estate v. Bevona*, 1996 Dist LEXIS 17127
(S.D.N.Y. Nov. 15, 1996), aff'd, 123 F.3d 69 (2d Cir. 1997)................................1

*Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*,
579 F.2d 691 (2d Cir. 1978) ........................................................6, 8, 9

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*,
333 F.3d 383 (2d Cir. 2003) ...............................................................8

*Greenfield v. Philles Records*,
98 N.Y.2d, 562, 750 N.Y.S.2d 565 (2002)................................................9

*IBAR Ltd. v. Am. Bureau of Shipping*,
92 Fed. Appx. 820, 822 (2d Cir. 2004).................................................6

*Marcy Lee Mfg., Co. v Cortley Fabrics Co.*,
354 F.2d 42 (2d. Cir. 1965) ...............................................................3

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*,
497 F.3d 133 (2d Cir. 2007) ...............................................................4

*Ruei-Chan v. Merrill Lynch Pierce, Fenner & Smith
(In re New York Stock Exch.)*, 2004 U.S. Dist. LEXIS 18594
(S.D.N.Y. Sept. 7, 2004)................................................................3, 7

*Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*,
498 F. Supp. 2d 699 (S.D.N.Y. 2007) ...............................................5

*Sevenson Envtl. Servs. v. Sapp Battery Site Group*,
2004 U.S. Dist. LEXIS 7573 (S.D.N.Y. Apr. 29, 2004) ......................6

*The Fairchild Corp. v. Alcoa, Inc.*, 2007 U.S. Dist. LEXIS 70257
(S.D.N.Y. Sept. 14, 2007)................................................................4, 8

*Wallace v. Buttar*,
378 F.3d 182 (2d Cir. 2004) ..........................................................3, 8

*Westerbeke Corp. v. Daihatsu Motor Co.*,
304 F.3d 200 (2d Cir. 2002) ...............................................................6

## STATUTES

9 U.S.C. § 10 ............................................................................3, 5, 6

ii

This Reply Memorandum is respectfully submitted by Defendants Leeds, Morelli & Brown, P.C. and Jeffrey K. Brown (collectively "Leeds Defendants") in response to the Opposition by Plaintiff, Jeffrey S. Vaughn ("Vaughn") and in further support of their cross-motion to confirm the Arbitration Award by the National Association of Securities Dealers ("NASD") and upon confirmation, dismiss the action on the grounds that Vaughn is precluded from bringing a class action in the Federal Court.

An Arbitration Award <u>must</u> be confirmed unless it is vacated or modified under grounds permitted by the Federal Arbitration Act ("FAA") or applicable case law. *See, Abram Landau Real Estate v. Bevona*, 1996 Dist LEXIS 17127 (S.D.N.Y. Nov. 15, 1996), aff'd, 123 F.3d 69 (2d Cir. 1997) ("Upon application, courts must confirm an arbitral award unless that award is vacated, modified or otherwise corrected... upon statutory grounds listed in the Federal Arbitration Act.").

In opposing confirmation Vaughn persists in characterizing as "irrational" the decision of the arbitrators that was specifically identified by this Court as a possible outcome of the arbitration. *See,* Exhibit "B," p. 4, lines 1-8, Exhibit "E."[1]  Vaughn does so on the basis of superseded law and precedents that are inconsistent with the modern deference shown arbitration awards and in defiance of the laudable goal of arbitration that disputes be resolved with expedition and cost efficiency. [2]

---

[1] All exhibits referred to herein are annexed to the Declaration of Shari Claire Lewis, Esq., which was submitted in connection with the Leeds' Defendants opposition and cross-motion.

[2] Vaughn even goes so far as to gratuitously attempt to interject various individual Leeds' attorneys as targets of his opposition despite the fact that this Court dismissed the claims against them for lack of jurisdiction. *See,* Reply Memorandum of Law In Support of Plaintiffs' Motion to Lift the Stay, To Vacate the Arbitration Award and In Opposition to Defendants' Cross-Motion to Confirm ("Vaughn Opposition") *See also,* p. 2, Exhibit "G." Such inclusion served no purpose except to increase the cost and burden of this suit to the individuals. Nevertheless, the individuals cannot be imposed upon to respond to a motion that cannot resurrect the claims against them nor be bound by a determination that is rendered in the absence of jurisdiction over them.

