UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY S. VAUGHN, individually and on behalf of those Class Members similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LEEDS, MORELLI & BROWN, P.C., LEEDS, MORELLI & BROWN, L.L.P., LEEDS & MORELLI, LEEDS, MORELLI & BROWN, PRUDENTIAL SECURITIES, INC., PRUDENTIAL FINANCIAL, INC., LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN, and JOHN DOES, JAMES VAGNINI, FREDERIC DAVID OSTROVE, ROBERT JOHN VALLI, JR., DISCRIMINATION ON WALL STREET, INC. DISCRIMINATION ON WALL STREET MANHATTAN, INC., JOHN DOES, 1–10 AND JANE DOES, 1–10 a fictitious designation for presently unknown licensed attorneys, professionals and/or unknown persons or entities, <br><br> Defendants. | 04 Civ. 08391 (DLC) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PRUDENTIAL'S CROSS-MOTION TO CONFIRM THE ARBITRATION AWARD

# <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITY ................................................................................. ii

PRELIMINARY STATEMENT .......................................................................... 1

REPLY ARGUMENT .......................................................................................... 4

I.      PLAINTIFF PROVIDES NO VALID BASIS TO PREVENT
        CONFIRMATION OF THE AWARD................................................. 4

        A.      The Award Should Be Confirmed Because "Irrationality"Is Not
                A Basis For Vacatur In This Circuit And The Award Is Well-Justified ..... 4

        B.      The Award Should Be Confirmed Because The "Exceed Their
                Powers" Standard Does Not Apply Here, As A Matter Of Law and Fact... 8

II.     THE ARBITRATION AWARD IS AMPLY SUPPORTED BY
        THE RECORDAND SHOULD BE CONFIRMED ................................. 9

CONCLUSION................................................................................................ 12

## <u>TABLE OF AUTHORITIES</u>

### CASES

Page(s)

*A. Halcoussis Shipping Ltd.* v. *Golden Eagle Liberia Ltd.*,
No. 88 CIV. 4500, 1989 WL 115941 (S.D.N.Y. Sept. 27, 1989)................................5

*Arakawa* v. *Japan Network Group*,
56 F. Supp. 2d 349 (S.D.N.Y. 1999).........................................................................11

*Banque de Paris et des Pay-Bas* v. *Amoco Oil Co.*,
No. 82 Civ. 4441, 1986 WL 7004 (S.D.N.Y. June 17, 1986)......................................5

*Banco de Seguros del Estado* v. *Mutual Marine Office, Inc.*,
344 F.3d 255 (2d Cir. 2003)................................................................................2, 8

*Campbell* v. *Cantor Fitzgerald & Co., Inc.*,
No. 98 CIV. 3973, 1998 WL 740927 (S.D.N.Y. Oct. 21, 1998) ................................11

*D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95 (2d Cir. 2006) ............................3, 9

*Detroit Coil Co.* v. *International Association of Machinists and Aerospace*
*Workers, Lodge # 82*, 594 F.2d 575 (6th Cir. 1979)........................................5

*DiRussa* v. *Dean Witter Reynolds Inc.*, 121 F.3d 818 (2d Cir. 1991)................................8

*Essex Cement Co.* v. *Italmare*, 763 F. Supp. 55 (S.D.N.Y. 1991).......................................5

*Fahnestock & Co.* v. *Waltman*, 935 F.2d 512  (2d Cir.1991)................................................8

*HSBC Bank USA* v. *Hales*, 4 Fed. Appx. 15 (2d Cir. 2001) ................................11

*Hardy* v. *Walsh Manning Securities, L.L.C.*, 341 F.3d 126 (2d Cir. 2003) ........................6

*Hoeft* v. *MVL Group, Inc.*, 343 F.3d 57 (2d Cir. 2003) ........................................8

*Hotchkiss* v. *National City Bank of N.Y.*, 200 F. 287 (S.D.N.Y. 1911) ................................7

