UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
JEFFREY S. VAUGHN, individually and on   :
behalf of those class members similarly  :
situated,                                :
                    Plaintiffs,          :
                                         :
          -v-                            :
                                         :
LEEDS, MORELLI & BROWN, P.C., LEEDS,     :
MORELLI & BROWN, L.L.P., LEEDS &         :
MORELLI, LEEDS, MORELLI & BROWN,  :    04 Civ. 8391 (DLC)
PRUDENTIAL SECURITIES, INC., PRUDENTIAL  :
FINANCIAL, INC., JEFFREY K. BROWN, and   :    OPINION AND ORDER
JOHN DOES, DISCRIMINATION ON WALL        :
STREET, INC. and DISCRIMINATION ON WALL  :
STREET MANHATTAN, INC., and JOHN DOES,   :
ESQS. 1-10 and JANE DOES, ESQS., 1-10 a  :
fictitious designation for presently     :
and unknown licensed attorneys,          :
professionals and/or unknown persons or  :
entities,                                :
                    Defendants.          :
                                         :
-----------------------------------------X

Appearances:
For Plaintiff:
Blaine H. Bortnick
Liddle & Robinson, L.L.P.
800 Third Avenue
New York, New York 10022

For Defendants Leeds Morelli & Brown, P.C. and Jeffrey K. Brown:
Shari Claire Lewis
Rivkin Radler LLP
926 Rexcorp Plaza
Uniondale, New York 11556

For Defendants Prudential Securities, Inc. and Prudential
Financial, Inc.:
Gerard E. Harper
Theodore V. Wells, Jr.
Liza M. Velazquez
Paul, Weiss, Rifkind, Wharton & Garrison, LLP

1285 Avenue of the Americas
New York, New York 10019-6064

Gregory B. Reilly
Julie L. Werner
Lowenstein Sandler, P.C.
1330 Avenue of the Americas
New York, New York 10019

DENISE COTE, District Judge:

Plaintiff Jeffrey S. Vaughn moves to lift the stay entered
in this action on August 12, 2005, and to vacate an arbitration
award entered May 10, 2007 by the National Association of
Securities Dealers ("NASD").  In that award, the arbitrators
determined that a settlement agreement Vaughn executed in 1998
precluded him from bringing a class action in court.  Defendants
Prudential Securities, Inc. and Prudential Financial
(collectively "Prudential"), and Leeds Morelli & Brown, P.C.,
Inc. and Jeffrey K. Brown (the "Leeds Defendants")[1], interpose no
objection to lifting the stay.  They oppose plaintiff's motion
to vacate the arbitration award, and cross-move to confirm the
award.  The stay is lifted, and the arbitration award is
confirmed.

---

[1]    According to the Leeds Defendants, the law firm in question
is called Leeds, Morelli & Brown, P.C.  The other versions of
the firm's name embodied in the caption of this case -- Leeds,
Morelli & Brown, L.L.P., Leeds & Morelli, and Leeds, Morelli &
Brown -- are incorrect.  Jeffrey K. Brown is an attorney with
the firm.

BACKGROUND

The facts giving rise to this lawsuit were discussed at some length in an August 12, 2005 Opinion and Order (the "August 2005 Opinion") granting defendants' motion to compel arbitration and staying the instant federal action.  See Vaughn v. Leeds, Morelli & Brown, P.C., 04 Civ. 8391 (DLC), 2005 WL 1949468 (S.D.N.Y. Aug. 12, 2005).  Familiarity with that Opinion is assumed.  Briefly, in 1998, Vaughn retained the law firm of Leeds, Morelli & Brown to represent him in an employment discrimination lawsuit against Prudential, his former employer. That dispute was settled through mediation, and Vaughn granted Prudential a general release of claims in exchange for $200,000. The agreement memorializing this settlement included an arbitration clause providing that "[a]ny claim or controversy arising out of or related to this Agreement or the interpretation thereof will be settled by arbitration" before the NASD.

Vaughn initiated the instant action on October 25, 2004 by filing a complaint alleging that the Leeds Defendants and Prudential had entered into a secret agreement through which Prudential would pay the Leeds Defendants' attorneys' fees in exchange for the Leeds Defendants' agreement to cap any damages awarded to Vaughn and other former Prudential employees who had submitted employment discrimination claims to dispute

resolution.  Vaughn styled this suit as a class action,
putatively brought on behalf of himself and hundreds of other
Prudential employees whose discrimination claims against the
company were adversely affected by collusion between it and the
Leeds Defendants.