1

In the Leeds Respondents' Memorandum of Law in support of the cross-motion to confirm, it was conclusively demonstrated that the law in this Circuit does not permit an arbitration award to be vacated based upon a reassessment by the Court of the quality or quantity of evidence that the arbitrators considered, i.e., based upon the arbitrator's alleged "manifest disregard of the evidence" as propounded by Vaughn. Vaughn does not dispute that Second Circuit law is unambiguous in excluding manifest disregard of the evidence as a basis to vacate an arbitral award. Instead, Vaughn attempts to refocus the inquiry away from the substance of his argument and onto the name that he has assigned to it.

Vaughn's rhetorical inconsistency is readily apparent in the opposition he submitted. For example, Vaughn simultaneously argues that "MR. VAUGHN DOES NOT ARGUE THAT THE AWARD LACKED SUPPORT OR THAT IT DEMONSTRATED MANIFEST DISREGARD OF THE EVIDENCE," and "THE AWARD WAS IRRATIONAL AND UNSUPPORTED BY THE RECORD." (Vaughn Opposition Point II and III) (emphasis added). Nevertheless, no matter how named, Vaughn's *only* claim is that the arbitrators disregarded his self-serving disclaimers of intent when determining that the objective meaning of the Settlement Agreement was that the parties waived the right to proceed with a class action in federal court.

Vaughn cannot disguise the legally deficient nature of his argument by merely altering the nomenclature that he assigns to it. Technical labels do not alter the fundamental nature of an argument. If this Court will permit a colloquialism, it has often been said "You can call a pig a horse, but that does not mean it can pull a cart."

2

## POINT I

## ALLEGED LACK OF EVIDENTIARY SUPPORT IN THE RECORD IS NOT A GROUND FOR VACATUR IN THIS JURISDICTION

No matter how the argument is described, it is the gravaman of Vaughn's argument that the Arbitration Award was not supported by the evidence and therefore need not be confirmed. To so argue, Vaughn relies on a forty year-old case, (and precedents cited therein) that has been tacitly overruled by the clear and recent pronouncements of the Second Circuit to the contrary. *Marcy Lee Mfg., Co. v Cortley Fabrics Co.,* 354 F.2d 42 (2d. Cir. 1965). *See, Wallace v. Buttar*, 378 F.3d 182 (2d Cir. 2004). ("...the Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award.")

Vaughn's argument which is "premised on decisions ...that preceded the Second Circuit's pronouncement in *Wallace*...must be rejected." *Ruei-Chan v. Merrill Lynch Pierce, Fenner & Smith (In re New York Stock Exch.)* 2004 U.S. Dist. LEXIS 18594 *22 (S.D.N.Y. Sept. 7, 2004). Indeed, the *Wallace* court made clear that to the extent that prior judicial decisions vacated arbitral awards based upon a claim of evidentiary inadequacy in reliance on pre-*Wallace* decisions. Such reliance was misplaced. *Wallace,* 378 F.3d at 191. At bar, Vaughn's argument wholly relies on obsolete law that has been superseded since *Wallace*.

The Second Circuit has recently reaffirmed its commitment to narrowly limit their review of arbitral awards to those circumstances set forth in the FAA, 9 U.S.C § 10(a) and, in rare circumstances, when there is a claim of manifest disregard of the law. It stated:

3

> Other Circuits have recognized additional, non-statutory
> bases upon which a reviewing court may vacate an
> arbitrator's award, including where the awards are
> "completely irrational." .... To the extent our sister courts
> may have broadened somewhat the path to vacatur of an
> arbitration award, we decline to wander from the narrow
> one embodied in our own jurisprudence. Thus, we will
> vacate an award only upon finding a violation of one of the
> four statutory bases, or, more rarely, if we find a panel has
> acted in manifest disregard of the law.