*Klos* v. *Lotnicze*, 133 F.3d 164 (2d Cir. 1997)................................................2, 7

*Local 1199, Drug, Hospital and Health Care Employees Union,*
*RWDSU, AFL-CIO* v. *Brooks Drug Co.*, 956 F.2d 22 (2d Cir. 1992) ..........................6

*Marcy Lee Manufacturing Co.* v. *Cortley Fabrics Co.*,
354 F.2d 42 (2d Cir. 1965).....................................................................................5

*McDaniel* v. *Bear Stearns & Co., Inc.*,
196 F. Supp. 2d 343 (S.D.N.Y. 2002)......................................................................11

Page(s)

*NF&M Corp.* v. *United Steelworkers of America*,
   524 F.2d 756 (3d Cir. 1975)...................................................................5

*Porzig* v. *Dresdner, Kleinwort, Benson, North America LLC*,
   No. 06-1212-cv, 2007 WL 2241592 (2d Cir. Aug. 7, 2007) .........................5

*Postlewaite* v. *McGraw-Hill, Inc.*, 411 F.3d 63 (2d Cir. 2005) ............................7

*Primex International Corp.* v. *Wal-Mart Stores, Inc.*,
   679 N.E.2d 624 (N.Y. 1997) .................................................................10

*Prudential-Bache Securities, Inc.* v. *Caporale*,
   664 F. Supp. 72 (S.D.N.Y. 1987) ...........................................................5

*Refino* v. *Feuer Transport, Inc.*, 480 F.Supp. 562 (S.D.N.Y. 1979) ....................5

*Republic National Bank* v. *Hales*,
   75 F. Supp. 2d 300 (S.D.N.Y. 1999).......................................................11

*South East Atlantic Shipping Limited* v. *Garnac Grain Co.*,
   356 F.2d 189 (2d Cir. 1966)..................................................................6

*Sun Oil Co. of Pa.* v. *Local 8-901, Oil, Chemical, and Atomic Workers*
   *International Union, AFL-CIO*, 421 F. Supp. 1376 (E.D. Pa. 1976)...........5

*United States* v. *Oshatz*, 912 F.2d 534 (2d Cir. 1990) ....................................4, 5

*Wallace* v. *Buttar*, 378 F.3d 182 (2d Cir. 2004) ...........................................6

*Westerbeke Corp.* v. *Daihatsu Motor Co., Ltd.*,
   304 F.3d 200 (2d Cir. 2002)...............................................................6, 8

*Yusuf Ahmed Alghanim & Sons* v. *Toys "R" Us, Inc.*,
   126 F.3d 15 (2d Cir. 1997)...................................................................6

## STATUTE

9 U.S.C. § 10 ....................................................................................2, 8, 9

Defendants Prudential Securities, Inc. ("PSI") and Prudential Financial, Inc. (together "Prudential") submit this reply memorandum of law in further support of their cross-motion to confirm the unanimous arbitration award issued by the panel of three arbitrators (the "Panel") in National Association of Securities Dealers ("NASD") Arbitration No. 06-00534 (the "Award").

## PRELIMINARY STATEMENT

Plaintiff does not claim that the Award lacks support, or that the Panel acted in "manifest disregard of the evidence." (Pl.'s Opp. Br. at 2.) Nevertheless, plaintiff asserts that this Court should refuse to confirm (and instead vacate) the Award because he was "the only party" to testify before the Panel as to the parties' intent in entering into the October 27, 1998 settlement agreement (the "Settlement Agreement"). Thus, plaintiff argues, the Panel acted "irrationally" in concluding that the Settlement Agreement precludes him from bringing a class action in court. Plaintiff further argues that, in refusing to credit his testimony as the sole evidence of the parties' intent, the arbitrators "exceeded their powers" under the Federal Arbitration Act (the "FAA").

Plaintiff's desperate attempt to focus the panel only on his testimony is misplaced and incorrect, both as a matter of law and fact. As a result, this Court should confirm the Award.