Prudential moved to compel arbitration before the NASD.
Vaughn opposed the motion and argued that because NASD rules do
not permit class actions, he was not bound to prosecute this
putative class action through arbitration.  The August 2005
Opinion granted Prudential's motion, concluding that the
settlement agreement between Vaughn and Prudential included
"sweeping language concerning the scope of the questions
committed to arbitration," id. at *3 (quoting Green Tree Fin.
Corp. v. Bazzle, 539 U.S. 444, 453 (2003)), and that the
arbitration clause was enforceable.  The Opinion opined that,
even if Vaughn were correct that the arbitration rules of the
NYSE and NASD preclude class action arbitrations, "it would be
plausible to interpret the arbitration clause to require all
claims to be arbitrated and to disallow class actions with no
further qualifications or caveats."  Id.  Quoting Bazzle, the
Opinion observed that the question presented in this case is
"not whether the parties wanted a judge or an arbitrator to
decide whether they agreed to arbitrate a matter," but rather
"what kind of arbitration proceeding the parties agreed to."

Bazzle, 539 U.S. at 452.  The Opinion also compelled arbitration
of Vaughn's claims against the Leeds Defendants, finding they
were inextricably intertwined with the settlement agreement.
Finally, the Opinion stayed the action "until the resolution of
the arbitration proceedings."  Vaughn, 2005 WL 1949468, at *5.

The following facts, which concern the procedural history
of this case following the August 2005 Opinion, are undisputed.
By letter dated December 7, 2005, Vaughn moved to lift the stay
entered by the August 2005 Opinion and to continue the instant
action in federal court, because the New York Stock Exchange had
rejected his arbitration claim on the ground that it lacked
jurisdiction over the Leeds Defendants.  A volley of letters
from Prudential and the Leeds Defendants followed, essentially
arguing that Vaughn was seeking to evade his obligation to
arbitrate by asking to reinstate his federal action rather than
proceeding before the NASD and representing that the NASD was
willing to arbitrate the claims against Prudential and the Leeds
Defendants in a single proceeding.  An Order dated December 27
ruled that the case would "remain[] stayed and on the Court's
suspense docket pursuant to the Opinion and Order dated August
12, 2005."

Vaughn filed a Statement of Claim with the NASD in February
2006, requesting that

the arbitrators issue an order and decision declaring
that Vaughn may pursue his class action claims against
defendants in court and directing defendants to
withdraw their objections and stipulate that the
agreement to arbitrate does not preclude Claimants'
right to proceed with a class action in court and,
therefore, is not enforceable.

Vaughn did not seek arbitration of the merits of his claims.  On

August 31, 2006, defendants moved this Court for an order

enforcing its August 12 and December 27, 2005 orders.  At a

conference held on September 5, this Court stated that Vaughn's

presentation of legal issues to the NASD was "inaccurate and

misleading," and reiterated that "[t]he plaintiff clearly agreed

to the arbitration of his claims and I ruled that the

arbitration agreement was valid and enforceable."  Observing

that "it is for the arbitrator to interpret the agreement and

decide what the parties' intentions were," this Court laid out a

non-exclusive list of three possible outcomes of the

arbitration:

[T]he arbitrator could decide that the parties had
intended to disallow class actions.  The arbitrator
could decide that the parties had agreed to arbitrate
individual claims but had reserved unto themselves the
right to litigate class claims.  The arbitrator could
decide that the part[ies] had agreed to arbitrate all
claims, individual or class claims.

This Court made clear that it had "not rule[d] that

everything had to be subject to arbitration," and rejected

defendants' argument "that the arbitrators' hands are bound

in some way such that they couldn't rule in interpreting

the parties' intent that the plaintiff has the right to come to court and proceed on a class action."

The NASD appointed a three-member arbitration panel on November 9. In his pre-hearing motion to the panel, Vaughn argued that he had never "waived" his right to pursue a class action in federal court, and that the action should therefore be dismissed and referred back to this Court. Prudential cross-moved for judgment on the pleadings, arguing that the settlement agreement between the parties evidenced an unambiguous intent to arbitrate all claims. The panel rejected both parties' pre-hearing motions, and a hearing was held on April 23, 2007. The panel received into evidence the settlement agreement and the documents supporting both parties' pre-hearing motions, and heard oral argument from both parties as well as testimony from Vaughn.

On May 10, the arbitrators issued a unanimous award. "After considering the pleadings, the testimony and evidence presented at the hearing," the panel concluded that the settlement agreement "precludes Claimant from bringing a Class Action in court" and dismissed Vaughn's claims in their entirety. Vaughn now moves to lift the stay entered on August 12, 2005, and to vacate the panel's

decision.  The defendants agree that the stay should be lifted, and cross-move to confirm the arbitration award.