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC,* 497 F.3d 133, 139 (2d Cir.
2007)(Vacating the award in part based upon a finding of manifest disregard *of the law.*)

Notably, the *Porzig* Court cited to the *Wallace* opinion rejecting "manifest
disregard of the evidence" as the authority to exclude "irrationality" as a basis for
vacatur. Thus, by inference, the Second Circuit, itself, sees no distinction between the
claim of "irrationality" and "manifest disregard of the evidence."

In light of the highly deferential review owed by the Courts to arbitration
decisions, arbitrators are afforded wide discretion as to the quantity and quality of
evidence these permit and the credibility to accord such evidence. "...a Court may not
conduct a reassessment of the evidence or vacate an arbitral award because the
arbitrator's decision may run contrary to strong evidence favoring the party seeking to
over turn the award." *The Fairchild Corp. v. Alcoa, Inc.,* 2007 U.S. Dist. LEXIS 70257
*10 (S.D.N.Y. Sept. 14, 2007).

Vaughn's assertion that his argument relates to "irrationality" because it is
"unsupported by the record," does not negate the impact of the cases which reject
"manifest disregard of the evidence" as a basis for vacatur. Vaughn argues a distinction
that makes no difference. Regardless, Vaughn asks this Court to deny confirmation

4

based upon an impermissible review and assessment of the evidentiary record before the arbitral panel.

## POINT II

### VAUGHN CANNOT DEFEAT CONFIRMATION BY HIS NEWLY MINTED CLAIM UNDER SECTION 10(d)

In Vaughn's original moving Memorandum of Law in support of his motion to vacate the Arbitration Award, Vaughn expressly conceded the basis for vacatur be advanced, that the award "lacked rational foundation or support" "is not listed in Section 10 of the Federal Arbitration Act." Vaughn's Moving Memorandum of Law, P. 5. Nevertheless, in plain contradiction of that statement, Vaughn now argues, for the first time in his opposition that he is seeking relief under "Section 10(d)" which permits a court to vacate an award where it exceeds the scope of the arbitrators' authority. See, Vaughn Opposition Point IV, p. 7. Vaughn's reliance on Section 10(d) or its present iteration, 9 U.S.C. § 10(a)(4) is misplaced.[3]

It is well established that "vacatur based on an arbitrator's having exceeded his powers is rare." *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 498 F. Supp. 2d 699, 706 (S.D.N.Y. 2007). The Second Circuit has "consistently accorded the narrowest of readings to the Arbitration Act's authorization to vacate awards 'where the arbitrators exceeded their powers' ... especially where that language has been invoked in the context of arbitrators' alleged failure to correctly decide a question which all concede to have

---

[3] Not surprisingly, Vaughn depends on an invalid statutory citation. There is no longer any Section 10(d) of the FAA. However, since the substantively identical provision is now contained in Section 10(a)(4), the cases will be discussed without distinguishing between the old and the new law. However, the fact that Vaughn does not properly identify existing statutory authority in his eleventh hour statutory construct is further evidence of the absence of any good faith basis to raise it in the first instance.

been properly submitted in the first instance." *Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691, 703 (2d Cir. 1978).

At bar, despite the conclusory language used by Vaughn to characterize the dispute as one concerning the scope of the arbitrators' powers, it is plain that what is actually argued is that the arbitrators failed to correctly decide the question of whether the Settlement Agreement precluded Vaughn from proceeding with a federal class action. That question, no matter how denominated, was properly before the arbitrators. *See,* Exhibit "A," "B" and "E." *See also*, Exhibit "D," p. 11, line 18 and p. 14, line 3.

A party may not frame its claim in the guise of a request for relief pursuant to 9 U.S.C. § 10(a)(4) in an attempt to re-litigate contract issues which were decided adversely to them by the arbitration. *Sevenson Envtl. Servs. v. Sapp Battery Site Group*, 2004 U.S. Dist. LEXIS 7573, *10 (S.D.N.Y. Apr. 29, 2004). So long as the Panel's decisions are "rooted firmly in its interpretation of the Contract" including the evidence submitted by the parties, it is "immaterial" whether the Panel's interpretations are correct, as the Court does not have the power to review that interpretation. *Id.* 2004 U.S. Dist. LEXIS 7573 at *11.