*First*, as an initial matter, the Second Circuit has unequivocally rejected "irrationality" as a basis for vacatur. *Porzig* v. *Dresdner, Kleinwort, Benson, North America LLC*, No. 06-1212-cv, 2007 WL 2241592, at *4 (2d Cir. Aug. 7, 2007). But, even if "irrationality" were a valid ground on which to overturn an award, plaintiff's claim that there was no other evidence of the parties' intent before the Panel is simply

wrong. The Panel had far more than Vaughn's testimony on which to base its Award, including the pleadings, three rounds of briefs, documentary evidence such as the Settlement Agreement itself, and a hearing. Indeed, the law is clear that the plain language of the Settlement Agreement is the best evidence of the parties' intent and <u>alone</u> fully supports the Panel's decision that the Agreement precludes plaintiff from bringing a class action in court. Moreover, under well-established principles of contract construction, plaintiff's testimony is wholly irrelevant to the interpretation of the Agreement's terms. When interpreting the meaning of a fully integrated contract – as the Panel did here – "it is the objective intent of the parties that controls" as evidenced in the writing itself. *Klos* v. *Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997). "The secret or subjective intent of the parties is irrelevant." *Id.* Thus, it would be proper for the Panel to base its Award entirely on the Agreement and to disregard plaintiff's self-serving testimony.

In any event, the law is well settled that a reviewing court's role is not to reconsider the merits of an arbitrators' award, to substitute its own interpretation of a contract for that of the arbitrators, or to reassess the evidence before the arbitrators. And, neither the weight an arbitration panel accords conflicting evidence nor its credibility findings provide a basis to deny confirmation.

*Second,* the Second Circuit has made clear that the "exceeded their powers" standard under FAA Section 10(a)(4) must be accorded "the narrowest of readings" and does <u>not</u> apply to a losing party's complaint – as plaintiff asserts here – that the arbitrators reached the "wrong" result. *Banco de Seguros del Estado* v. *Mutual Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003). Rather, this limited basis for

vacatur only applies when the arbitrators rule on issues not presented to them, which plaintiff does not assert even remotely happened here.

This Panel was charged to decide whether plaintiff could bring a class action in court, notwithstanding the parties' agreement to arbitrate "any claim or controversy" related to the Settlement Agreement – an agreement which the Court has expressly found to contain "sweeping language concerning the scope of the questions committed to arbitration" and to be "valid and enforceable."[1]  On May 10, 2007, the Panel issued a unanimous Award finding that he could not. (*See* Award, dated May 10, 2007, *Vaughn* v. *Leeds, Morelli & Brown, P.C., et al.*, NASD Arbitration No. 06-00534, attached to the Velazquez Aff. as Ex. U at 3.)  Under the well-settled law of this Circuit, the Court must confirm this Award so long as there is even "a barely colorable justification for the outcome reached by the arbitrators." *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotation marks omitted).  Here, despite plaintiff's baseless contention otherwise, there is far more, as discussed above and below.

*Third*, while plaintiff would have the Court focus solely on certain snippets of his testimony to support his intent argument, his testimony in its entirety , even if it were legally relevant, can equally support the Panel's award.

In sum, plaintiff's baseless arguments do not provide any grounds for vacatur, and the Panel's Award should be confirmed.

---

[1]    *See* August 12, 2005 Opinion and Order, attached to the Affidavit of Liza M. Velazquez, sworn to September 14, 2007 ("Velazquez Aff."), as Exhibit ("Ex.") B at 7; September 5, 2006 Transcript of Proceedings, attached to the Velazquez Aff. as Ex. J at 3:19-2.