DISCUSSION

I.  Lifting the Stay

Vaughn moves to lift the stay, and defendants have interposed no objection.  The August 2005 Opinion specifically contemplated that the stay it entered would be lifted after "the resolution of the arbitration proceedings."  Vaughn, 2005 WL 1949468, at *5.  The arbitration proceedings having been completed, the motion to lift the stay is granted.

II.  Confirming the Arbitration Award

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted).  A court's review of an arbitration award is "severely limited," Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted), and the arbitral award is accorded significant deference.  Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm

the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

The Federal Arbitration Act, which the parties agree governs this dispute, provides that an arbitration award may be vacated on the basis of four statutory grounds:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition, courts in the Second Circuit may vacate an award if it exhibits a "manifest disregard of the law." Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002). A party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).

Vaughn has not met this burden, and the arbitration award must be confirmed. In support of his motion to vacate, Vaughn presents essentially the same argument in two forms. His specific arguments are, first, that the arbitration panel

exceeded its powers in contravention of 9 U.S.C. § 10(a)(4) when it ruled that he could not pursue his class action claims in court, and, second, that the award was "irrational" and subject to vacatur under Second Circuit law.

The Federal Arbitration Act allows for vacatur of an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4).  The Second Circuit has "consistently accorded the narrowest of readings to the Arbitration Act's authorization to vacate awards pursuant to § 10(a)(4)." Westerbeke Corp. v. Daihatsu Motor Co., Ltd.,304 F.3d 200, 220 (2d Cir. 2002) (citation omitted).  A court's "inquiry under § 10(a)(4) thus focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 824 (2d Cir. 1997).

In the case at bar, the arbitrators reached precisely the issue presented to them by the parties and pursuant to the August 2005 Opinion.  Accordingly, the arbitrators acted within the jurisdiction assigned them by the parties' settlement agreement, and Vaughn's challenge to the arbitrators' jurisdiction over the dispute fails.  Likewise, Vaughn's contention that the August 2005 Opinion somehow restricted the arbitrators to interpreting the parties' intent, and that the

arbitration award exceeded that restriction, is unavailing, as the Opinion granted the defendants' motion to compel arbitration without restriction.

Vaughn's second argument -- that that the arbitrators' judgment was irrational and should therefore be vacated -- also fails.  An award is not subject to attack on the ground that the arbitrators' decision is irrational.  The Second Circuit has made pellucidly clear that it recognizes only five bases for vacatur of an arbitration award: the four enumerated in the Federal Arbitration Act, and "manifest disregard of the law," see Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004), which the court has developed through its caselaw.  Very recently, the Court rejected an invitation to expand those grounds:

> Other Circuits have recognized additional, nonstatutory bases upon which a reviewing court may vacate an arbitrator's award, including where the awards are "completely irrational," "arbitrary and capricious," and contrary to an explicit public policy.  To the extent our sister courts may have broadened somewhat the path to vacatur of an arbitration award, we decline to wander from the narrow one embodied in our own jurisprudence.

Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 139 (2d Cir. 2007) (citation omitted).

To the extent Vaughn's argument turns on the sufficiency of the evidence, evidentiary determinations cannot form the basis for vacatur of an arbitration award.  Id.; see also Wallace, 378 F.3d at 193 ("[T]he Second Circuit does not recognize manifest

disregard of the evidence as [a] proper ground for vacating an
arbitrator's award") (citation omitted).[2]  Essentially, Vaughn
argues that because he was the only witness who testified at the
arbitration, and because he explicitly disclaimed any belief
that the settlement agreement precluded him from bringing a
class action in federal court, the arbitrators' could not have
found against him.  But in addition to Vaughn's testimony, the
arbitrators considered the settlement agreement and considerable
submissions from both parties.  Accordingly, "a ground for the
arbitrator's decision can be inferred from the facts of the
case," D.H. Blair & Co., 462 F.3d at 110 (citation omitted), and
the arbitrators' decision must be confirmed.

CONCLUSION

     The stay entered on August 12, 2005 is lifted.  Vaughn's
August 2, 2007 motion to vacate the arbitration award is denied,
and the Leeds Defendants' September 12, 2007 cross-motion to
confirm arbitration is granted.[3]  The Clerk of Court shall enter

---

[2]    To the extent Vaughn relies on equivocal statements
concerning the viability of an "irrationality" challenge to
arbitration awards in Marcy Lee Mfg. Co. v. Cortley Fabrics Co.,
354 F.2d 42, 44 (2d Cir. 1965), those statements do not survive
the Second Circuit's most recent pronouncement in Porzig.

[3]    Prudential filed a brief in support of the Leeds
Defendants' cross-motion to confirm the arbitration award.

judgment for the defendants and close the case.

SO ORDERED:

Dated:    New York, New York
          November 19, 2007

                                    _____
                                            DENISE COTE
                                    United States District Judge