Under 9 U.S.C. 10(a)(4) the only inquiry "…focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the [panel] correctly decided that issue." *Westerbeke Corp. v. Daihatsu Motor Co.,* 304 F.3d 200, 220 (2d Cir. 2002). Even in connection with a claim that an arbitrator exceeds his authority, it is nevertheless well established that an arbitrator's findings of fact are not subject to judicial challenge. *IBAR Ltd. v. Am. Bureau of Shipping,* 92 Fed. Appx. 820, 822 (2d Cir. 2004)

6

Subsection 10(a)(4) "does not exist so that a party dissatisfied with the result may attempt to destroy it, but so that the arbitrator may decide only the dispute that the parties submitted to him." *Ruei-Chan*, 2004 U.S. Dist. LEXIS 18594 at * 26 (citations omitted).

It cannot be seriously contested that the arbitrators in this matter decided the issues that were submitted to them and that Vaughn's opposition to confirmation of the award actually proceeds from his dissatisfaction with their conclusion. As delineated in the Arbitration Award, Vaughn "requested that the Panel issue an order declaring that Claimant may pursue his class action claims against Respondents in court...." *See*, Exhibit "A," Arbitration Award, p. 2 "Relief Requested." Thereafter, "after considering the pleadings, the testimony and the evidence presented..." the Arbitrators concluded that "...the Settlement Agreement, dated October 27, 1998 precludes Claimant from bringing a Class-Action in Court." *See,* Exhibit "A," p. 3 "Award." Such Award is directly responsive to the issues that *Vaughn* himself framed for the arbitrators and arises from the arbitrator's interpretation of the broad and enforceable arbitration provision in the Settlement Agreement. *See,* Exhibit "E," p. 6. *See also*, Exhibit "B," p. 4.

As such, the Award did not exceed the authority of the Arbitrations and should therefore be confirmed as a matter of law.

## POINT III

### VAUGHN IMPROPERLY ASKS THIS COURT TO CONDUCT A DE NOVO ASSESSMENT OF THE IMPORT OF THE ARBITRATION RECORD

Finally, Vaughn offers his own interpretation of the arbitration record to contradict the Leeds' Defendants submission that ample evidence exists to require

confirmation of the Arbitration Award. In do doing, Vaughn misconstrues the Leeds' Defendants argument and applicable case law.

The ability of Vaughn to "spin" testimony or contract terms one way or the other is simply immaterial to the analysis. So long as evidence exists that provides a "barely colorable basis" for the Arbitration Award, the Award must be confirmed. *Andros Compania Maritima, S.A.*, 579 F.2d at 704 (2d Cir. 1978) (Where there is "even a barely colorable justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however, persuasively, for a different result.)

The Court may not conduct an independent review of the factual record before the arbitral panel to achieve what one party may assert, and the Court may even agree, is the "correct" result. *Wallace,* 378 F.3d at 192. It is not the role of the court to substitute its judgment for those of the arbitrators. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 392-393 (2d Cir. 2003). Accordingly, the court reviews the arbitration award only for a "clear demonstration that the panel intentionally defied the law. *Id.*

A court reviewing an arbitrator's determination may look at the evidentiary record "only for the purpose of discerning whether a colorable basis exists for the panel's award so as to assure that the award cannot be said to be the result of the panel's manifest disregard of the law." *Wallace*, 378 F.3d at 193. For this reason, the Court may not conduct its own assessment of the evidence, even if the arbitrator's decision runs contrary to strong evidence submitted at the arbitration, is internally inconsistent, or even the Court's belief that the decision was misguided. *Fairchild Corp.*, 2007 U.S. Dist. LEXIS 70257 at *11.