**REPLY ARGUMENT**

**I.**

**PLAINTIFF PROVIDES NO VALID BASIS
TO PREVENT CONFIRMATION OF THE AWARD**

**A.    The Award Should Be Confirmed Because "Irrationality" Is Not A Basis For
Vacatur In This Circuit And The Award Is Well-Justified**

Plaintiff claims that, because he was the only party to testify, the panel

acted irrationally in issuing its Award.  In *Porzig v. Dresdner, Kleinwort, Benson, North

America LLC*, No. 06-1212-cv, 2007 WL 2241592 (2d Cir. Aug. 7, 2007), however, the

court made clear that irrationality is <u>not</u> a basis for vacatur in this Circuit:

> Other Circuits have recognized additional, nonstatutory bases upon which
> a reviewing court may vacate an arbitrator's award, including where the
> awards are "completely irrational," "arbitrary and capricious," and
> contrary to an explicit public policy.  To the extent our sister courts may
> have broadened somewhat the path to vacatur of an arbitration award, we
> decline to wander from the narrow one embodied in our own
> jurisprudence.  Thus, we will vacate an award only upon finding a
> violation of one of the four statutory bases, or, more rarely, if we find a
> panel has acted in manifest disregard of the law.

*Id.* at *4 (citation omitted).[2]

Unable to find any support for his argument that "irrationality" remains a

valid basis for vacatur in this Circuit after *Porzig*, plaintiff asserts that this Court should

dismiss the *Porzig* court's guidance as mere dictum.  As the Second Circuit held in

*United States v. Oshatz*, 912 F.2d 534, 540 (2d Cir. 1990), however, "in some contexts

expressions of views by an appellate court must be regarded as the law of the circuit,

---

[2]    Although the arbitrators' award was vacated in *Porzig*, the Second Circuit reached
that result not because it found the award to be "irrational" but, rather, because the
arbitrators were without jurisdiction to order a party's attorney to refund a
contingency fee and, therefore, the award was in "manifest disregard of the law."  *Id.*
Plaintiff concedes that he is making no such argument here.  (Pl.'s Opp. Br. at 2.)

even though not an announcement of a holding or even of a necessary step in the reasoning leading to a holding." Significantly, the *Oshatz* court noted that "the guidance [at issue in that case] is not a tentative expression of views, but a forceful declaration." *Id.* at 541. So too here. Given the *Porzig* court's unequivocal declaration that – in express contrast to other Circuits' willingness to vacate arbitration awards that are "completely irrational," "arbitrary and capricious," or contrary to an explicit public policy – "we will vacate an award only upon finding a violation of one of the four statutory bases, or, more rarely, if we find a panel has acted in manifest disregard of the law," *Porzig,* 2007 WL 2241592, at \*4, the *Porzig* court's pronouncement should not be disregarded.[3]

---

[3]   Plaintiff bases his assertion that "[c]ourts in the Southern District have held that an arbitration award lacking in 'rational foundation or factual support' must be vacated" (Pl.'s Opp. Br. at 5) entirely on cases which predate *Porzig,* some of which do not even support the propositions for which he cites them. *See Marcy Lee Mfg. Co.* v. *Cortley Fabrics Co.*, 354 F.2d 42 (2d Cir. 1965) (holding that, under federal law, arbitrators would not have to follow rule disallowing legal expenses incurred in enforcing indemnity claims); *Essex Cement Co.* v. *Italmare*, 763 F. Supp. 55 (S.D.N.Y. 1991) (declining to vacate arbitration award); *A. Halcoussis Shipping Ltd.* v. *Golden Eagle Liberia Ltd.*, No. 88 CIV. 4500, 1989 WL 115941 (S.D.N.Y Sept. 27, 1989) (noting that Second Circuit does not recognize irrationality as a basis for vacatur); *Banque de Paris et des Pay-Bas* v. *Amoco Oil Co.*, No. 82 Civ. 4441, 1986 WL 7004 (S.D.N.Y. June 17, 1986) (acknowledging that other courts have found vacatur warranted where no evidence supports award, but finding record at issue sufficient); *Prudential-Bache Securities, Inc.* v. *Caporale*, 664 F. Supp. 72 (S.D.N.Y. 1987) (declining to vacate arbitration award); *Refino* v. *Feuer Transp., Inc.* 480 F. Supp. 562 (S.D.N.Y. 1979) (same). Plaintiff also cites to a number of cases not binding upon this Court, in which the court merely observes in dicta that an award may be vacated for irrationality or lack of evidentiary support, but declines to vacate the award at issue. *See NF&M Corp.* v. *United Steelworkers of America*, 524 F.2d 756 (3d Cir. 1975); *Sun Oil Co. of Pa.* v. *Local 8-901, Oil, Chemical, and Atomic Workers Int'l Union, AFL-CIO*, 421 F. Supp. 1376 (E.D. Pa. 1976). The only case cited by plaintiff where an arbitration award was vacated on the basis of irrationality or lack of evidentiary support, *Detroit Coil Co.* v. *Int'l Ass'n. of Machinists and Aerospace Workers, Lodge # 82*, 594 F.2d 575 (6th Cir. 1979), also is not binding upon this Court.