8

Vaughn's opposition to confirmation nevertheless requests this Court to go beyond these well-established standards and accept his alternative interpretations of the evidence. For example, Vaughn completely disregards the well-established principle that the best evidence of the intent of the parties to a contract is found in the objective interpretation of the words of the contract itself. *See, e.g., Greenfield v. Philles Records*, 98 N.Y.2d, 562, 568, 569, 750 N.Y.S.2d 565 (2002). ("The best evidence of what parties to a written agreement intend is what they say in their writing.")  Vaughn therefore asks the Court to find that Vaughn's own self-serving willingness to swear to his subjective intent negates the express arbitration provision in the Settlement Agreement requiring that dispute or controversy be arbitrated under the NASD rules without any further caveat or limitation.  Vaughn likewise quibbles as to the import of his testimony as to whether he was "fully aware" of what a class action was at the time he settled his claim or whether the arbitrators properly interpreted a specific NASD rule.

However, even if such a contrary interpretation of the record may be argued (and the Leeds' Defendants remain steadfast in the interpretation of the evidence that they have identified) nevertheless, such a weighing of credibility and contract interpretation is outside the scope of this Court's inquiry.  The record demonstrates a colorable basis for the Arbitration Award and the Court need not and should not go beyond that determination.

As the Second Circuit cautioned, "It seems that as long as even a glint of hope remains for judicial interference with the merits of an arbitration award, we must regretfully anticipate continued efforts to press contentions similar to that rejected here." *Andros Compania Maritima, S.A.*, 579 F.2d at 704.  Here, where there plainly exists a

"colorable justification" that can be inferred from the record *and* the conclusion reached

by the arbitrators – that the Settlement Agreement precluded Vaughn from prosecuting a

federal class action – was expressly anticipated as a possible outcome by this Court,

Vaughn's argument that it was irrational based on outdated precedent is lacking any good

faith basis.

### CONCLUSION

Merely because Vaughn is dissatisfied with the conclusion of the arbitrators does

not mean that the Arbitration Award was "irrational," nor that it should be vacated on any

legally cognizable basis.  As such, the Arbitration Award should be confirmed and upon

confirmation, the federal action dismissed, with prejudice and without leave to replead

and for whatever further and different relief that to the Court may be just, proper and

equitable.

Dated:  Uniondale, New York
       October 24, 2007

                                 Respectfully submitted,

                                 RIVKIN RADLER LLP
                                 Attorneys for Defendants,
                                 LEEDS MORELLI & BROWN, P.C., (also
                                 incorrectly sued herein as LEEDS, MORELLI &
                                 BROWN, LLP, LEEDS & MORELLI, LEEDS,
                                 MORELLI & BROWN) and JEFFREY K.
                                 BROWN

                              By: /s/Shari Claire Lewis (SL-0527)_____
                                 926 Rexcorp Plaza
                                 Uniondale, New York 11556-0926
                                 (516) 357-3000
                                 RR File No.:  007559-00005

TO:    LIDDLE & ROBINSON, L.L.P.
       800 Third Avenue
       New York, New York 10022
       Facsimile No.:  (212) 687-1505

       PAUL, WEISS, RIFKIND, WHARTON & GARRISON
       1285 Avenue of the Americas
       New York, New York 10019-6064
       Facsimile No.:  (212) 757-3990

## TABLE OF CONTENTS

Page

**POINT I** ...........................................................................................3

    **ALLEGED LACK OF EVIDENTIARY SUPPORT IN THE RECORD**

    **IS NOT A GROUND FOR VACATUR IN THIS JURISDICTION** ...............3

**POINT II** ..........................................................................................5

    **VAUGHN CANNOT DEFEAT CONFIRMATION BY HIS**

    **NEWLY MINTED CLAIM UNDER SECTION 10(d)**...................................5

**POINT III** .........................................................................................7

    **VAUGHN IMPROPERLY ASKS THIS COURT TO CONDUCT A DE**

    **NOVO ASSESSMENT OF THE IMPORT OF THE ARBITRATION**

    **RECORD**.............................................................................................7

**CONCLUSION** ................................................................................11