Nor is *Porzig* at odds with this Circuit's longstanding views. "A federal court may not conduct a reassessment of the evidentiary record . . . upon the principle that an arbitral award may be vacated when it runs contrary to strong evidence favoring the party bringing the motion to vacate." *Wallace* v. *Buttar*, 378 F.3d 182, 193 (2d Cir. 2004) (quotation marks omitted). "[A] reviewing court is bound to accept the facts considered by an arbitrator 'as those facts have been determined by the arbitrator.'" *Hardy* v. *Walsh Manning Securities, L.L.C.*, 341 F.3d 126, 131 (2d Cir. 2003) (quoting *Westerbeke Corp.* v. *Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 213 (2d Cir. 2002). "Interpretation of these contract terms is within the province of the arbitrator and will not be overruled simply because we disagree with that interpretation." *Yusuf Ahmed Alghanim & Sons* v. *Toys "R" Us, Inc.*, 126 F.3d 15, 25 (2d Cir. 1997). "The court is forbidden to substitute its own interpretation even if convinced that the arbitrator's interpretation was not only wrong, but plainly wrong." *Local 1199, Drug, Hosp. and Health Care Employees Union, RWDSU, AFL-CIO* v. *Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). "We are bound by the arbitrators' factual findings and by their interpretation of the contract and of contract law." *South East Atlantic Shipping Limited* v. *Garnac Grain Co.*, 356 F.2d 189, 192 (2d Cir. 1966).

But, even if "irrationality" were a valid basis for vacatur (which it is not), Plaintiff is simply wrong in contending that his testimony was the only evidence of "intent" before the Panel. The Settlement Agreement itself was also in evidence. And, as Prudential explained to the Panel and discussed in its moving brief, nothing other than the Settlement Agreement is appropriately considered (or required) as evidence of the parties' intent with respect to the scope of the arbitration clause. Indeed, the law is clear

that plaintiff's self-serving testimony about his intentions when he entered into the agreement almost nine years ago is wholly irrelevant to the interpretation of a fully integrated contract such as the Settlement Agreement. "The best evidence of what parties to a written agreement intend is what they say in their writing." *Postlewaite* v. *McGraw-Hill, Inc.*, 411 F.3d 63, 69 (2d Cir. 2005). "A contract has, strictly speaking, nothing to do with the personal, or individual, intent of the parties. A contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Hotchkiss* v. *National City Bank of N.Y.*, 200 F. 287, 293 (S.D.N.Y 1911); *see also Klos* v. *Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997) ("When interpreting the meaning of a contract, it is the objective intent of the parties that controls. The secret or subjective intent of the parties is irrelevant.") (citation omitted).

Indeed, contrary to plaintiff's assertion that his testimony was the only evidence before the Panel, it is undisputable that the Panel had numerous briefs, the pleadings, and documentary evidence upon which to base its Award.

**B.    The Award Should Be Confirmed Because The "Exceed Their Powers" Standard Does Not Apply Here, As A Matter Of Law and Fact**

Plaintiff argues that the Court should deny Prudential's motion to confirm and overturn the Panel's Award on grounds that the Panel "exceeded their powers" in violation of 9 U.S.C. § 10(a)(4).[4]  (Pl.'s Opp. Br. at 7-8.)  Plaintiff offers no support for this argument other than his assertion that the Panel's Award was "irrational" because it conflicts with his own interpretation of his testimony.  Once again, plaintiff's attempt to oppose confirmation lacks any legal or factual basis.

The Second Circuit has repeatedly indicated that FAA section 10(a)(4) does not apply where a party is arguing merely that the arbitrators reached an incorrect result:

> We have "consistently accorded the narrowest of readings" to the FAA's authorization to vacate awards pursuant to § 10(a)(4).  Our inquiry "focuses on whether the arbitrators had the power based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."

*Banco de Seguros del Estado* v. *Mutual Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003) (citation omitted) (quoting *Westerbeke Corp.* v. *Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 220 (2d Cir. 2002)); *accord DiRussa* v. *Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997); *see also Hoeft* v. *MVL Group, Inc.*, 343 F.3d 57 (2d Cir. 2003) ("An arbitrator exceeds his powers when he 'rule[s] on issues not presented to [him] by the parties.'") (alteration in original) (quoting *Fahnestock & Co.* v. *Waltman*, 935 F.2d 512, 515 (2d Cir.1991)).

---

[4]    Plaintiff cites to 9 U.S.C. § 10(d), a code section which no longer exists.  We assume that he is referring to what is now 9 U.S.C. § 10(a)(4).

Plaintiff does not argue that the Panel lacked the power to rule on the issue of the parties' intent in entering into the Settlement Agreement. Indeed, no such argument could be made, as this Court made clear that this was precisely the issue to be decided by the arbitrators: "I referred this matter to arbitration so that the arbitrator can decide what the intention of the parties was in entering into that arbitration agreement." (*See* Velazquez Aff., Ex. J at 3:22-25.)  Accordingly, Section 10(a)(4) does not apply.

## II.

### THE ARBITRATION AWARD IS AMPLY <u>SUPPORTED BY THE RECORD AND SHOULD BE CONFIRMED</u>

The scope of a court's review of an arbitration award is extremely limited and an arbitration award must be confirmed if there is even "a barely colorable justification for the outcome reached by the arbitrators." *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quotation marks omitted). Indeed, "the award should be confirmed if *a ground* for the arbitrator's decision can be inferred from the facts of the case." *Id.* (emphasis added) (quotation marks omitted). As Prudential has demonstrated, far beyond "barely colorable," the Award is well-supported by the record.

The Award indicates that it is based on "the pleadings, the testimony and evidence presented at the hearing." (*See* Velazquez Aff., Ex. U, at 3.) The Panel's unanimous decision that "the Settlement Agreement, dated October 27, 1998, precludes Claimant from bringing a Class Action in court," (*Id.*), is amply supported by the language of the Settlement Agreement, which provides that "[a]*ny claim or controversy arising out of or related to this Agreement* or the interpretation thereof will be settled by arbitration." (Settlement Agreement, dated October 27, 1998, attached to the Velazquez

Aff. as Ex. A, ¶ 14 (emphasis added).)  Given that parol evidence is inadmissible to contradict or vary the terms of an integrated contract, as a matter of law, nothing other than the Settlement Agreement is appropriately considered (or required) as evidence of the parties' intent with respect to the scope of the arbitration clause.  *See Primex Int'l Corp.* v. *Wal-Mart Stores, Inc.*, 679 N.E.2d 624, 627 (N.Y. 1997).

Indeed, this Court has already found that: "it would be plausible to interpret the arbitration clause to require all claims to be arbitrated and to disallow class actions with no further qualifications or caveats." (Velazquez Aff., Ex. B at 8.)  The Court also found that plaintiff's argument that his class action should be allowed in court "contradicts the clear statement that the arbitration clause applies to 'any' claim or controversy related to this Agreement." (*Id.* at 8.)  Thus, the Panel's interpretation of the Settlement Agreement as precluding plaintiff from bringing a class action in court – an agreement in which plaintiff settled only his individual claim and which makes no mention of a class claim – is entirely consistent with this Court's own reading.

Moreover, even if plaintiff's testimony could be considered relevant evidence of the parties' intent (which it cannot), as Prudential has demonstrated, in contrast to the cherry-picked statements that he relies upon, plaintiff also gave testimony which clearly supports the Panel's Award. (*See* April 23, 2007 Transcript of Proceedings, *Vaughn* v. *Leeds, Morelli & Brown, P.C. at al.*, NASD Arbitration No. 06-00534, attached to the Velazquez Aff. as Ex. T at 122:2–5, 108:8–17, 114:20–24.)  In addition to this conflicting testimony, plaintiff also made a number of statements before the Panel that reflect on his credibility.  For example, plaintiff testified that he signed a retainer agreement with his former attorneys containing statements which he knew at the time to be false. (*See id.* at

10

68:3-69:18, 70:19-25.)   Plaintiff also testified that the provision in the Settlement Agreement providing that he understood all of its terms was true at the time of signing (*see id. at* 90:15-91:8), but later asserted that he did not understand the Agreement's terms (*see id* at 94:16-95:10, 97:20-98:3).   The Panel's decision whether to credit plaintiff's testimony at all (or how much weight to give it) provides no basis on which to deny confirmation.   "A court may not review the weight the arbitration panel accorded conflicting evidence.   Nor may a court question the credibility findings of the arbitrator." *McDaniel* v. *Bear Stearns & Co.*, Inc., 196 F. Supp. 2d 343, 351 (S.D.N.Y. 2002) (citation omitted); *see also Campbell* v. *Cantor Fitzgerald & Co., Inc.*, No. 98 CIV. 3973, 1998 WL 740927, at *2 (S.D.N.Y. Oct. 21, 1998) ("[I]t [is] up to the arbitrators to make factual findings, weigh the evidence, resolve evidentiary conflicts, and assess the credibility of witnesses.").[5]

---

[5]   Plaintiff asserts that his testimony also establishes that he did not "knowingly enter the contract to the extent that he did not understand all of its terms." (Pl.'s Opp. Br. at 5 (quotation marks omitted).)   Plaintiff raised this argument in his briefing to the Panel and, as is evident from the Panel's Award, it was rejected.   Indeed, as Prudential argued to the Panel, the overwhelming majority of courts have found that the "knowing and voluntary" standard does <u>not</u> apply in evaluating the enforceability of an arbitration agreement.   (*See* Memorandum of Point and Authorities in Opposition to Claimant's Motion to Dismissed, attached to the Velazquez Aff. as Ex. Q at 8-9.)   Moreover, it is well-settled that signing a contract creates a conclusive presumption that the signer read, understood and assented to its terms.   *Republic Nat. Bank* v. *Hales*, 75 F. Supp. 2d 300, 313-14 (S.D.N.Y. 1999) ("whether or not a party to an agreement has actually read and understood all portions of an agreement, the law generally assumes that he has"), *aff'd sub nom.*, *HSBC Bank USA* v. *Hales*, 4 Fed. Appx. 15 (2d Cir. 2001); *Arakawa* v. *Japan Network Group*, 56 F. Supp. 2d 349, 352 (S.D.N.Y. 1999) ("a person who signs a contract is presumed to know its contents and to assent to them").   In any event, as Prudential has demonstrated, neither the credibility nor the weight afforded to plaintiff's testimony by the Panel in reaching its decision is subject to review by the Court.

## CONCLUSION

For the foregoing reasons, this Court should grant Prudential's cross-motion to confirm the NASD arbitration award.

Dated: October 24, 2007

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP

By: _____
Gerard E. Harper
Theodore V. Wells, Jr.
Liza M. Velazquez

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

-and-

LOWENSTEIN SANDLER, P.C.
1330 Avenue of the Americas
New York, New York 10019

Of Counsel:
Gregory B. Reilly
Julie L. Werner

Attorneys for Respondents
Prudential Securities, Inc. and Prudential Financial, Inc.